WRIGHT, FINLAY & ZAK, LLP
Bradley T. Wibicki, Esq.
Nevada Bar No. 11321
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
bwibicki@wrightlegal.net
*Attorneys for Defendants, Red Robin Gourmet Burgers, Inc., and Red Robin International, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RED ROBIN GOURMET BURGERS, INC., a Delaware corporation; and RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>　　　　　Defendants. | **Case No.**<br><br>[District Court, Clark County, Nevada Case No. A-20-814178-C]<br><br>**DEFENDANTS RED ROBIN GOURMET BURGERS, INC. AND RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF CHRISTOPHER BRUUN AND HIS ATTORNEYS OF RECORD:

　　PLEASE TAKE NOTICE that Defendants Red Robin Gourmet Burgers, Inc. and Red Robin International, Inc. ("Defendants") hereby remove this action from the District Court of the State of Nevada for the County of Clark to the United States District Court for the District of Nevada. Defendants remove this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005), 1441, and 1446 on the following grounds:

**BACKGROUND**

　　1.　　On or about April 27, 2020, Plaintiff Christopher Bruun ("Plaintiff") filed a Complaint on behalf of himself and all others similarly situated against Defendants in the District Court of the State of Nevada for the County of Clark, entitled *Christopher Bruun v. Red Robin*

*Gourmet Burgers, Inc., et al.*, Case No.: A-20-814178-C (hereinafter the "Complaint" in the "State Court Action").

2. Defendant Red Robin Gourmet Burgers, Inc.'s registered agent was served with a summons and a copy of the Complaint on April 29, 2020.

3. Defendant Red Robin International, Inc.'s registered agent was served with a summons and a copy of the Complaint on April 30, 2020.

4. True and accurate copies of the notices of service from Defendants' registered agent at attached here to as **Exhibit A**. A copy of the Complaint and summons served upon Defendants are attached hereto as **Exhibit B**. Copies of all other pleadings and orders in the State Court Action are also included in **Exhibit B**.

5. Defendants operate and franchise Red Robin Gourmet Burgers and Brews ("Red Robin") restaurants throughout the United States. (**Exhibit C**, Declaration of Deena DePhilips ("DePhilips Decl.") at ¶ 3); (Compl., ¶11.) At the end of 2019, there were 556 Red Robin restaurants in 44 states in the United States and one Canadian province. (**Exhibit C**, DePhilips Decl., ¶ 3); (Compl., ¶11.) In the Complaint, Plaintiff alleges that Defendants are overcharging their customers, including Plaintiff and class members, for Stella Artois beer. Plaintiff alleges Defendants represent that they are selling 16-ounce servings of Stella Artois beer, when in fact Defendants are serving Stella Artois beer in chalices that can contain, at most, 14 ounces of beer. (Compl., ¶¶ 11-22.)

6. Plaintiff asserts four causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of the consumer fraud and deceptive trade practices acts of the various states where Defendants have restaurants; and (4) unjust enrichment (pled in the alternative).

7. Plaintiff seeks to represent a class consisting of "[a]ll individuals in the United States who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces. Excluded from the class are: (1) Defendants' current and former employees, officers, and directors; (2) the Judge to whom this case is

assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person."  (Compl., ¶ 27.)

8. Plaintiff seeks several forms of relief, including (a) temporary, preliminary, and permanent injunctive relief; (b) judgment for damages in excess of $15,000; (c) judgment for punitive damages according to proof; (d) an award of interest as provided by law; and (e) attorney's fees and costs.  (Compl., Prayer for Relief.)

9. Based upon the allegations of the Complaint and for the reasons discussed below, Defendants timely remove this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d) and 1453.

## BASIS FOR FEDERAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

10. This action is removable to this Court because CAFA provides federal diversity jurisdiction over Plaintiff's putative class action.

11. This action qualifies as a "class action" under CAFA.  The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332 (d)(1)(B).  Plaintiff brought this case as a putative class action and seeks to certify a class under rule 23 of the Nevada Rules of Civil Procedure.  (Compl., ¶ 27.)

12. CAFA provides that a class action against a non-governmental entity may be removed to federal court if (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy exceeds $5 million; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant.  28 U.S.C. § 1332 (d)(2,) (d)(5), (d)(6), and § 1453(b).  As shown below, this action satisfies each of those requirements.

**Plaintiff Proposes a Class of More than 100 Persons**

13. Plaintiff seeks to assert the claims on behalf of himself and a proposed class of "[a]ll individuals in the United States who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces." (Compl., ¶ 27.)

14. Plaintiff alleges upon information and belief that "the Class is comprised of thousands of individuals, and is so numerous that joinder of all members is impracticable." (Compl., ¶ 28.)

15. Accordingly, based on Plaintiff's allegations the putative class exceeds the 100 member threshold set by 28 U.S.C. § 1332 (d)(5)(B).

**The Amount in Controversy Exceeds $5 Million**

16. Under CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." (Staff of S. Comm. on the Judiciary, 109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005)). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. (*Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")).

17. Additionally, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Defendants deny Plaintiff's allegations of liability, injury, and damages, and Defendants do not believe that Plaintiff is entitled to any relief. However, based on the allegations in Plaintiff's Complaint, the aggregate amount in controversy in this case exceeds $5 million. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199,

1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."). Defendants "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

18. As detailed more fully in the Complaint, Plaintiff alleges Defendants wrongfully obtained money to which they are not entitled by charging Plaintiff and the purported class members for 16 ounces of Stella Artois beer, but knowingly providing them with less than 16 ounces. (*See* Compl., at ¶¶ 62-65.) Among other things, Plaintiff seeks damages based on Defendants' alleged violations of statutory consumer protection laws and based on the alleged benefit retained by Defendants for their wrongful conduct (*i.e.*, the amount of overpayment). (Compl., ¶¶ 47, 62.)

19. As asserted by Plaintiff, Defendants operate and franchise 556 Red Robin restaurants throughout the United States and Canada. (**Exhibit C**, DePhilips Decl., ¶ 3); (Compl., ¶ 11.) Out of these 556 Red Robin restaurants, 454 were corporate owned. (**Exhibit C**, DePhilips Decl., ¶ 3.); (Compl., ¶11.) From at least 2016 until the present, all corporate owned Red Robin restaurants have been required to sell Stella Artois beer on draft. (**Exhibit C**, DePhilips Decl., ¶ 4.) From 2016 until the present, Defendant Red Robin International has sold over $16,000,000 worth of draft Stella Artois beer in the corporate owned locations. (**Exhibit C**, DePhilips Decl., ¶ 5.)

20. As asserted by Plaintiff, there are also 102 locations operated by franchisees. (Compl., ¶ 11.) Plaintiff's proposed class includes individuals who dined at franchised locations. (Compl., ¶ 27.) Accordingly, the sales numbers are higher with the numbers from the franchised locations.

21. The proposed class and the number of restaurants involved, the fact that all of the corporate restaurants were required to carry Stella Artois on tap, and the dollar figure associated with the Stella Artois draft beer sales in corporate owned locations for the past four years – which number would increase with the franchised location data – satisfies CAFA's

22. requirement for showing that the estimate of the total amount put in controversy in the Complaint exceeds the $5 million amount-in-controversy requirement.

22. Further, Plaintiff seeks to recover his attorneys' fees, which also contributes to the alleged amount in controversy. (Compl., Prayer For Relief, ¶ E.) *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)) (Court should include the amount of attorneys' fees Plaintiff will claim, aggregated on a class-wide basis, in determining the amount-in-controversy requirement.)

23. Accordingly, removal of this matter is appropriate because CAFA jurisdiction has been established.

**This Action is Diverse under CAFA**

24. CAFA requires only minimal diversity, meaning that jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(2)(A). To determine whether minimal diversity exists, the citizenship of all class members (including putative), both named and unnamed, are considered. 28 U.S.C. § 1332 (d)(1)(D). Here, minimal diversity exists between Defendants and the members of the putative class under 28 U.S.C. § 1332 (d)(2)(A).

25. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1).

26. Plaintiff alleges he is a natural person and resident and citizen of Colorado. (Compl., ¶ 3.)

27. Defendant Red Robin Gourmet Burgers, Inc. is a Delaware corporation with its principal place of business located in Greenwood Village, Colorado. (Compl., ¶ 4.) Accordingly, Red Robin Gourmet Burgers, Inc. is a citizen of Delaware and Colorado.

28. Defendant Red Robin International, Inc. is a Nevada corporation with its principal place of business located in Greenwood Village, Colorado. (Compl., ¶ 5.) Accordingly, Red Robin International, Inc. is a citizen of Nevada and Colorado.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO
28 U.S.C. §§ 1332, 1441, AND 1446

73624243.5

29.     Although Plaintiff and Defendants are all Colorado citizens, diversity exists under CAFA based on the proposed class definition which includes "**All individuals in the United States** who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces." (Compl., ¶ 27.) (emphasis added). As stated above, Plaintiff alleges that "the Class is comprised of thousands of individuals," and Defendants operate restaurants in 44 different states in the United States and one Canadian province. (Compl., ¶ 28; DePhilips Decl., ¶ 4.)

30.     Given the alleged size of the class and the fact that Plaintiff's proposed class includes "all individuals in the United States," on information and belief, at least one class member is a citizen of a state other than Nevada, Colorado, or Delaware. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019), *cert. denied*, No. 19-802, 2020 WL 1496636 (U.S. Mar. 30, 2020) (holding "a defendant's allegations of citizenship may be based solely on information and belief.").

31.     Accordingly, minimum diversity jurisdiction exists under CAFA.

## OTHER PROCEDURAL REQUIREMENTS

32.     Upon receiving a file-stamped copy of this Notice of Removal, a file-marked copy of this Notice of Removal and the accompanying filings will be served upon counsel for Plaintiff and filed with the Clerk of the District Court of the State of Nevada for the County of Clark, as required by 28 U.S.C. § 1446(d).

33.     This Notice of Removal is timely-filed under 28 U.S.C. § 1446(b) because Defendant Red Robin Gourmet Burgers, Inc.'s registered agent was served with a summons and a copy of the Complaint on April 29, 2020, and Defendant Red Robin International, Inc.'s registered agent was served with a summons and a copy of the Complaint on April 30, 2020. Thus, Defendants are filing this Notice of Removal within 30 days of service of the summons and Complaint.

34.     This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

73624243.5

35. Defendants authorized the undersigned attorneys to sign and file this Notice of Removal.

## CONCLUSION

Defendants Red Robin International, Inc. and Red Robin Gourmet Burgers, Inc. respectfully request that the action captioned as *Christopher Bruun v. Red Robin Gourmet Burgers, Inc., et al.*, Case No.: A-20-814178-C, pending in the District Court of the State of Nevada for the County of Clark, be removed to this Court, and that this Court exercise subject-matter jurisdiction over this action, and for such other relief as the Court may deem just and proper.

DATED this 19th day of May, 2020.         WRIGHT, FINLAY & ZAK, LLP

*/s/Bradley T. Wibicki*
Bradley T. Wibicki, Esq.
Nevada Bar No. 11321
7785 W. Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendants, Red Robin Gourmet Burgers, Inc., and Red Robin International, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 19th day of May, 2020, a true and correct copy of the foregoing **DEFENDANTS RED ROBIN GOURMET BURGERS, INC. AND RED ROBIN INTERNATIONAL, INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** was transmitted electronically through the Court's e-filing electronic system to the attorney(s) associated with this case.

*/s/ Jason Craig*
An Employee of WRIGHT, FINLAY & ZAK, LLP

**EXHIBIT LOG**

| DOCUMENT | EXHIBIT |
|---|---|
| Notices of Service | A |
| All Pleadings and Orders in the State Court Action | B |
| Declaration of Deena DePhilips | C |