# Exhibit B

# All Pleadings and Orders in the
# State Court Action

Electronically Issued
4/27/2020 10:20 AM

**SUMM**
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Plaintiff Christopher Bruun*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN GOURMET BURGERS, INC., a Delaware corporation; and RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>Defendants. | Case No. A-20-814178-C<br>Dept. No.<br><br>**SUMMONS**<br><br>**RED ROBIN GOURMET BURGERS, INC.** |

**THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT: NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

Date Served: 4/29/2020
Time Served: 1350
CSC Server: DS
4505781





BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

     b.   Serve a copy of your response upon the attorney whose name and address is shown below.

2.   Unless you respond, your default will be entered upon application of the plaintiff, and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.   If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issued at the direction of:

/s/ Dennis L. Kennedy
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Plaintiff Christopher Bruun*

STEVEN D. GRIERSON
CLERK OF COURT

By: _____     4/27/2020
DEPUTY CLERK                    Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Electronically Filed
4/28/2020 10:15 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
\*\*\*\*

| | |
|---|---|
| Christopher Bruun, Plaintiff(s) | Case No.:   A-20-814178-C |
| vs. | |
| Red Robin Gourmet Burgers, Inc., | Department 9 |
| Defendant(s) | |

**NOTICE OF HEARING**

Please be advised that the Plaintiff's Motion for Class Certification and Appointment of Class Counsel in the above-entitled matter is set for hearing as follows:

**Date:**       June 08, 2020

**Time:**       Chambers

**Location:**   RJC Courtroom 11B
Regional Justice Center
200 Lewis Ave.
Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:   /s/ Ondina Amos
      Deputy Clerk of the Court

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:   /s/ Ondina Amos
      Deputy Clerk of the Court

Electronically Filed
4/27/2020 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP (CIV)**
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Plaintiff Christopher Bruun*

CASE NO: A-20-814178-C
Department 9

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN GOURMET BURGERS, INC., a Delaware corporation; and RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>Defendants. | Case No.<br>Dept. No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Exempt from Arbitration** (NAR 3(A) –<br>**Class Action; Equitable Relief Sought)**<br><br>**Jury Trial Demanded** |

Plaintiff Christopher Bruun ("Plaintiff") brings this action individually, and on behalf of all others similarly situated, by and through counsel, against Defendants Red Robin Gourmet Burgers, Inc. and Red Robin International, Inc. (collectively, "Defendants"), and hereby alleges as follows:

## INTRODUCTION

1.      Defendants operate the casual dining restaurant chain known under the trade name Red Robin Gourmet Burgers and Brews ("Red Robin Restaurants").

2.      Red Robin Restaurants falsely represent the number of ounces of Stella Artois beer served in their Stella Artois chalices, thereby overcharging their customers for each glass of beer.

## PARTIES

3.      Plaintiff Christopher Bruun is a natural person and resident and citizen of Colorado.

Page **1** of **12**

4.      Defendant Red Robin Gourmet Burgers, Inc. ("RRGBI") is a Delaware corporation with a principal place of business located at Greenwood Village, Colorado.

5.      Defendant Red Robin International, Inc. ("RRII") is a Nevada corporation and wholly-owned subsidiary of RRGBI. RRII's principal place of business is in Greenwood Village, Colorado.

## JURISDICTION AND VENUE

6.      This Court has general personal jurisdiction over RRII because it is a Nevada corporation.

7. .      This Court also has general personal jurisdiction over RRGBI because it controls the actions of RRII.

8.      Further, Defendants have intentionally availed themselves of this jurisdiction because they regularly conduct business in Nevada and have availed themselves of Nevada laws by operating restaurants in this jurisdiction where the complained-of conduct has occurred.

9.      This Court has subject matter jurisdiction over this action because Defendants operate restaurants in this jurisdiction where the complained-of conduct has occurred.

10.     Venue is proper in this District because Defendants operate restaurants in this District where the complained-of conduct has occurred.

## FACTUAL BACKGROUND

11.     RRGBI, through RRII, operates and franchises Red Robin Restaurants throughout the United States. At the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States and one Canadian province.[1] Out of these 556 Red Robin Restaurants, 454 were Company owned and 102 were operated by franchisees.[2]

12.     In addition to their many hamburger offerings, Red Robin Restaurants offer and sell a variety of drinks, including local and imported beers.

13.     Stella Artois ("Stella") is a brand of imported beer from Belgium.

---

[1]   *See* https://sec.report/Document/0001171759-20-000008/ (RRGBI's 10-K Report filed Feb. 25, 2020, at Part I, Item 1, Business Overview) (last accessed Apr. 7, 2020).

[2]   *Id.*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

14.     The menu at Red Robin Restaurants lists for sale Stella beer in varying amounts of ounces, one of which being 16 ounces of Stella beer. The Red Robin Restaurants' menu lists the 16 ounce Stella beer as having 190 calories.

15.     The Red Robin Restaurants' Nutritional Guide lists nutritional information for Stella beer in varying sizes, including 16 ounces of Stella beer.[3] This Nutritional Guide lists the 16 ounce Stella beer as having 190 calories.

16.     Red Robin Restaurants serve Stella beer in specially crafted chalices that have the Stella Artois logo and a gold rim ("Stella chalice"). Each Stella chalice has a "fill line" etched into the glass, which is labelled pursuant to the Metric system in centiliters. This "fill line" is located some distance below the top rim of the chalice, and there is no marking on the chalice to indicate the amount of liquid that the chalice holds in the space above the 33 centiliter "fill line" up to the rim of the chalice.

17.     Defendants market and sell "16 ounces" of Stella beer in their Red Robin Restaurants in a Stella chalice that has a "fill line" of 33 centiliters.  All of the Stella chalices that have a "fill line" of 33 centiliters are uniformly designed and manufactured to the same volume specifications, and they all hold the same volume of liquid in them.

18.     All of the Stella chalices that have a "fill line" of 33 centiliters hold a maximum amount of 14 ounces of liquid in them when they are filled to the top rim of the chalice with liquid.

19.     Unbeknownst to Plaintiff and Class members, when they order, purchase, and receive a "16 ounce" Stella beer at a Red Robin Restaurant, they are not receiving what they ordered and paid for, as it is not feasible for them to calculate the amount of liquid that the Stella chalice holds in the space above the 33 centiliter "fill line" up to the rim of the chalice.

20.     Pursuant to the franchise agreement, the franchisees operate the Red Robin Restaurants under business formats, methods, procedures, designs, layouts, standards, and specifications created and distributed by Defendants.  Defendants developed and proscribed mandatory specifications, standards, operating procedures, and rules for all of the Red Robin

---

[3]   *See* https://www.redrobin.com/pages/nutrition/ (last visited Apr. 6, 2020).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  Restaurants—including the restaurants owned by franchisees—and Defendants direct, monitor, and

2  control the operation of all Red Robin Restaurants.

3       21.    Defendants' foregoing uniform standards and guidelines required all Red Robin

4  Restaurants to (a) have the same menu representing that Stella beer is sold in a 16 ounce volume,

5  and (b) serve the "16 ounce" Stella beer in the same Stella chalices that have a "fill line" of 33

6  centiliters.

7       22.    Thus, all Red Robin Restaurants are overcharging their customers, including

8  Plaintiff and Class members, for Stella beer by representing that they are selling 16 ounces of Stella

9  beer, when in fact they are providing their customers, including Plaintiff and Class members, with,

10  at most, 14 ounces of beer.

## FACTS RELEVANT TO PLAINTIFF

12       23.    Plaintiff dined at Red Robin Restaurants at various times in 2019 and 2020, during

13  which Plaintiff ordered a 16 ounce Stella beer, as represented by Defendants.

14       24.    Plaintiff was served his "16 ounce" Stella beers in a Stella chalice that was etched

15  with a "fill line" of 33 centiliters.

16       25.    Defendants charged, and Plaintiff paid, for 16 ounces of Stella beer.

17       26.    However, Plaintiff received, at most, 14 ounces of Stella beer.

## CLASS ALLEGATIONS

19       27.    **Class Definition**: Plaintiff brings this action pursuant to NRCP 23, on behalf of a

20  nationwide class of similarly situated individuals and entities (the "Class"), defined as follows:

21       All individuals in the United States who, during the applicable statute

22       of limitations, dined in a Red Robin Gourmet Burgers and Brews

23       restaurant and paid for 16 ounces of Stella Artois beer that was served

24       in a Stella chalice with a maximum capacity of 14 ounces.  Excluded

25       from the Class are: (1) Defendants' current and former employees,

26       officers, and directors; (2) the Judge to whom this case is assigned and

27       the Judge's immediate family; (3) any person who executes and files a

28       timely request for exclusion from the Class; (4) any persons who have

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

28.   **Numerosity and Ascertainability**: Upon information and belief, the Class is comprised of thousands of individuals, and is so numerous that joinder of all members is impracticable.  For example, Red Robin Restaurants' total revenue for 2019 was $1.2 billion.[4] While the exact number of Class members is presently unknown and can only be ascertained through discovery, Class members can be identified through Defendants' records, Class members' records, or by other means.

29.   **Commonality and Predominance**: There are several questions of law and fact common to the claims of the Plaintiff and members of the Class which predominate over any individual issues, including:

(a)   Whether Defendants made misrepresentations and omissions with respect to the number of ounces of Stella beer they serve when a customer orders a 16 ounce Stella beer;

(b)   Whether Defendants engaged in unfair and deceptive conduct as described herein;

(c)   Whether Defendants breached contracts with their customers when they offered for sale 16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces of beer;

(d)   Whether Defendants were unjustly enriched when they charged their customers for 16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces of beer; and

(e)   Whether Defendants are liable for the damages suffered by Plaintiff and Class members.

---

[4]   *See* https://sec.report/Document/0001171759-20-000008/ (RRGBI's 10-K Report filed Feb. 25, 2020, at Part II, Item 6, Selected Financial Data) (last accessed Apr. 7, 2020).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

30.     **Typicality**: Plaintiff's claims are typical of the claims of the Class.  All claims are based on the same legal and factual issues. Plaintiff and each of the Class members were customers of Red Robin Restaurants.  Defendants' conduct was uniform to Plaintiff and all Class members.

31.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

32.     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. The trial and the litigation of Plaintiff's and Class members' claims are manageable.

## COUNT I

### Breach of Contract

33.     Plaintiff repeats and realleges the above allegations as though fully set forth herein.

34.     Plaintiff brings this Count individually, and on behalf of the Class.

35.     Defendants offered 16 ounces of Stella beer for sale to customers dining in their Red Robin Restaurants.

36.     Plaintiff and Class members dined at Red Robin Restaurants, accepted Defendants' offer, and ordered and purchased 16 ounces of Stella beer.

37.     Defendants breached their contract with Plaintiff and Class members when they provided Stella beer to Plaintiff and Class members in Stella chalices that can hold, at most, 14 ounces of liquid.

38.     As a result of Defendants' breaches, Plaintiff and Class Members have sustained damages in an amount in excess of $15,000.

## COUNT II

### Breach of the Implied Covenant of Good Faith and Fair Dealing

39.     Plaintiff repeats and realleges the above allegations as though fully set forth herein.

40.     Plaintiff brings this Count individually, and on behalf of the Class.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

41.      Defendants offered 16 ounces of Stella beer for sale to customers dining in their Red Robin Restaurants.

42.      Plaintiff and Class members dined at Red Robin Restaurants, accepted Defendants' offer, and ordered and purchased 16 ounces of Stella beer.

43.      As a result of the contract, Defendants owed Plaintiff and Class Members a duty of good faith and fair dealing.

44.      Defendants breached the implied covenant of good faith and fair dealing with Plaintiff and Class members when they provided Stella beer to Plaintiff and Class members in Stella chalices that can hold, at most, 14 ounces of liquid—depriving Plaintiff and Class Members of their justified expectations.

45.      As a result of Defendants' breaches, Plaintiff and Class Members have sustained damages in an amount in excess of $15,000.

## COUNT III

### Violation of the Consumer Fraud and Deceptive Trade Practices Acts
### of the Various States Where Defendants have Restaurants

46.      Plaintiff repeats and realleges the above allegations as though fully set forth herein.

47.      Plaintiff brings this Count individually, and on behalf of the Class, for violations of the respective statutory consumer protection laws, as follows:

(a)      The Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

(b)      The Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.*;

(c)      The Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

(d)      The Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

(e)      The California Unfair Competition Law, Cal.Bus. & Prof. Code §§ 17200, *et seq.* and 17500, *et seq.*;

(f)      The California Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*;

(g)      The Colorado Consumer Protection Act, C.R.S.A. § 6-1-101, *et seq.*;

1    (h)    The Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a, *et seq.*;

2    (i)    The Delaware Consumer Fraud Act, 6 Del. C. § 2511, *et seq.*;

3    (j)    The Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201,

4            *et seq.*;

5    (k)    The Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

6    (l)    The Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

7    (m)    The Ohio Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

8            501/1, *et seq.*;

9    (n)    The Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

10    (o)    The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann.

11            § 714H.1, *et seq.*;

12    (p)    The Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

13    (q)    The Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

14    (r)    The Louisiana Unfair Trade Practices and Consumer Protection Law,

15            LSA-R.S. 51:1401, *et seq.*;

16    (s)    The Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

17    (t)    The Maryland Consumer Protection Act, MD Code, Commercial Law,

18            § 13-301, *et seq.*;

19    (u)    The Massachusetts Regulation of Business Practices for Consumers

20            Protection Act, M.G.L.A. 93A, *et seq.*;

21    (v)    The Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

22    (w)    The Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68,

23            *et seq.*;

24    (x)    The Missouri Merchandising Practices Act, V.A.M.S. § 407.010, *et seq.*;

25    (y)    The Montana Unfair Trade Practices and Consumer Protection Act of 1973,

26            Mont. Code Ann. § 30-14-101, *et seq.*;

27    (z)    The Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

28    (aa)    The Nevada Deceptive Trade Practices Act, NRS 598.0903, *et seq.*;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

(bb) The New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

(cc) The New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

(dd) The New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

(ee) The New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

(ff) The North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

(gg) The Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

(hh) The Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

(ii) The Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

(jj) The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

(kk) The Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

(ll) The South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

(mm) The South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

(nn) The Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

(oo) The Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

(pp) The Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

(qq) The Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

(rr) The Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*; and

(ss) The Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100, *et seq.*

48.     Defendants engaged in unfair and deceptive acts or practices when they represented and sold 16 ounces of Stella beer at their Red Robin Restaurants in Stella chalices that have a maximum capacity of 14 ounces.

49.     Defendants represented to Plaintiff and Class members that they were purchasing 16 ounces of Stella beer, but instead provided, at most, 14 ounces of beer to Plaintiff and Class members.

50.     Defendants' representations were false because the Stella chalice in which the "16 ounce" Stella beer was served could only hold a maximum amount of 14 ounces.

51.     Defendants omitted the material fact that the Stella chalice in which they served the "16 ounce" Stella beer could not hold more than 14 ounces of liquid.

52.     Defendants intended for Plaintiff and the members of the Class to rely upon their misrepresentations and omissions, and Plaintiff and Class members did, in fact, reasonably rely upon these misrepresentations and omissions. At the time Plaintiff and Class members purchased and received the "16 ounce" Stella beer from Defendants, there was no feasible basis for them to determine that the Stella chalice only held a maximum of 14 ounces of liquid.

53.     Had Plaintiffs and Class members known that Defendants were selling "16 ounces" of Stella beer in chalices that could only hold 14 ounces of liquid, they would not have purchased the "16 ounce" Stella beer, or they would have paid less for it.

54.     The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce.

55.     The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

56.     Defendants' conduct implicates consumer protection concerns as their practices affect the public generally.

57.     As a result of Defendants' conduct, Plaintiff and Class Members have sustained damages in an amount in excess of $15,000.

58.     Plaintiff and Class members have suffered damages as a direct and proximate result of Defendants' unfair and unconscionable commercial practices.  These substantial injuries

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  outweigh any benefit to consumers or competition that may result from Defendants' unfair

2  practices.

<div align="center">

**COUNT IV**

</div>

3

4  <div align="center">**Unjust Enrichment – Pled in the Alternative**</div>

5    59. Plaintiff repeats and realleges the above allegations as though fully set forth herein.

6    60. Plaintiff brings this Count individually, and on behalf of the Class.

7    61. Plaintiff brings this Count in the alternative to Counts I (Breach of Contract) and

8  Count II (Breach of the Implied Covenant of Good Faith and Fair Dealing).

9    62. As a result of Defendants' practice of charging Plaintiff and the Class for 16 ounces

10  of Stella beer but providing them with less than 16 ounces, as alleged in detail *supra*, Defendants

11  unjustly retained a benefit (*i.e.*, the amount of overpayment) to the detriment of Plaintiff and the

12  Class.

13    63. Defendants' retention of this benefit violates the fundamental principles of justice,

14  equity, and good conscience.

15    64. Defendants accepted this unjust benefit, and it would be inequitable for Defendants

16  to retain the benefit of those monies, as Plaintiff and Class members paid the money as a result of

17  Defendants' deceptive and unfair practices.

18    65. Defendants have obtained money to which they are not entitled, and interest on that

19  money, and under these circumstances equity and good conscience require that Defendants return

20  the money with interest to Plaintiff and the Class.

21    66. As a result of Defendants' conduct, Plaintiff and Class Members have sustained

22  damages in an amount in excess of $15,000.

23  <div align="center">**PRAYER FOR RELIEF**</div>

24    WHEREFORE, Plaintiff Christopher Bruun, individually, and on behalf of all others

25  similarly situated, prays for an Order as follows:

26     A. An order certifying this action to be a proper class action pursuant to Nevada

27     Rule of Civil Procedure 23, finding Plaintiff is a proper representative of the Class, and

28     appointing the undersigned counsel and his law firm as Class Counsel.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

B.      For temporary, preliminary, and permanent injunctive relief enjoining Defendants from representing that there are 16 ounces of Stella beer sold in the Stella chalice that is etched with a "fill line" of 33 centiliters;

C.      For judgment for damages in excess of $15,000;

D.      For judgment for punitive damages according to proof;

E.      For an award of reasonable attorney's fees and costs;

F.      For an award of interest provided by law; and

G.      For such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.

DATED this 27th day of April, 2020.

BAILEY❖KENNEDY

By: /s/ Dennis L. Kennedy
    DENNIS L. KENNEDY
    PAUL C. WILLIAMS
    *Attorneys for Plaintiff Christopher Bruun*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**Reception**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Monday, April 27, 2020 10:23 AM |
| **To:** | BKfederaldownloads |
| **Subject:** | Courtesy Notification for Case: A-20-814178-C; Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s); Envelope Number: 5978267 |

# Courtesy Notification

Envelope Number: 5978267
Case Number: A-20-814178-C
Case Style: Christopher Bruun, Plaintiff(s)
vs.
Red Robin Gourmet Burgers, Inc., Defendant(s)

This is a courtesy notification for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-20-814178-C |
| **Case Style** | Christopher Bruun, Plaintiff(s)<br>vs.<br>Red Robin Gourmet Burgers, Inc., Defendant(s) |
| **Date/Time Submitted** | 4/27/2020 10:19 AM PST |
| **Filing Type** | EFile |
| **Filing Description** | Class Action Complaint |
| **Activity Requested** | Complaint - COMP (CIV) |
| **Filed By** | Sharon Murnane |
| **Filing Attorney** | Dennis Kennedy |

| Document Details | |
|---|---|
| **Lead Document** | 20.04.27 Complaint (Bruun)-TBF.pdf |
| **Lead Document Page Count** | 12 |
| **File Stamped Copy** | View Stamped Document |
| This link is active for 180 days. | |

1

1  **MCC (CIV)**
DENNIS L. KENNEDY
2  Nevada Bar No. 1462
PAUL C. WILLIAMS
3  Nevada Bar No. 12524
**BAILEY❖KENNEDY**
4  8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
5  Telephone: 702.562.8820
Facsimile: 702.562.8821
6  DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com
7
*Attorneys for Plaintiff Christopher Bruun*
8
DISTRICT COURT
9
CLARK COUNTY, NEVADA
10

11  CHRISTOPHER BRUUN, individually, and on
behalf of all others similarly situated,
12
Plaintiff,
13
vs.
14
RED ROBIN GOURMET BURGERS, INC., a
15  Delaware corporation; and RED ROBIN
INTERNATIONAL, INC., a Nevada corporation,
16
Defendants.
17

Case No.  A-20-814178-C

Dept. No.  IX

**PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF
CLASS COUNSEL**

**Hearing Requested**

18      Pursuant to Nevada Rules of Civil Procedure 23(a) and 23(c)(3), Plaintiff Christopher Bruun

19  ("Plaintiff") moves to certify a class action against Defendants Red Robin Gourmet Burgers, Inc.

20  ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants" or "Red Robin") and

21  appoint the undersigned counsel from Bailey❖Kennedy, LLP ("Bailey❖Kennedy") and Thomas A.

22  Zimmerman, Jr., from Zimmerman Law Offices, P.C. ("Zimmerman Law")[1], as Class Counsel.

23  / / /

24  / / /

25  / / /

26  / / /

27
────────────
28  [1]  Mr. Zimmerman's Verified Application for Association of Counsel Under Supreme Court Rule 42 will be submitted
to the State Bar of Nevada.  Upon receipt of the State Bar of Nevada's statement, Plaintiff will move to associate Mr.
Zimmerman as co-counsel.

Page 1 of 13

1   This motion is supported by the papers and pleadings on file, the accompanying

2   Memorandum of Points and Authorities, the exhibits attached thereto, and any oral argument heard

3   by the Court.

4   DATED this 27th day of April, 2020.

5   **BAILEY ❖ KENNEDY**

6   By: /s/ Dennis L. Kennedy

7   DENNIS L. KENNEDY
    PAUL C. WILLIAMS

8   *Attorneys for Plaintiff Christopher Bruun*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Christopher Bruun brings this class action against Defendants Red Robin Gourmet Burgers, Inc. and Red Robin International, Inc. for Red Robin's practice of serving, at most, 14 ounces of Stella Artois beer when customers order a 16-ounce Stella Artois beer. Red Robin offers on its menu Stella Artois in 16-ounce portions, yet the customized Stella Artois chalice in which Red Robin serves the supposed 16-ounce Stella Artois beer can only contain at most 14 ounces of beer.

Plaintiff and the other class members did not receive what they paid for, and were deceived into thinking they were receiving a larger quantity of beer than they actually received. Plaintiff seeks to recover the difference between what Plaintiff bargained for, and what he actually received, and to recover for Red Robin's breach of contract, breach of the covenant of good faith and fair dealing, violation of the consumer fraud and deceptive trade practices acts of the states where Red Robin has restaurants, and unjust enrichment.

## II.     STATEMENT OF FACTS

Red Robin operates and franchises Red Robin Restaurants throughout the United States. At the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States. (Class Action Complaint ("Compl.") ¶ 11.) The menu at Red Robin's restaurants offer Stella Artois beer in various sizes, one of which is 16 ounces. (*Id.* ¶ 14.) The menu and Nutritional Guide both state that 16 ounces of Stella Artois beer have 190 calories. (*Id.* ¶¶ 14-15.)

Red Robin's representations are false and misleading. All of the Stella Artois chalices in which Red Robin serves its purported 16-ounce, 190-calorie Stella Artois beer have a "fill-line" of 33 centiliters and cannot hold more than 14 ounces of beer. (*Id.* ¶¶ 16-17.) Plaintiff dined at Red Robin numerous times in 2019 and 2020, and ordered 16 ounces of Stella Artois. (*Id.* ¶ 23.) Plaintiff paid for 16 ounces of Stella Artois beer each time he ordered a Stella Artois, but only received, at the most, 14 ounces of Stella Artois beer each time. (*Id.* ¶¶ 25-26.)

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### III.   PROPOSED CLASS DEFINITION

Plaintiff seeks certification of the following nationwide class pursuant to NRCP 23:

> All individuals in the United States who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces.  Excluded from the Class are: (1) Defendants' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

### IV.   ARGUMENT

#### A.   Standard of Decision.

The Nevada Rules of Civil Procedure provide that "[a]s soon as practicable after the commencement of an action brought as a class action, the court must determine by order whether it is to be so maintained." NRCP 23(d)(1).  The Court's "order may be conditional, and may be altered or amended before the decision on the merits." *Id.*

As the Nevada Supreme Court has explained, "class actions promote efficiency and justice in the legal system by reducing the possibilities that courts will be asked to adjudicate many separate suits arising from a single wrong and that individuals will be unable to obtain any redress for wrongs otherwise irremediable because the individual claims are too small or the claimants too widely dispersed." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005).

In that context, NRCP 23(a) provides that a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

2  the interests of the class." In addition to satisfying the four NRCP 23(a) prerequisites, a party

3  moving to certify a class must demonstrate that the proposed class fits into one of the three

4  categories enumerated in NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539 (2005).[2] As

5  detailed below, Plaintiff seeks certification under NRCP 23(c)(3).

6       "A party seeking class certification must affirmatively demonstrate his compliance with the

7  Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties,

8  common questions of law or fact, etc." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 350,

9  (2011).[3] While a court must engage in a rigorous analysis of the Rule 23 factors, a plaintiff's

10  "evidentiary showing need not be extensive." *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646

11  (W.D. Wash. 2007) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

12       Moreover, the "class determination generally involves considerations that are enmeshed in

13  the factual and legal issues comprising the plaintiff's cause of action." *Dukes*, 564 U.S. at 351.

14  Thus, while it is "sometimes . . . necessary for the court to probe behind the pleadings before

15  coming to rest on the certification question," such analysis is limited to the issues surrounding

16  certification that "overlap with the merits of the plaintiff's underlying claim." *Id.* at 351; *see also*

17  *id.* at 351 n.6, (noting that a court's analysis of the merits is limited to that which is necessary to

18  determine certification); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("The

19  district court is required to examine the merits of the underlying claim in this context, only

20  inasmuch as it must determine whether common questions exist; not to determine whether class

21  members could actually prevail on the merits of their claims.").

22       **B.    The Proposed Class Satisfies the NRCP 23(a) Prerequisites.**

23            *1.    The Proposed Class is Numerous.*

24       The numerosity prerequisite is satisfied if "the class is so numerous that joinder of all

25  members is impracticable." NRCP 23(a)(1). While there is no minimum number of class members,

26

27  [2]   As a result of the March 1, 2019, amendments to the Nevada Rules of Civil Procedure, the three disjunctive conditions for class certification were moved from NRCP 23(b) to NRCP 23(c).

28  [3]   The Nevada Supreme Court often relies upon federal cases interpreting Federal Rule of Civil Procedure 23 in analyzing NRCP 23. *See, e.g., Shuette*, 121 Nev. at 847 n.11, n.12, n.13, n.14, 124 P.3d at 538, n.11, n.12, n.13, n.14.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

"a putative class of forty or more generally will be found numerous." *Shuette*, 121 Nev. at 847, 124 P.3d at 537.

The Class is likely comprised of thousands of individuals. (Compl. ¶ 28.) Numerosity is established by the fact that Red Robin has found it cost-effective to use specially crafted chalices with Stella Artois logos on them to serve Stella Artois at its 556 restaurants. (*Id.* ¶ 16.) Moreover, Red Robins reports total revenue for 2019 of $1.2 billion. (*Id.*)

**2.      *There are Common Questions of Law and Fact.***

The commonality prerequisite requires that "there are questions of law or fact common to the class." NRCP 23(a)(2). "Questions are common to the class when their answers as to one class member hold true for all class members." *Shuette*, 121 Nev. at 848, 124 P.3d at 538. "Commonality does not require that all questions of law and fact must be identical, but that an issue of law or fact exists that inheres in the complaints of all the class members." *Id.* Indeed, commonality "may be satisfied by a single common question of law or fact." *Id.*

There are several questions of law and fact common to the claims of the Plaintiff and members of the Class which predominate over any individual issues, including:

(a)     Whether Defendants made misrepresentations and omissions with respect to the number of ounces of Stella beer they serve when a customer orders a 16-ounce Stella beer;

(b)     Whether Defendants engaged in unfair and deceptive conduct as described herein;

(c)     Whether Defendants breached contracts with their customers when they offered for sale 16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces of beer;

(d)     Whether Defendants were unjustly enriched when they charged their customers for 16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces of beer; and

(e)     Whether Defendants are liable for the damages suffered by Plaintiff and Class members.

(Compl. ¶ 29.)

### 3. Plaintiff's Claims are Typical of the Proposed Class Members—His Claims Arise from the Same Practice and Course of Conduct that Give Rise to the Claims of the Other Class members.

The typicality prerequisite is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." NRCP 23(a)(3). Typicality is present where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Shuette*, 121 Nev. at 848-49, 124 P.3d at 538-39. The "representatives' claims need not be identical, and class action certification will not be prevented by mere factual variations among class members' underlying individual claims." *Id.* at 849, 124 P.3d at 539.

Here, Plaintiff's and the other Class members' claims all arise out of Red Robin's uniform and standard practice at all Red Robin restaurants that results in overcharging for Stella Artois beer. (*See* Compl. ¶¶ 20-21.) Red Robin serves Stella Artois in specially-crafted chalices that are a standard shape and size, and uniformly misrepresents their size as 16 ounces when they actually can contain, at most, 14 ounces of beer. (*Id.* ¶¶ 14-18.)

### 4. Plaintiff and His Counsel will Fairly and Adequately Represent the Class.

In order to satisfy the fourth prerequisite, a party seeking certification must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." NRCP 23(a)(4). This "inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Shuette*, 121 Nev. at 849, 124 P.3d at 539 (internal quotation marks omitted). To satisfy the fourth factor, class members must "possess the same interest and suffer the same injury as other class members." *Id.* (internal quotation marks omitted).

Plaintiff is an adequate Class Representative and will fairly and adequately protect the interests of the Class. There are no potential conflicts present, and Plaintiff suffered the same overcharge injury as the other Class Members.

Plaintiff's counsel is qualified to serve as Class Counsel. "Rule 23(a)(4) requires that plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (internal quotation marks and citation omitted).

1    Here, Bailey❖Kennedy and Zimmerman Law are experienced in class actions, complex

2    litigation, and consumer law. Bailey❖Kennedy and Zimmerman Law have represented clients in

3    numerous complex litigation matters and previously served as class counsel in other matters. (Ex.

4    1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 3.) Specifically, Dennis L. Kennedy and Thomas

5    A. Zimmerman, Jr. have substantial experience in class actions and complex litigation cases,

6    including consumer law matters. (*See generally See generally* Ex. 2, Curriculum Vitae of Dennis L.

7    Kennedy; and Ex. 4, Firm Biography of Zimmerman Law.)

8        Further, both Bailey❖Kennedy and Zimmerman Law are knowledgeable in consumer law,

9    including deceptive trade practices law. (Ex. 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 4.)

10        Finally, Bailey❖Kennedy and Zimmerman Law both have the necessary resources to

11    zealously represent the Class members, and are prepared to invest the time and resources necessary

12    to adequately serve as Class Counsel. (Ex. 1, Kennedy Decl. ¶ 6; Ex. 3, Zimmerman Decl. ¶ 5.)

13        In sum, because Plaintiff is an adequate Class Representative and has chosen qualified and

14    experienced counsel, this Court should permit Plaintiff to act as the Class Representative and allow

15    his selected counsel to represent the Class members. *See In re Cavanaugh*, 306 F.3d 726, 734 (9th

16    Cir. 2002) ("The choice of counsel has traditionally been left to the parties, whether they sue in

17    their individual capacities or as class representatives.").

18    **C.    The Proposed Class Satisfies the Requirements of NRCP 23(c)(3).**

19        As discussed above, in addition to satisfying the four NRCP 23(a) prerequisites (i.e.,

20    numerosity, commonality, typicality, and adequacy of representation), a party moving to certify a

21    class must demonstrate that the proposed class fits into one of the three categories enumerated in

22    NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539. Here, Plaintiff seeks certification

23    under NRCP 23(c)(3).

24        Class certification is appropriate under NRCP 23(c)(3) where "the court finds questions of

25    law or fact common to the members of the class predominate over any questions affecting only

26    individual members, and that a class action is superior to other available methods for the fair and

27    efficient adjudication of the controversy."

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1       ***1.    Common Questions Predominate Over Any Individual Questions.***

2       The predominance prong of NRCP 23(c)(3) "tests whether proposed classes are sufficiently

3   cohesive to warrant adjudication by representation." *Shuette*, 121 Nev. at 850, 124 P.3d at 540

4   (internal quotation marks omitted). "The questions of law or fact at issue in this analysis are those

5   that qualify each class member's case as a genuine controversy; therefore, the questions that class

6   members have in common must be significant to the substantive legal analysis of the members'

7   claims." *Id.* (internal quotation marks omitted). Indeed, the predominance inquiry under NRCP

8   23(c)(3) is similar to the analysis of the commonality and typicality requirements of NRCP 23(a),

9   but "it is more demanding." *Id.*

10      Stated succinctly, class certification is appropriate where the "importance of common

11  questions . . . predominate over the importance of questions peculiar to individual class members."

12  *Id.* at 851, 124 P.3d at 540. "For example, common questions predominate over individual

13  questions if they significantly and directly impact each class member's effort to establish liability

14  and entitlement to relief, and their resolution can be achieved through generalized proof." *Id.*

15  (internal quotation marks omitted).

16      The common issues in this case predominate over any individual issues. Each Class

17  member was subject to the same misrepresentations and omissions relating to the amount of Stella

18  Artois beer they ordered, and they all received the same shortfall in the quantity of beer they

19  received. The special chalices containing the Stella Artois beer they ordered were standard in size,

20  and the value of the product in each chalice received by Class members was identical. Questions

21  concerning Red Robin's misrepresentations and failures to deliver what was promised and

22  bargained for predominate in this action.

23      ***2.    A Class Action is the Superior Method of Adjudicating the Common***
              ***Claims of the Class Members.***

24

25      The superiority prong of NRCP 23(c)(3) "questions whether a class action is the superior

26  method for adjudicating the claims, thereby promoting the interests of efficiency, consistency, and

27  ensuring that class members actually obtain relief." *Shuette*, 121 Nev. at 851-52, 124 P.3d at 540.

28  "A proper class action prevents identical issues from being litigated over and over[,] thus avoiding

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   duplicative proceedings and inconsistent results." *Id.* at 852, 124 P.3d at 540-41 (alteration in

2   original) (internal quotation marks omitted).  Importantly, a class action is often the superior

3   method of adjudication where it "helps class members obtain relief when they might be ***unable or***

4   ***unwilling to individually litigate an action for financial reasons . . . .*" *Id.* at 852, 124 P.3d at 541

5   (emphasis added).

6          In determining superiority, courts evaluate: "(A) the interest of members of the class in

7   individually controlling the prosecution or defense of separate actions; (B) the extent and nature of

8   any litigation concerning the controversy already commenced by or against members of the class;

9   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular

10   forum; and (D) the difficulties likely to be encountered in the management of a class action."

11   NRCP 23(c)(3); *accord Shuette*, 121 Nev. at 852, 124 P.3d at 541. "Further, the court must

12   determine whether other adjudication methods would allow for efficient resolution without

13   compromising any parties' claims or defenses." *Shuette*, 121 Nev. at 852, 124 P.3d at 541.

14          As detailed below, each of the superiority factors weighs in favor of class certification.

15                 a.   The Class Members do not have an Interest in Controlling the
                          Prosecution of Separate Actions Because Each Class Member's
16                        Damages are Small.

17          The first superiority factor is "the interest of members of the class in individually controlling

18   the prosecution or defense of separate actions." NRCP 23(c)(3)(A). Where "damages suffered by

19   each putative class member are not large, [the first] factor weighs in favor of certifying a class

20   action." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001), *opinion*

21   *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001). For example, courts have found that

22   potential damage awards of $1,500 are "insufficient to incentive individual actions." *Kristensen v.*

23   *Credit Payment Services*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014).

24          This factor favors class certification because the individual claims of each Class member

25   concern a shortfall of a small amount of beer in each glass of Stella Artois served by Red Robin.

26   While, in the aggregate, the amount of damages is very high, the injuries suffered by each of the

27   Class members is too small to justify individual actions.

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1          b.    No Other Known Litigation Exists Between any Class Member and
2                Defendants; thus Class Resolution Serves Judicial Economy.

3          The second superiority factor instructs consideration of "the extent and nature of any

4    litigation concerning the controversy already commenced by or against members of the class."

5    NRCP 23(c)(3)(B).  When the court is unaware of any other pending litigation, the factor weighs in

6    favor of certification.  *See Kristensen*, 12 F. Supp. 3d at 1308; *see also Agne v. Papa John's Intern.,*

7    *Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012).   Plaintiff is not aware of any other litigation

8    between a Class member and Defendants arising out of the issues in this case.  Because there appear

9    to be no similar lawsuits, class resolution is a superior method of adjudicating the instant claims.

10   *See Kristensen*, 12 F. Supp. 3d at 1308; *Agne*, 286 F.R.D. at 571.

11         c.    Nevada is a Desirable Forum to Concentrate Litigation.

12         The third superiority factor requires a court to consider "the desirability or undesirability of

13   concentrating the litigation of the claims in the particular forum."  NRCP 23(c)(3).  Where a

14   defendant is present in a jurisdiction and there "appears no reason why concentrating the litigation

15   in [that jurisdiction] would be undesirable," the third factor supports class certification.  *See*

16   *Protectmarriage.com v. Bowen*, 262 F.R.D. 504, 509 (E.D. Cal. 2009).

17         Here, Defendants are present and at home in Nevada.  RRII is a Nevada corporation, and

18   Defendants have several Red Robin Restaurants in Nevada.  Thus, the third superiority factor favors

19   class certification.

20         d.    There are no Significant Difficulties in Management of the Proposed
21               Class.

22         The fourth superiority factor requires a court to consider "the difficulties likely to be

23   encountered in the management of a class action."  NRCP 23(c)(3)(D).  "When the complexities of

24   class action treatment outweigh the benefits of considering common issues in one trial, class action

25   treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192.  "If each class

26   member has to litigate numerous and substantial separate issues to establish his or her right to

27   recover individually, a class action is not superior." *Id.*

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    This case is an ideal class action, concerning uniform practices, standard representations and

2    product packaging, and small individual damages claims.  No difficulties or complexities are added

3    to the case by certifying the Class.  The same evidence that Plaintiff will use to prove his claims

4    will prove the claims of the other Class members.  Accordingly, the fourth superiority factor

5    illustrates the superiority of a class action.

6           e.    <u>No Other Adequate Adjudication Methods Exist.</u>

7    In assessing superiority, the Nevada Supreme Court has stated that a "court must determine

8    whether other adjudication methods would allow for efficient resolution without compromising any

9    parties' claims or defenses," such as through joinder or consolidation.  *Shuette*, 121 Nev. at 852,

10   124 P.3d at 541.  Here, there are no other adequate adjudication methods.  This is an exemplary

11   class action—a very large group of individuals with claims that are too small to incentive any other

12   form of adjudication.

13                **V.    CONCLUSION**

14   Based on the foregoing, the Court should grant Plaintiff's Motion for Class Certification,

15   appoint Plaintiff as the Class Representative, and appoint Bailey❖Kennedy and Zimmerman Law

16   Offices, P.C. as Class Counsel.

17   DATED this 27th day of April, 2020.

18                           **BAILEY❖KENNEDY**

19                        By: /s/ Dennis L. Kennedy

20                          DENNIS L. KENNEDY
                        PAUL C. WILLIAMS

21                          *Attorneys for Plaintiff Christopher Bruun*

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY❖KENNEDY and that on the 27th day of April, 2020, service of the foregoing was made by mandatory electronic service through the Eighth Judicial District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

Red Robin Gourmet Burgers, Inc. c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Red Robin International, Inc. c/o Corporation Service Company
112 North Curry Street
Carson City, NV 89703

/s/ Sharon Murnane
Employee of BAILEY❖KENNEDY

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

# Exhibit 1

# Exhibit 1

**DECLARATION OF DENNIS L. KENNEDY**

I, Dennis L. Kennedy, declare as follows:

1.    I am over the age of eighteen and a resident of Clark County, Nevada.

2.    I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

3.    I am a partner in the law firm of Bailey❖Kennedy, LLP ("Bailey❖Kennedy"), co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

4.    I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy and Zimmerman Law.

5.    I have substantial experience in class actions, complex litigation cases, including consumer law and deceptive trade practices matters.  A true and correct copy of my Curriculum Vitae is attached to the Motion for Certification as Exhibit 2.

6.    Bailey❖Kennedy has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

7.    Bailey❖Kennedy is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of April, 2020.

DENNIS L. KENNEDY

Page 1 of 1

# Exhibit 2

# Exhibit 2

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association (Sections of Litigation and Professional Responsibility)
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015, 2016)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)
- Coach/Advisor to A Tech High School Moot Court Team, winner of 2019 Nevada Moot Court Championship

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

- Some Things That Can Hurt You If You Don't Pay Attention, Clark County Bar Association COMMUNIQUE (November 2015)

## SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).   Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010).  (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure).  Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994).  Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995).  Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

- Nevada Supreme Court Judicial Education Requirements Study Committee (2015) (Committee was charged with studying the subject of judicial education and making a recommendation to the Nevada Supreme Court.  Final report submitted April 2016)

- Submission of memoranda and giving of oral presentation to Nevada Supreme Court regarding proposed amendment to Nevada R.P.C. 8.4 regarding lawyers' ownership of marijuana/cannabis enterprises.  ADKT No. 0495

- Submission of memorandum to State Bar and State Bar Committee on Ethics and Professional Responsibility regarding lawyers' ownership/participation in the business of purchasing and selling medical liens. (October 2016)

- Submission of memorandum to Nevada Supreme Court regarding proposed amendment to Nevada RPC 8.4 regarding lawyer misconduct. ADKT 526

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Benchmark Litigation Stars: 2018 – Commercial and Anti-Trust Litigation

- Mountain States "Super Lawyer" 2019; Top 10 – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2018; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2017; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2016; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation, Appellate Practice, and Ethics and Professional Responsibility Law (1991-present).

- Best Lawyers' 2012 and 2014 Las Vegas Health Care Lawyer of the Year.

## REPORTED CASES (1985-present)

- Lakeside Community Hospital v. Levenson, 101 Nev. 777, 710 P.2d 727 (1985).

- Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 781 P.2d 762 (1989).

- In re Discipline of Stuhff, 108 Nev. 629, 837 P.2d 853 (1992).

- In re Discipline of Singer, 109 Nev. 1117, 865 P.2d 315 (1993).

- Forsyth v. Humana, Inc., 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by Forsyth v. Humana, Inc., 99 F.3d 1504 (9th Cir. 1996); superseded on rehearing by Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997); affirmed by Humana, Inc. v. Forsyth, 525 U.S. 299 (1999).

- Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- State of Nevada v. Reliable Health Care, 115 Nev. 253, 983 P.2d 414 (1999).

- Baker v. District Court, 116 Nev. 527, 999 P.2d 1020 (2000).

- Nguyen v. State, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- Brown v. District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Badillo v. American Brands, 117 Nev. 34, 16 P.3d 435 (2001).

- Badillo v. American Brands, 202 F.R.D. 261 (D. Nev. 2001).

- Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- Maduka v. Sunrise Hospital, 375 F.3d 909 (9th Cir. 2004).

- Poulos v. Caesar's World, Inc., 379 F.3d 654 (9th Cir. 2004).

- International Game Technology, Inc. v. Second Judicial District Court, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- Leroy's Horse and Sports Place v. Racusin, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); Leroy's Horse and Sports Place v. Racusin, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); Hartunian v. Racusin, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); Racusin v. American Wagering, Inc., 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp., 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

- State of Nevada v. District Court (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- Betsinger v. D.R. Horton, Inc., 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

- Keisic v. Valley Health System, LLC, et al., Nevada Supreme Court Case No. 64445 (December 29, 2015).

- Simmons v. Briones, 133 Nev. Adv. Op. No. 9, 390 P.3d 641 (March 2, 2017).

- Wasmund v. Aria Resort & Casino Holdings, Nevada Court of Appeals Case No. 69147 (March 6, 2017).

- Ford Motor Co. v. Trejo, 133 Nev. Adv. Op. 68, 402 P. 3d 649 (September 27, 2017) (for amicus Nat'l Assn. of Manufacturers).

- Public Employees' Retirement Sys. v. Gitter, 133 Nev. Adv. Op. 18, 393 P.3d 673 (April 27, 2017).

- Valley Health System v. Estate of Jane Doe; Hall Prangle & Schoonveld v. District Court, 134 Nev. Adv. Op. 76, 427 P.3d 1021 (September 27, 2018).

- Michelle Flores v. Las Vegas-Clark County Library District, 134 Nev. Adv. Op. 101, 432 P.3d 173 (December 13, 2018).

- <u>JMB Capital Partners Master Fund, L.P. v. District Court</u>, Nevada Supreme Court Case No. 78008 (March 21, 2019).

- <u>Las Vegas Review Journal v. City of Henderson</u>, Nevada Supreme Court Case No. 73287 (May 24, 2019).

- <u>City of Henderson v. Las Vegas Review Journal</u>, Nevada Supreme Court Case No. 75407 (October 17, 2019).

## ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999). (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices. (1998). Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160). <u>Brown v. Eighth Judicial District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case. <u>West v. Myers</u>, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities. <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims. <u>Mosley v. Gang, et al.</u>, Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision. <u>Lewis & Roca v. Bare</u>, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers. <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices. (2002). Name of candidate is confidential.

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim. <u>Luckett v. Hardcastle, et al.</u>, Case No. CV-S-05-0726 RLH-RJJ. (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice. <u>Malignaggi v. Goldberg</u>, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion. <u>Provenza v. Yamaha Motor Co.</u>, Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. <u>Roth v. BMW</u>, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172) (2006). (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion. <u>Daniell v. Peake Development</u>, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest). Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information. <u>Friedman v. Friedman</u>, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification. <u>Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest</u>, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person). Case dismissed. Name of lawyer is confidential. (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim. <u>In re Receivership of Southwest Exchange</u>, Case No. A535439, District Court, Clark County, Nevada. Case settled.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim. Sorrell v. Snell & Wilmer, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada. Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination. Golightly v. Gassner, Case No. 50212, Nevada Supreme Court. Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation. Club 93, Inc. v. County of Elko, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada. Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer. Sperberg v. Hunterton, Case No. 08-149 (State Bar Fee Dispute Proceeding). Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. Powell v. Powell Naqvi, Case No. 08-566761, Eighth Judicial District Court. Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada. Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar. (In re Richard Pipkins). Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. Edwin K. Slaughter, et al. v. Uponor, Inc., et al., Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada. Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice. (2009-2010). Matter concluded without action by State Bar. Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters. State Bar v. Eglet (Case No. SG-10-0874) and Adams (Case No. SG-12-0803). Both proceedings dismissed.

- Representation of attorney in fee dispute arbitration. Davidson v. Gentile, Case No. 10-085, Nevada State Bar Fee Dispute Committee. Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding. <u>State Bar of Nevada v. Anthony Lopez</u>, Bar No. 08-175 (and numerous related and consolidated cases). Matters settled.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11). <u>Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices</u>, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada. Matter decided.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3). Attorney's name is confidential. Case settled.

- Representation of former clients in action against law firm and attorney. <u>Frias Holding Co. v. Greenberg Traurig</u>, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada. Engagement concluded.

- Representation of former client against law firm in defense of fee collection proceeding and in prosecution of malpractice counterclaim. <u>Lionel Sawyer & Collins v. DeWald</u>, State Bar Fee Dispute Committee Matter No. 10-108. Case dismissed.

- Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence. <u>Pacifica v. Goold Patterson, et al.</u>, Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada. Matter settled.

- Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation. Nevada RPC 1.3, 1.4, 5.3 and 8.1. <u>State Bar v. Haines and Krieger</u>, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters decided.

- Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8. <u>Richman v. Haines & Krieger, LLC, et al.</u>, Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013). Matter settled.

- Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications. State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters). Matters settled.

- Representation of attorneys in challenge (by mandamus) to order of disqualification. In re City Center Construction and Lien Master Litigation:

<u>MGM Mirage Design Group v. District Court</u>, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. <u>In Re Cook Trusts</u>, Case No. P-11-071394-T.  Eighth Judicial District Court, Clark County, Nevada.  Matter decided.

- Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim.  <u>Lionel Sawyer & Collins v. DeWald</u>, Case No. 79 194 Y 00090 11 nolg (AAA).  Engagement concluded.

- Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential).  Engagement concluded.

- Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

- Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality.  <u>Parker v. Carlson, et al.</u>, Case No. A571921, Eighth Judicial District County, Nevada.  Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney.  <u>Allstate Insurance Co., v. Balle, et al.</u>, Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada.  Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A).  <u>Waite v.Clark County Collection Service</u>, Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada.  Matter decided

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud).  <u>State Bar v. Noel Gage</u>, Case No. 08-053-1890. Disciplinary case concluded with settlement.  Settlement approved by the Nevada Supreme Court.  Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility.  <u>In re Melanie Feldhauser-Thomas</u>.  Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents.  <u>In re C.E. Cook</u>

<u>Family Trust</u>, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules. <u>State Bar v. Joseph Scalia</u>, Case Nos. SG11-1737, SG12-0903. Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not. Names of client and law firm are confidential. Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation. <u>In re Steven Gibson</u>, Case No. SG-12-0104. Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement. <u>Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP f/k/a Feinberg Grant Mayfield Kaneda & Litt</u>, Case No. A-14-697336-B, District Court, Clark County, Nevada. Matter settled.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel. Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation. Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation. Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty. <u>McKenna v. Chesnoff, et al.</u>, Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada. Case pending.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty. <u>Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al.</u>, Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada. Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime. <u>State Bar of Nevada v. Chandan Manansingh</u>, No. CR13-1850 (2015). Matter pending

- Representation of attorney in defense of allegations of unauthorized practice of law. Matter is confidential.

11

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm.  Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure.  Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada.  Matter concluded.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens.  Name of attorney is confidential.

- Representation of client in matter following the striking of client's answer and imposition of sanctions for discovery violations and misconduct of prior counsel (Rule 3.3).  Valley Health System, LLC, et al. v. Jane Doe, 134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of law firm (Hall Prangle & Schoonveld, LLC) and attorney contesting the imposition of sanctions for lack of candor to the court.  (Nevada RPC 3.3).  134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of managing partner of Las Vegas office of national law firm in connection with his departure from that firm and the formation of a new law firm.  Names of attorney and law firm are confidential.

- Representation of Adam Kutner in the defense of a State Bar disciplinary proceeding alleging violations of various rules of professional conduct.  State Bar v. Kutner, Case Nos. OBC15-0309, OBC15-0604, OBC15-1291,OBC16-0041, OBC16-0613.  Matter decided.

- Representation of partner in law firm in matter regarding partner's duties when law firm is engaging in conduct believed by the partner to violate the rules of professional conduct.  Name of partner and law firm are confidential.

- Representation of law firm and lawyers in sanctions and contempt proceedings arising from lawyers' alleged trial misconduct.  Names of lawyers are confidential.

- Representation of attorney in the defense of related State Bar proceedings involving client referrals.  Name of attorney is confidential.

- Representation of a gaming licensee in a dispute with its former attorneys over malpractice and excessive fees.  Names of parties are confidential.  Matter resolved.

- Representation of secured creditor moving to disqualify law firm representing debtor-in-possession because of conflicting representation of guarantor.  In re

<u>Sterling Entertainment Group LV, LLC</u>, Case No. BK-S-17-13662-abl, United States Bankruptcy Court, District of Nevada. Motion granted.

- Representation of Boyack Orme & Anthony in opposing motion seeking sanctions for misconduct during voire dire. <u>Thompson v. Playland International, et al.</u>, Case No. A-14-697688-C, District Court, Clark County, Nevada. Motion decided by District Court. Nevada Supreme Court Case No. 75522 (April 25, 2019) (issuing writ of mandamus vacating District Court imposition of sanctions). Client appeared *pro per* in Supreme Court.

- Representation of Lewis Brisbois Bisgaard & Smith in opposing motion seeking case terminating sanctions for alleged discovery abuse. <u>Gonzales v. Navarro, et al.</u>, Case No. A-15-728994-C, District Court, Clark Count, Nevada. Case settled.

- Representation of Pete Eliades in (i) opposing motion seeking judgment for attorneys' fees, and (ii) asserting countermotion ordering the forfeiture of fees by reason of law firm's conflict of interest. <u>Cooper Levenson v. Eliades</u>, Case No. A-16-732467-C, District Court, Clark County, Nevada. Motions decided. Trial pending.

- Representation of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP in opposing motion seeking sanctions. <u>Lauren Pitts v. Costco Wholesale Corporation</u>, Case No. A-16-731492-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of client in dispute with former attorney over propriety (and refund) of alleged "nonrefundable" retainer where attorney was terminated before any substantive work was done. Name of client is confidential.

- Representation of James W. Vahey, M.D. against former attorney (and others) in action for malpractice and breach of fiduciary duty. <u>Vahey v. Musso, et al.</u>, Case No. A-14-695460-C, District Court, Clark County, Nevada. Matter settled.

- Representation of governmental entity in defense of action by newspaper contesting the refusal to produce "public records" on the ground that such records were protected from disclosure by attorney-client and deliberative process privileges. <u>Las Vegas Review Journal v. City of Henderson</u>, Nevada Supreme Court Case No. 73287 (decided May 24, 2019).

- Representation of Hanson Bridgett, LLC in opposing motion to disqualify that firm for alleged conflict with former client (RPC 1.9) <u>Coyote Springs Land Development v. Las Vegas Valley Water District, et al.</u>, Case No. A-18-778039-C, District Court, Clark County, Nevada. Matter resolved. Case dismissed.

- Retained by (non-party) former general counsel of defendant to advise as to matters of privilege, work product and confidentiality likely to arise at his deposition – taken in an action where the plaintiff alleged fraud and related wrongdoing by the defendant. Name of client is confidential.

13

- Representation of client seeking disqualification of former attorneys now seeking to represent adverse parties in cross-claims. In re Fontainebleau Lien Litigation, Case No. A-17-765074-B. Matter decided. Nevada Supreme Court, Case No. 78008 (March 2019).

- Representation of client in dispute with former counsel who personally filed an amicus brief adverse to the interest of his former client in a matter where he had personally represented the former client. Matter resolved. Names of client and attorney are confidential.

- Representation of Wynn Resorts Ltd. in a motion to disqualify its former counsel in a matter where the former counsel is appearing adverse to it. Stephen A. Wynn v. Wells, et al., Case No. A-18-784184-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of Blue Martini (client) in matter involving unauthorized acts by attorneys purporting to act on client's behalf. Tomora Reichardt v. Blue Martini Las Vegas, LLC, d/b/a Blue Martini Lounge, et al., Case No. A-10-608169-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of attorney in defense of State Bar proceeding alleging the perpetration of fraud on the court. State Bar of Nevada v. Noe, Case No. OBC-19-0605.

- Representation of Paul D. Powell and The Powell Law Firm in litigation against the State Bar of Nevada seeking to have Nevada Rule of Professional Conduct 7.2(i) declared unconstitutional.

- Representation of City of Henderson in dispute with Las Vegas Review Journal over attorney's fees in public records case. City of Henderson v. Las Vegas Review Journal, Nevada Supreme Court Case No. 75407 (October 17, 2019).

- Representation of governmental entity in dispute with former employee-attorney over permissible post-employment activities of former employee-attorney. Names of client and former employee attorney are confidential.

- Representation of Stacey and Steven Lewis in dispute with former counsel (Brownstein Hyatt law firm) over attorney's fees. CML-NV Grand Day, LLC v. Grand Day, LLC, et al., Case No. A-11-655054-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of James W. Vahey, M.D. in malpractice case against Black & Lobello and Tisha Black in James W. Vahey, M.D., et al., v. Black & Lobello, et al., Case No. A-18-768351-C, District Court, Clark County, Nevada. Matter pending.

- Representation of Matthew Callister in the defense of the State Bar grievances regarding diligence and fees in Grievance File No. OBC-19-1132/Delia Henson and Grievance File No. OBC-19-1102/Demedrick Jefferson.  Matters pending.

## RETENTION AS EXPERT:  ETHICS/PROFESSIONAL RESPONSIBILITY

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party. Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses.  Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients.  Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed.  Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton

15

& Kahle; Villani, Hilton & Kahle; Villani, Gardner & Hilton; Perry & Spann; Pico & Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to lawyer's conduct in trial and settlement of case. Report prepared. Case dismissed. Mark J. Brown v. Alan Catley (and related cross actions), Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation). State Bar v. Mirch, Case No. 3-34-20. Report prepared. Testimony given. In The Matter of Discipline of Kevin Mirch, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland & Hart to testify as to duties owed by lawyer who engages in business transactions with clients. Rivers v. Romano, et al., Case No. A483701, District Court, Clark County, Nevada. Report prepared. Testimony given. Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), State Bar v. Goldberg, No. 04-013-1536. Testimony given. Case dismissed.

- Retained by Cristalli & Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom. Johnson v. Smith, Case No. 512364. Report prepared. Case dismissed.

- Retained by Snell & Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction. Sundance West LLC, et al. v. Orix Capital Markets, LLC, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada. Report prepared. Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements. Artisan Tile & Plumbing, Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias & Haire fka Bennion & Clayson; Does 1 through 10, inclusive, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter & Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect

litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care.  National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim), Case No. 3:05-CV-0658-BES-VPC, United States District Court, District of Nevada.  Report prepared.  Case settled.

- Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation.  Lesky v. Callister, Case No. 527875, District Court, Clark County, Nevada.  Report prepared.  Case dismissed.

- Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client.  Richards v. Allison, MacKenzie, et al., Case No. 03-01781A, First Judicial District Court, Carson City, Nevada.  Report prepared.  Case dismissed.

- Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case.  D & J Properties v. Siena Office Park 2, Case No. A537781, District Court, Clark County, Nevada.  Report prepared.  Testimony Given. Matter decided.

- Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him.  Leseberg v. Woods, Case No. P59334, District Court, Clark County, Nevada.  Report prepared.  Deposition testimony given.  Trial testimony given.  Case settled.

- Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A). Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno.  Report prepared.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest. American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel).  Rebuttal report prepared. Testimony given.  Case decided.

- Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client.  Seidman v. Dilloo, Case No. D260143, District Court, Clark County, Nevada.  Report prepared.

- Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada. <u>Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions,</u> Case No. A536644, A542755, A535548, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed. Bar Grievance filed. Screening panel testimony given. Matter decided.

- Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d). <u>Julia Brady, et al v. Kerry Rogers, et al.,</u> Case No. A572440, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer. <u>Geier v. Denue, et al.,</u> Case No. A525183, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust. <u>In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996,</u> Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation. NRPC 1.7. (Name of firm and identities of clients are confidential).

- Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services. <u>Brewer v. State of Nevada, et al.,</u> Case No. 554064, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation. <u>Jackson v. Ira Levine, et al.,</u> Case No. A538983, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Trial testimony given. Case decided.

- Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees. <u>DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP,</u> Case

No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada.  Report prepared. Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions.  XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada.  Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds.  Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents.  Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada.  Report prepared. Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust.  Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada.  Report prepared. Deposition taken.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation.  RPC 1.13.   Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court.  Report prepared. Case concluded on summary judgment in favor of attorney.  Amended Complaint filed,.  Additional report prepared.  Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement.  Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party.  Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation.  Maui One Excavating v. Mead & Pezzillo, et

19

al., Case No. A539801, Clark County District Court. Report prepared. Case settled.

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada. Report prepared. Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10). Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada. (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues. Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared. Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client. Merle Layton Trust, Case No. PR98-00336. Second Judicial District Court, Washoe County, Nevada. Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared. Trial testimony given. Matter decided.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence. Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court. Report prepared. Deposition taken. Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation. Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court. Report prepared. Deposition taken. Matter settled.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues. State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536. Report prepared. Matter resolved.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm. Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court. Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation. Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court. Report prepared. Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney. (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims. Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada. Report prepared. Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court. Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment. Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8). Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada. Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel. Nevada RPC 8.3(a). Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself. Lynan v. Health Plan of Nevada, Case No. A583772 and Magana

21

v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel. Randazza v. Excelsior Media Corp., JAMS Case No. 1260002283. Report prepared. Arbitration testimony given. Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity Andrews v. Rowe, et al., Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada. Report prepared. Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law. In re: Fundamental Long Term Care, Inc., Case No. 8-11-BK-22258-MGW, District of Florida. Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. Goldsmith v. Sill, et al., Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada. Report prepared. Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al., Case No. A-11-648532-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom, Case No. A-13-689637-B, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction. Verano Land Group, LP v. VTLM Texas LP, et al, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence. James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al., Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given. Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct.

SBS Retail Inc., et al. v. Yves Chantre Inc., et al., Case No. A-13-681083-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al., Nevada Supreme Court Case No. 64692. Report prepared. Case settled.

- Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction. Nevada RPC 1.13. Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al., Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al., Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction. Shulman v. Bendavid, Case No. A682679, District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2). United States of America v. Leon Benzer, et al., Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada. Report prepared. Trial testimony given. Matter decided.

- Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters. Randazza v. Liberty Media Holdings, LLC, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation. Lee v. 70 Ltd. Partnership, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

- Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation. International Game Technology v. Armstrong Teasdale, LLP, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8).  <u>Center Firearms Corp. v. Long Mountain Outfitters</u>, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case decided.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter.  Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter.  <u>Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims</u>, Case No. A-12-673897-C, District Court, Clark County, Nevada.  Case settled.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client.  <u>Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario</u>, Case No. 08-A-578306, District Court, Clark County, Nevada.  Report prepared.  Deposition taken.  Trial testimony given.  Case decided.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled <u>Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin</u>, Case No. 2:10-cv-0106-LRH-PAL in the United States District Court, District of Nevada.  Report prepared.  Matter decided.  209 F. Supp. 3d 1200 (D. Nev. 2016); reversed in part, 879 F. 3d 948 (9th Cir. 2018) and remanded.  Supplemental report prepared.  Matter decided on remand.

- Retained by Lipson, Neilson, Cole, Seltzer & Garin, PC to opine on the conduct of members of Wasserman Kornheiser, LLP, at issue in the claims alleged in the matter entitled <u>Carlisle Homeowners Association v. Pacifica Covington, LLC, et al.</u>, Case No. A-13-678911-D, District Court, Clark County, Nevada.  Case pending.

- Retained by Lewis Roca Rothgerber to opine on conduct of attorney in the litigation of a matter.  <u>Huckabay Properties, Inc. v. Beau Sterling, et al.</u>, Case No. CV-15-00765, Second Judicial District Court, Washoe County, Nevada.  Case settled.

- Retained by Gordon & Rees to opine on the conduct of attorney regarding business transaction with client.  <u>Blanchard v. Rosenfeld</u>, Case No. A637650, District Court, Clark County, Nevada.  Report prepared.  Rebuttal Report prepared.  Case pending.

- Retained by Loose Brown & Associates (later replaced by May, Potenza, Baran & Gillespie, P.C.) to opine on the conduct of a law firm and one of its lawyers in the representation of a client in litigation.  <u>Cannabis Renaissance Group, LLC, and Mohit Asnani v. Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas; and</u>

<u>Patrick J. Sheehan and Jane Doe Sheehan</u>, Case No. CV2016-054776, pending in Superior Court, State of Arizona, Maricopa County. Report prepared. Rebuttal report prepared. Deposition taken. Case pending.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer and law firm in representation of client in litigation. <u>Sunport Business Trust v. Serle, et al.</u>, Case No. A-15-716677-C, District Court, Clark County, Nevada. Report prepared. Rebuttal report prepared. Case pending.

- Retained by Caldwell Leslie & Proctor, PC to opine on (i) the causation of damages by attorney negligence in a commercial transaction and (ii) the reasonableness and necessity of attorneys' fees incurred by Renown Health, Renown Regional Medical Center, and Nevada Heart Institute d/b/a Renown Institute for Heart & Vascular Health in the matter entitled <u>Arger, et al. v. Renown Health, et al.</u>, Case No. CV11-02477, Second Judicial District Court, Washoe County, Nevada, such fees are sought as damages by the Renown Parties in the matter entitled <u>Renown Health, et al v. Holland & Hart, LLP, et al.</u>, Case No. CV14-02049, Second Judicial District Court, Washoe County, Nevada. Report prepared. Deposition taken. Trial testimony given. Matter decided.

- Retained by Edward Lewis Tobinick, M.D, Edward Lewis Tobinick, MD d/b/a Institute of Neurological Recovery and INR PLLC d/b/a Institute of Neurological Recovery to opine on the conduct of Marc J. Randazza, Esq. of Randazza Legal Group, PLLC in the matter entitled <u>Edward Lewis Tobinick, M.D., et al. v. Novella, et al.</u>, Case No. 9:14-cv-80781-RLR, pending in the U.S District Court, Southern District of Florida (West Palm Beach). Report prepared. Matter decided.

- Retained by Meister Seelig & Fein LLP to opine on the reasonableness and necessity of attorneys' fees incurred by Ballard Spahr LLP and Katten Muchin Rosenman LLP in the matter entitled <u>Jeffrey Soffer, et al. v. The Bank of Nova Scotia, New York Agency</u>, Case No A635777 in the Eighth Judicial District Court, Clark County, Nevada, as appealed to the Nevada Supreme Court, Case Nos. 61762 and 63157. Report prepared. Deposition taken. Matter pending in New York state court

- Retained by Wilson Elser Moskowitz Edelman & Dicker LLP to opine on the conduct of Danielle L. Miller and the law firm of Sylvester & Polednak regarding malpractice claims brought by Laura Renzi. Preliminary report prepared. Case settled.

- Retained by Hutchison & Steffen to opine on the conduct of Eric Roy and the law firm of Claggett & Sykes in the matter entitled <u>Adam S. Kutner, P.C., et al. v. Eric Daly, et al.</u>, Case No. A-11-643990-C consolidated with Case No. A-11-650247-C, pending in the Eighth Judicial District Court, Clark County Nevada. Report prepared. Matter settled.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer in litigation. <u>Scotto v. Gourley, et al.</u>, Case No. A-15-729632-C, District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Messner Reeves LLP (successor to Wolfenzon Rolle Edwards) to opine on conduct of lawyers in litigation.  <u>Dudek v. Meuller, et al.</u>, Case No. A-14-703305-C, District Court, Clark County, Nevada.  Report prepared.  Matter settled.

- Retained by law firm to advise as to validity of attorney association agreement. (Name of firm and identities of clients are confidential).

- Retained by Quinn Emanuel Urquhart & Sullivan, LLP to opine with regard to Motions to Disqualify Quinn Emanuel, counsel for Elaine P. Wynn, filed by Wynn Resorts, Limited in the matter entitled <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, pending in District Court, Clark County, Nevada.  (RPC 3.3, 4.4, 5.3 and 8.4).  Report prepared. Matter resolved.

- Retained by attorney to advise as to obligations when client is committing fraudulent acts.  (Name of attorney is confidential.)

- Retained by Kravitz, Schnitzer & Johnson to opine on attorney's obligations when claim is made that fees were paid with stolen funds.  <u>Novva Ausrustung Group, Inc. v. Dean Kajioka</u>, Case No. 2:17-cv-01293-RFB-VCF, U. S. District Court, District of Nevada.  Case settled.

- Retained by Buckley Sandler, LLP to opine on law firm's obligations when withdrawing from one jointly represented client and continuing to represent the other.  <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, District Court, Clark County, Nevada.  Matter resolved.

- Retained by Hartford Financial Products to render an opinion on the conduct of Ken R. Ashworth, Esq., Hans R. Baldau, Esq., Geoffrey A. Potts, Esq., and Ken R. Ashworth & Associates P.C. as alleged in the Arbitration Matter of <u>Michael C. Fuoroli and Tiffany S. Fuoroli, Claimants v. Ken R. Ashworth & Associates, Ken R. Ashworth, Hans R. Baldau, and Geoffrey A. Potts, Respondents / Ken R. Ashworth & Associates, Professional Corporation, Counterclaimant v. Michael C. Fuoroli and Tiffany S. Fuoroli, Counter-respondents</u>, Case No. 211874.  Case decided.

- Retained by Armstrong Teasdale to render an opinion on the conduct of attorney in representing client in negotiations.  (Alleged aiding and abetting client in breach of fiduciary duty to partner.)  <u>LV Holdco LLC v. Atalon Mgmt. Group, LLC, et al.</u>, Case No. A-17-749387-B, District Court, Clark County, Nevada.

- Retained by Santoro Whitmire to render an opinion on the conduct of attorneys and law firm (Gordon Rees Scully Mansukhani, LLP) in the conduct of litigation.

Smead v. Gordon Rees, et al., Case No. A-16-760737-C, District Court, Clark County, Nevada.

- Retained by Holley Driggs Walch Fine Wray Puzey & Thompson to render an opinion on the conduct of attorney T. James Truman in the representation of his client. T. James Truman & Associates v. Quest Preparatory Academy, Case No. A-15-727469-C, District Court, Clark County, Nevada.

- Retained by Hutchison & Steffen to opine on the validity of an alleged conflict waiver by a governmental entity (City of Las Vegas) in order to permit it to be represented by a law firm which was appearing adverse to it in a related matter. 180 Land Co. LLC v. City of Las Vegas, Case No. A-17-758528-J, District Court, Clark County, Nevada. Preliminary opinion rendered. Matter resolved.

- Requested (pro bono) by the Clark County District Attorney's office to advise as to propriety of criminal defense attorneys posting offensive comments on social media (Nevada RPC 8.4(d)). Memorandum re substance and remedies delivered. (7/16/18).

- Retained by law firm to opine and advise regarding expulsion of partner/ shareholder from firm. Name of firm is confidential.

- Retained by Gentile Cristalli Miller Armeni & Savarese, PLLC to opine and advise regarding reasonableness of fees in King v. Desert Palace, Inc., et al., Case No. A-13-691609-C, District Court, Clark County, Nevada. Opinion rendered.

- Retained by Olson, Cannon, Gormley, Angulo & Stoberski to opine on malpractice issues in Coleman v. Tomsheck, et al., Case No. A-15-728692-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. The Estate of Glen Woods, et al., Case No. A-18-775111-C, District Court, Clark County, Nevada. Oral report given. Case settled.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. Andrew B. Platt, et al., Case No. A-18-774926-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Marshall & Associates to opine on the conduct of attorney Douglas J. Gardner (and others) in the representation of clients (insurer and insured) in litigation and other related matters. Century National Insurance Co., et al. v. Douglas J. Gardner, et al., Case No. 2:18-cv-02090-APG-BWN, U.S. District Court, District of Nevada. Report prepared.

- Retained by Robison Sharp Sullivan & Brust to opine on existence of and consequences arising from former client conflict. Coyote Springs Investment, LLC v. Wilson, Case No. A-19-789203-J, District Court, Clark County, Nevada.

- Retained by Kravitz, Schnitzer & Johnson, Chtd. to opine on the conduct of Dennis M. Prince with respect to his conduct in <u>Lee Pretner, et al. v. Michael A. Vasquez, et al.</u>, Case No. A-11-632845-C, in the District Court, Clark County, Nevada; which is now at issue in <u>Dana Andrew, et al. v. Century Surety Company</u>, Case No. 2:12-cv-00978-APG-PAL, in the United States District Court, District of Nevada.  Report prepared.

- Retained by Fidelity National Law Group to opine as to the reasonableness of the attorneys' fees incurred by the Plaintiff's counsel in <u>The Money Source, Inc. v. Chartered Holdings, Inc</u>. and related cases, Case No. A-17-749645-C, District Court, Clark County, Nevada.  Report prepared.  Matter decided.

- Retained by Flangas Law Firm, Ltd. to opine as to the conduct of C. Conrad Claus, Esq. with respect to the claims alleged in <u>Grundy v. Claus & McKenzie</u>, Case No. A-17-754726-C, in the Eighth Judicial District Court, Clark County, Nevada.  Reports prepared.

- Retained by Hutchison & Steffen, PLLC to opine as to the conduct of Rory Vohwinkel and Vohwinkel  & Associates with respect to <u>Caballos De Oro Estates, LLC v. Eliot A. Alper, et al.</u>, Case No. A-17-752905, pending in the Eighth Judicial District Court, Clark County, Nevada.

<u>CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)</u>

- National Business Institute (NBI) (6/19/19): "Ethics in Business Law"

- Clark County Bar Association (5/14/19):  "Things They Didn't Tell You In Law School"

- Clark County Bar Association (5/9/18):  "Current Topics for New (and Not So New) Lawyers"  Current Issues in Ethics

- Kolesar & Leatham (12/22/17):  Current Issues In Privilege and Confidentiality

- National Business Institute (12/20/17):  Legal Ethics – Top Challenges

- Association of Legal Administrators, Las Vegas Chapter (11/14/17):  "Attorney-Client Privilege and Confidentiality"

- National Business Institute (10/19/17):  Tax Exempt Organizations:  Ethics Bootcamp

- Clark County Bar Association (5/11/17):  "You Know Where You've Been . . ."  Current Issues in Ethics

- State of Nevada-Paralegal Division (4/29/17):  Confidentiality and Attorney-Client Privilege

- City of Henderson, City Attorney's Office (10/6/16): Ethics 2016: "What Can I Say?"

- Southern Nevada Association of Women Attorneys (1/7/16): "Things to Fear in the New Year"

- Clark County Bar Association (12/9/15): "12th Annual Ethical Issues"

- Clark County Bar Association (6/25/15): "Things You Don't Know Can Hurt You – Here are 12 of them"

- Water Law Institute: 17th Annual Law of the Colorado River Conference (5/1/15): "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15): "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14): "11th Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference: Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14): "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada: Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13). 10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13). "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society: Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter: Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference: Water Lawyers and Ethics (6/7/13).

- Clark County Bar Association (5/8/13) "4th Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12). 9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12). "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12). "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle? Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

- Clark County Bar Association (9/18/09):  "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09):  "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation."  Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials.  Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07)  "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

31

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005:  Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003:  What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics:  2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice:  Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems:  Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

- State Bar of Nevada (3/21/98):  "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]

# Exhibit 3

# Exhibit 3

## DECLARATION OF THOMAS A. ZIMMERMAN, JR.

I, Thomas A. Zimmerman, Jr., declare as follows:

1.      I am over the age of eighteen and a resident of Cook County, Illinois.

2.      I am the principal of Zimmerman Law Offices, P.C. ("Zimmerman Law"), an Illinois professional corporation, co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

3.      I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

4.      I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy, LLP and Zimmerman Law.

5.      I am a seasoned litigator with more than 23 years of experience as a class action attorney.  I have been appointed as class counsel in numerous matters in federal and state courts throughout the country.  A true and correct copy of Zimmerman Law's firm biography is attached to the Motion as Exhibit 4.

6.      I have substantial experience and knowledge in class actions and complex litigation cases, including consumer law and deceptive trade practices matters.

7.      Zimmerman Law has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

8.      Zimmerman Law is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

/ / /

/ / /

/ / /

Page 1 of 2

9.      Contemporaneous with the filing of this Declaration, I intend to seek admission to practice before this Court pursuant to Nevada Supreme Court Rule 42 to represent Plaintiff and the putative class in this matter.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on this 27th day of April, 2020, in Cook County, Illinois.

_____/s/ Thomas A. Zimmerman, Jr._____
THOMAS A. ZIMMERMAN, JR.

# Exhibit 4

# Exhibit 4

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $250 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 23 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019 and 2020, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC

appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

**Sharon A. Harris**

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For over 20 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

**Matthew C. De Re**

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

**Jeffrey D. Blake**

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

**Jordan M. Rudnick** (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. MD).

*Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an

internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO).

*Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D. NY).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, IL).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, IL).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest*

*Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

*Misleading Product Claims* — $1.4 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

*Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

*Breach of Contract* — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

*Privacy Violation* — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. IL).

*Contaminated Drinking Water* — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

*Fraud* — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

*Foreclosure Fraud* — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. IL).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.*, No. 07 CH 14018 (Cook Cnty, IL).

*Improper Health Club Memberships* — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, IL).

*Illegal Lending Practices* — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. IL).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. IL).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc., et al.*, No. 06 CH 03056 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

**Pending Cases — Appointed Class Counsel**

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. *Black, et al. v. City of Girard, Ohio, et al.*, No. 18 cv 1256 (Trumbull Cnty, OH).

**Pending Cases — Appointed to Executive Committee**

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

**Pending Cases**

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased cleaning products that advertised they were made of higher quality ingredients than were actually contained in the products.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by their employer.

*Americans with Disabilities Act* — Class action for a nationwide class of disabled individuals who were denied full, equal and independent access to the goods, services and facilities provided by a hotel.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Environmental Contamination* — Class action for a statewide class of individuals who suffered from an infiltration of lead and arsenic on their property.

*Shareholder Derivative Action* — Class action for a nationwide class of individuals and businesses who are shareholders of a company that wrongfully entered into a merger transaction.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Fraud* — Class action for a nationwide class of individuals who purchased used cosmetics and beauty products that were sold as new.

*Breach of Contract* — Class action for a statewide class of individuals who are members of athletic clubs that unilaterally terminated their rewards program without notice.

*Fraud* — Class action for a nationwide class of individuals who were charged an improper checkout bag tax on retail purchases in the City of Chicago.

*Unpaid Wages* — Class action for a statewide class of individuals who were not paid all of the wages they earned while working at restaurants.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who paid inflated prices for tickets to events due to improper coordination among ticket brokers.

*Improper Fee* — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain.

*Fraud* — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

*Defective Product* — Class action for a nationwide class of individuals who purchased misbranded and adulterated pharmaceuticals.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

11

**Reception**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Monday, April 27, 2020 1:19 PM |
| **To:** | BKfederaldownloads |
| **Subject:** | Notification of Service for Case:  A-20-814178-C, Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s) for filing Motion for Class Certification - MCC (CIV), Envelope Number: 5980053 |



# Notification of Service
### Case Number: A-20-814178-C
### Case Style: Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s)
### Envelope Number: 5980053

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-20-814178-C |
| **Case Style** | Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s) |
| **Date/Time Submitted** | 4/27/2020 1:18 PM PST |
| **Filing Type** | Motion for Class Certification - MCC (CIV) |
| **Filing Description** | Plaintiff's Motion for Class Certification and Appointment of Class Counsel |
| **Filed By** | Sharon Murnane |
| **Service Contacts** | Christopher Bruun: <br><br>Paul Williams (pwilliams@baileykennedy.com) <br><br>Dennis Kennedy (dkennedy@baileykennedy.com) <br><br>Bailey Kennedy, LLP (bkfederaldownloads@baileykennedy.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |

**SUMM**
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Plaintiff Christopher Bruun*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN GOURMET BURGERS, INC., a Delaware corporation; and RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>Defendants. | Case No. A-20-814178-C<br>Dept. No.<br><br>**SUMMONS**<br><br>**RED ROBIN INTERNATIONAL, INC.** |

**THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

Page **1** of **2**

b.  Serve a copy of your response upon the attorney whose name and address is shown

below.

2.  Unless you respond, your default will be entered upon application of the plaintiff, and

failure to so respond will result in a judgment of default against you for the relief demanded in the

Complaint, which could result in the taking of money or property or other relief requested in the

Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so

that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board

members, commission members and legislators each have 45 days after service of this Summons

within which to file an Answer or other responsive pleading to the Complaint.


Issued at the direction of:

/s/ Dennis L. Kennedy
DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
BAILEY❖KENNEDY
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

Attorneys for Plaintiff Christopher Bruun

STEVEN D. GRIERSON
CLERK OF COURT

By:                                    4/27/2020
DEPUTY CLERK              Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

## Reception

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Monday, April 27, 2020 10:53 AM |
| **To:** | BKfederaldownloads |
| **Subject:** | Courtesy Notification for Case: A-20-814178-C; Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s); Envelope Number: 5978267 |

# Courtesy Notification

Envelope Number: 5978267
Case Number: A-20-814178-C
Case Style: Christopher Bruun, Plaintiff(s)
vs.
Red Robin Gourmet Burgers, Inc., Defendant(s)

This is a courtesy notification for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-20-814178-C |
| **Case Style** | Christopher Bruun, Plaintiff(s)<br>vs.<br>Red Robin Gourmet Burgers, Inc., Defendant(s) |
| **Date/Time Submitted** | 4/27/2020 10:19 AM PST |
| **Filing Type** | EFile |
| **Filing Description** | Summons - Red Robin International, Inc. |
| **Activity Requested** | Summons Electronically Issued - Service Pending - SEI (CIV) |
| **Filed By** | Sharon Murnane |
| **Filing Attorney** | Dennis Kennedy |

| Document Details | |
|---|---|
| **Lead Document** | 20.04.27 Summons-Red Robin Int'l (tbi).pdf |
| **Lead Document Page Count** | 2 |
| **File Stamped Copy** | View Stamped Document |
| This link is active for 180 days. | |

Electronically Filed
4/28/2020 10:15 AM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**
\*\*\*\*

| | |
|---|---|
| Christopher Bruun, Plaintiff(s) | Case No.:   A-20-814178-C |
| vs. | |
| Red Robin Gourmet Burgers, Inc., | Department 9 |
| Defendant(s) | |

## NOTICE OF HEARING

Please be advised that the Plaintiff's Motion for Class Certification and Appointment of Class Counsel in the above-entitled matter is set for hearing as follows:

**Date:**         June 08, 2020

**Time:**         Chambers

**Location:**     RJC Courtroom 11B
                  Regional Justice Center
                  200 Lewis Ave.
                  Las Vegas, NV 89101

**NOTE: Under NEFCR 9(d), if a party is not receiving electronic service through the Eighth Judicial District Court Electronic Filing System, the movant requesting a hearing must serve this notice on the party by traditional means.**

STEVEN D. GRIERSON, CEO/Clerk of the Court

By:   /s/ Ondina Amos
         Deputy Clerk of the Court

### CERTIFICATE OF SERVICE

I hereby certify that pursuant to Rule 9(b) of the Nevada Electronic Filing and Conversion Rules a copy of this Notice of Hearing was electronically served to all registered users on this case in the Eighth Judicial District Court Electronic Filing System.

By:   /s/ Ondina Amos
         Deputy Clerk of the Court

Electronically Filed
4/27/2020 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP (CIV)**
DENNIS L. KENNEDY
2  Nevada Bar No. 1462
PAUL C. WILLIAMS
3  Nevada Bar No. 12524
**BAILEY❖KENNEDY**
4  8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
5  Telephone: 702.562.8820
Facsimile: 702.562.8821
6  DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com
7
*Attorneys for Plaintiff Christopher Bruun*
8
CASE NO: A-20-814178-C
Department 9

9                    DISTRICT COURT

10              CLARK COUNTY, NEVADA

11  CHRISTOPHER BRUUN, individually, and on      Case No.
behalf of all others similarly situated,        Dept. No.
12
Plaintiff,                 **CLASS ACTION COMPLAINT**
13
14  vs.                                          **Exempt from Arbitration** (NAR 3(A) –
**Class Action; Equitable Relief Sought)**
15  RED ROBIN GOURMET BURGERS, INC., a
Delaware corporation; and RED ROBIN            **Jury Trial Demanded**
16  INTERNATIONAL, INC., a Nevada corporation,

17              Defendants.

18        Plaintiff Christopher Bruun ("Plaintiff") brings this action individually, and on behalf of all

19  others similarly situated, by and through counsel, against Defendants Red Robin Gourmet Burgers,

20  Inc. and Red Robin International, Inc. (collectively, "Defendants"), and hereby alleges as follows:

21                        **INTRODUCTION**

22        1.      Defendants operate the casual dining restaurant chain known under the trade name

23  Red Robin Gourmet Burgers and Brews ("Red Robin Restaurants").

24        2.      Red Robin Restaurants falsely represent the number of ounces of Stella Artois beer

25  served in their Stella Artois chalices, thereby overcharging their customers for each glass of beer.

26                           **PARTIES**

27        3.      Plaintiff Christopher Bruun is a natural person and resident and citizen of Colorado.

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

4.    Defendant Red Robin Gourmet Burgers, Inc. ("RRGBI") is a Delaware corporation with a principal place of business located at Greenwood Village, Colorado.

5.    Defendant Red Robin International, Inc. ("RRII") is a Nevada corporation and wholly-owned subsidiary of RRGBI. RRII's principal place of business is in Greenwood Village, Colorado.

## JURISDICTION AND VENUE

6.    This Court has general personal jurisdiction over RRII because it is a Nevada corporation.

7.    This Court also has general personal jurisdiction over RRGBI because it controls the actions of RRII.

8.    Further, Defendants have intentionally availed themselves of this jurisdiction because they regularly conduct business in Nevada and have availed themselves of Nevada laws by operating restaurants in this jurisdiction where the complained-of conduct has occurred.

9.    This Court has subject matter jurisdiction over this action because Defendants operate restaurants in this jurisdiction where the complained-of conduct has occurred.

10.   Venue is proper in this District because Defendants operate restaurants in this District where the complained-of conduct has occurred.

## FACTUAL BACKGROUND

11.   RRGBI, through RRII, operates and franchises Red Robin Restaurants throughout the United States. At the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States and one Canadian province.[1] Out of these 556 Red Robin Restaurants, 454 were Company owned and 102 were operated by franchisees.[2]

12.   In addition to their many hamburger offerings, Red Robin Restaurants offer and sell a variety of drinks, including local and imported beers.

13.   Stella Artois ("Stella") is a brand of imported beer from Belgium.

---

[1]  *See* https://sec.report/Document/0001171759-20-000008/ (RRGBI's 10-K Report filed Feb. 25, 2020, at Part I, Item 1, Business Overview) (last accessed Apr. 7, 2020).

[2]  *Id.*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    14.    The menu at Red Robin Restaurants lists for sale Stella beer in varying amounts of

2    ounces, one of which being 16 ounces of Stella beer. The Red Robin Restaurants' menu lists the 16

3    ounce Stella beer as having 190 calories.

4    15.    The Red Robin Restaurants' Nutritional Guide lists nutritional information for Stella

5    beer in varying sizes, including 16 ounces of Stella beer.[3] This Nutritional Guide lists the 16 ounce

6    Stella beer as having 190 calories.

7    16.    Red Robin Restaurants serve Stella beer in specially crafted chalices that have the

8    Stella Artois logo and a gold rim ("Stella chalice"). Each Stella chalice has a "fill line" etched into

9    the glass, which is labelled pursuant to the Metric system in centiliters. This "fill line" is located

10    some distance below the top rim of the chalice, and there is no marking on the chalice to indicate

11    the amount of liquid that the chalice holds in the space above the 33 centiliter "fill line" up to the

12    rim of the chalice.

13    17.    Defendants market and sell "16 ounces" of Stella beer in their Red Robin

14    Restaurants in a Stella chalice that has a "fill line" of 33 centiliters.  All of the Stella chalices that

15    have a "fill line" of 33 centiliters are uniformly designed and manufactured to the same volume

16    specifications, and they all hold the same volume of liquid in them.

17    18.    All of the Stella chalices that have a "fill line" of 33 centiliters hold a maximum

18    amount of 14 ounces of liquid in them when they are filled to the top rim of the chalice with liquid.

19    19.    Unbeknownst to Plaintiff and Class members, when they order, purchase, and

20    receive a "16 ounce" Stella beer at a Red Robin Restaurant, they are not receiving what they

21    ordered and paid for, as it is not feasible for them to calculate the amount of liquid that the Stella

22    chalice holds in the space above the 33 centiliter "fill line" up to the rim of the chalice.

23    20.    Pursuant to the franchise agreement, the franchisees operate the Red Robin

24    Restaurants under business formats, methods, procedures, designs, layouts, standards, and

25    specifications created and distributed by Defendants.  Defendants developed and proscribed

26    mandatory specifications, standards, operating procedures, and rules for all of the Red Robin

27

28    ---
[3]    *See* https://www.redrobin.com/pages/nutrition/ (last visited Apr. 6, 2020).

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 | Restaurants—including the restaurants owned by franchisees—and Defendants direct, monitor, and
2 | control the operation of all Red Robin Restaurants.

3 |     21.     Defendants' foregoing uniform standards and guidelines required all Red Robin
4 | Restaurants to (a) have the same menu representing that Stella beer is sold in a 16 ounce volume,
5 | and (b) serve the "16 ounce" Stella beer in the same Stella chalices that have a "fill line" of 33
6 | centiliters.

7 |     22.     Thus, all Red Robin Restaurants are overcharging their customers, including
8 | Plaintiff and Class members, for Stella beer by representing that they are selling 16 ounces of Stella
9 | beer, when in fact they are providing their customers, including Plaintiff and Class members, with,
10 | at most, 14 ounces of beer.

11 | **FACTS RELEVANT TO PLAINTIFF**

12 |     23.     Plaintiff dined at Red Robin Restaurants at various times in 2019 and 2020, during
13 | which Plaintiff ordered a 16 ounce Stella beer, as represented by Defendants.

14 |     24.     Plaintiff was served his "16 ounce" Stella beers in a Stella chalice that was etched
15 | with a "fill line" of 33 centiliters.

16 |     25.     Defendants charged, and Plaintiff paid, for 16 ounces of Stella beer.

17 |     26.     However, Plaintiff received, at most, 14 ounces of Stella beer.

18 | **CLASS ALLEGATIONS**

19 |     27.    **Class Definition**: Plaintiff brings this action pursuant to NRCP 23, on behalf of a
20 | nationwide class of similarly situated individuals and entities (the "Class"), defined as follows:

21 |     All individuals in the United States who, during the applicable statute
22 |     of limitations, dined in a Red Robin Gourmet Burgers and Brews
23 |     restaurant and paid for 16 ounces of Stella Artois beer that was served
24 |     in a Stella chalice with a maximum capacity of 14 ounces.  Excluded
25 |     from the Class are: (1) Defendants' current and former employees,
26 |     officers, and directors; (2) the Judge to whom this case is assigned and
27 |     the Judge's immediate family; (3) any person who executes and files a
28 |     timely request for exclusion from the Class; (4) any persons who have

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    had their claims in this matter finally adjudicated and/or otherwise

2    released; and (5) the legal representatives, successors and assigns of any

3    such excluded person.

4    28.    **Numerosity and Ascertainability**: Upon information and belief, the Class is

5    comprised of thousands of individuals, and is so numerous that joinder of all members is

6    impracticable.  For example, Red Robin Restaurants' total revenue for 2019 was $1.2 billion.[4]

7    While the exact number of Class members is presently unknown and can only be ascertained

8    through discovery, Class members can be identified through Defendants' records, Class members'

9    records, or by other means.

10    29.    **Commonality and Predominance**: There are several questions of law and fact

11    common to the claims of the Plaintiff and members of the Class which predominate over any

12    individual issues, including:

13         (a)    Whether Defendants made misrepresentations and omissions with respect to

14                the number of ounces of Stella beer they serve when a customer orders a 16

15                ounce Stella beer;

16         (b)    Whether Defendants engaged in unfair and deceptive conduct as described

17                herein;

18         (c)    Whether Defendants breached contracts with their customers when they

19                offered for sale 16 ounces of Stella beer, but only provided their customers

20                with, at most, 14 ounces of beer;

21         (d)    Whether Defendants were unjustly enriched when they charged their

22                customers for 16 ounces of Stella beer, but only provided their customers

23                with, at most, 14 ounces of beer; and

24         (e)    Whether Defendants are liable for the damages suffered by Plaintiff and

25                Class members.

26

27

28    [4]   *See* https://sec.report/Document/0001171759-20-000008/ (RRGBI's 10-K Report filed Feb. 25, 2020, at Part II, Item 6, Selected Financial Data) (last accessed Apr. 7, 2020).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

30.     **Typicality**: Plaintiff's claims are typical of the claims of the Class. All claims are based on the same legal and factual issues. Plaintiff and each of the Class members were customers of Red Robin Restaurants. Defendants' conduct was uniform to Plaintiff and all Class members.

31.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

32.     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. The trial and the litigation of Plaintiff's and Class members' claims are manageable.

<div align="center">

**COUNT I**

**Breach of Contract**

</div>

33.     Plaintiff repeats and realleges the above allegations as though fully set forth herein.

34.     Plaintiff brings this Count individually, and on behalf of the Class.

35.     Defendants offered 16 ounces of Stella beer for sale to customers dining in their Red Robin Restaurants.

36.     Plaintiff and Class members dined at Red Robin Restaurants, accepted Defendants' offer, and ordered and purchased 16 ounces of Stella beer.

37.     Defendants breached their contract with Plaintiff and Class members when they provided Stella beer to Plaintiff and Class members in Stella chalices that can hold, at most, 14 ounces of liquid.

38.     As a result of Defendants' breaches, Plaintiff and Class Members have sustained damages in an amount in excess of $15,000.

<div align="center">

**COUNT II**

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

</div>

39.     Plaintiff repeats and realleges the above allegations as though fully set forth herein.

40.     Plaintiff brings this Count individually, and on behalf of the Class.

<div align="center">

Page **6** of **12**

</div>

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    41.    Defendants offered 16 ounces of Stella beer for sale to customers dining in their Red

2  Robin Restaurants.

3    42.    Plaintiff and Class members dined at Red Robin Restaurants, accepted Defendants'

4  offer, and ordered and purchased 16 ounces of Stella beer.

5    43.    As a result of the contract, Defendants owed Plaintiff and Class Members a duty of

6  good faith and fair dealing.

7    44.    Defendants breached the implied covenant of good faith and fair dealing with

8  Plaintiff and Class members when they provided Stella beer to Plaintiff and Class members in

9  Stella chalices that can hold, at most, 14 ounces of liquid—depriving Plaintiff and Class Members

10  of their justified expectations.

11    45.    As a result of Defendants' breaches, Plaintiff and Class Members have sustained

12  damages in an amount in excess of $15,000.

13                                    **COUNT III**

14        **Violation of the Consumer Fraud and Deceptive Trade Practices Acts**

15              **of the Various States Where Defendants have Restaurants**

16    46.    Plaintiff repeats and realleges the above allegations as though fully set forth herein.

17    47.    Plaintiff brings this Count individually, and on behalf of the Class, for violations of

18  the respective statutory consumer protection laws, as follows:

19              (a)    The Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1,

20                    *et seq.*;

21              (b)    The Alaska Unfair Trade Practices and Consumer Protection Act,

22                    AS § 45.50.471, *et seq.*;

23              (c)    The Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

24              (d)    The Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

25              (e)    The California Unfair Competition Law, Cal.Bus. & Prof. Code §§ 17200,

26                    *et seq.* and 17500, *et seq.*;

27              (f)    The California Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*;

28              (g)    The Colorado Consumer Protection Act, C.R.S.A. § 6-1-101, *et seq.*;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   (h)   The Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a, *et seq.*;

2   (i)   The Delaware Consumer Fraud Act, 6 Del. C. § 2511, *et seq.*;

3   (j)   The Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201,

4   *et seq.*;

5   (k)   The Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

6   (l)   The Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

7   (m)   The Ohio Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

8   501/1, *et seq.*;

9   (n)   The Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

10   (o)   The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann.

11   § 714H.1, *et seq.*;

12   (p)   The Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

13   (q)   The Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

14   (r)   The Louisiana Unfair Trade Practices and Consumer Protection Law,

15   LSA-R.S. 51:1401, *et seq.*;

16   (s)   The Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

17   (t)   The Maryland Consumer Protection Act, MD Code, Commercial Law,

18   § 13-301, *et seq.*;

19   (u)   The Massachusetts Regulation of Business Practices for Consumers

20   Protection Act, M.G.L.A. 93A, *et seq.*;

21   (v)   The Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

22   (w)   The Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68,

23   *et seq.*;

24   (x)   The Missouri Merchandising Practices Act, V.A.M.S. § 407.010, *et seq.*;

25   (y)   The Montana Unfair Trade Practices and Consumer Protection Act of 1973,

26   Mont. Code Ann. § 30-14-101, *et seq.*;

27   (z)   The Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

28   (aa)   The Nevada Deceptive Trade Practices Act, NRS 598.0903, *et seq.*;

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

(bb)   The New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

(cc)   The New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

(dd)   The New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

(ee)   The New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

(ff)   The North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

(gg)   The Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

(hh)   The Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

(ii)   The Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

(jj)   The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

(kk)   The Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

(ll)   The South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq.*;

(mm)   The South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq.*;

(nn)   The Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*;

(oo)   The Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq.*;

(pp)   The Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq.*;

(qq)   The Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq.*;

(rr)   The Washington Consumer Protection Act, RCWA 19.86.010, *et seq.*; and

(ss)   The Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100, *et seq.*

1    48.    Defendants engaged in unfair and deceptive acts or practices when they represented

2  and sold 16 ounces of Stella beer at their Red Robin Restaurants in Stella chalices that have a

3  maximum capacity of 14 ounces.

4    49.    Defendants represented to Plaintiff and Class members that they were purchasing 16

5  ounces of Stella beer, but instead provided, at most, 14 ounces of beer to Plaintiff and Class

6  members.

7    50.    Defendants' representations were false because the Stella chalice in which the "16

8  ounce" Stella beer was served could only hold a maximum amount of 14 ounces.

9    51.    Defendants omitted the material fact that the Stella chalice in which they served the

10  "16 ounce" Stella beer could not hold more than 14 ounces of liquid.

11    52.    Defendants intended for Plaintiff and the members of the Class to rely upon their

12  misrepresentations and omissions, and Plaintiff and Class members did, in fact, reasonably rely

13  upon these misrepresentations and omissions. At the time Plaintiff and Class members purchased

14  and received the "16 ounce" Stella beer from Defendants, there was no feasible basis for them to

15  determine that the Stella chalice only held a maximum of 14 ounces of liquid.

16    53.    Had Plaintiffs and Class members known that Defendants were selling "16 ounces"

17  of Stella beer in chalices that could only hold 14 ounces of liquid, they would not have purchased

18  the "16 ounce" Stella beer, or they would have paid less for it.

19    54.    The above-described deceptive and unfair acts and practices were used or employed

20  in the conduct of trade or commerce.

21    55.    The above-described deceptive and unfair acts offend public policy and cause

22  substantial injury to consumers.

23    56.    Defendants' conduct implicates consumer protection concerns as their practices

24  affect the public generally.

25    57.    As a result of Defendants' conduct, Plaintiff and Class Members have sustained

26  damages in an amount in excess of $15,000.

27    58.    Plaintiff and Class members have suffered damages as a direct and proximate result

28  of Defendants' unfair and unconscionable commercial practices.  These substantial injuries

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   outweigh any benefit to consumers or competition that may result from Defendants' unfair

2   practices.

3                                         **COUNT IV**

4                        **Unjust Enrichment – Pled in the Alternative**

5       59.    Plaintiff repeats and realleges the above allegations as though fully set forth herein.

6       60.    Plaintiff brings this Count individually, and on behalf of the Class.

7       61.    Plaintiff brings this Count in the alternative to Counts I (Breach of Contract) and

8   Count II (Breach of the Implied Covenant of Good Faith and Fair Dealing).

9       62.    As a result of Defendants' practice of charging Plaintiff and the Class for 16 ounces

10  of Stella beer but providing them with less than 16 ounces, as alleged in detail *supra*, Defendants

11  unjustly retained a benefit (*i.e.*, the amount of overpayment) to the detriment of Plaintiff and the

12  Class.

13      63.    Defendants' retention of this benefit violates the fundamental principles of justice,

14  equity, and good conscience.

15      64.    Defendants accepted this unjust benefit, and it would be inequitable for Defendants

16  to retain the benefit of those monies, as Plaintiff and Class members paid the money as a result of

17  Defendants' deceptive and unfair practices.

18      65.    Defendants have obtained money to which they are not entitled, and interest on that

19  money, and under these circumstances equity and good conscience require that Defendants return

20  the money with interest to Plaintiff and the Class.

21      66.    As a result of Defendants' conduct, Plaintiff and Class Members have sustained

22  damages in an amount in excess of $15,000.

23                                    **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiff Christopher Bruun, individually, and on behalf of all others

25  similarly situated, prays for an Order as follows:

26          A.    An order certifying this action to be a proper class action pursuant to Nevada

27          Rule of Civil Procedure 23, finding Plaintiff is a proper representative of the Class, and

28          appointing the undersigned counsel and his law firm as Class Counsel.

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1         B.      For temporary, preliminary, and permanent injunctive relief enjoining

2   Defendants from representing that there are 16 ounces of Stella beer sold in the Stella

3   chalice that is etched with a "fill line" of 33 centiliters;

4         C.      For judgment for damages in excess of $15,000;

5         D.      For judgment for punitive damages according to proof;

6         E.      For an award of reasonable attorney's fees and costs;

7         F.      For an award of interest provided by law; and

8         G.      For such other and further relief that the Court may deem just and proper.

9   **JURY DEMAND**

10   Plaintiff demands a trial by jury on all counts so triable.

11   DATED this 27th day of April, 2020.

12                     **BAILEY❖KENNEDY**

13                     By: /s/ Dennis L. Kennedy

14                       DENNIS L. KENNEDY
                       PAUL C. WILLIAMS

15                       *Attorneys for Plaintiff Christopher Bruun*

16

17

18

19

20

21

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**Reception**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Monday, April 27, 2020 10:23 AM |
| **To:** | BKfederaldownloads |
| **Subject:** | Courtesy Notification for Case: A-20-814178-C; Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s); Envelope Number: 5978267 |

# Courtesy Notification

Envelope Number: 5978267
Case Number: A-20-814178-C
Case Style: Christopher Bruun, Plaintiff(s)
vs.
Red Robin Gourmet Burgers, Inc., Defendant(s)

This is a courtesy notification for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-20-814178-C |
| **Case Style** | Christopher Bruun, Plaintiff(s)<br>vs.<br>Red Robin Gourmet Burgers, Inc., Defendant(s) |
| **Date/Time Submitted** | 4/27/2020 10:19 AM PST |
| **Filing Type** | EFile |
| **Filing Description** | Class Action Complaint |
| **Activity Requested** | Complaint - COMP (CIV) |
| **Filed By** | Sharon Murnane |
| **Filing Attorney** | Dennis Kennedy |

| Document Details | |
|---|---|
| **Lead Document** | 20.04.27 Complaint (Bruun)-TBF.pdf |
| **Lead Document Page Count** | 12 |
| **File Stamped Copy** | View Stamped Document |
| This link is active for 180 days. | |

1

Electronically Filed
4/27/2020 1:18 PM
Steven D. Grierson
CLERK OF THE COURT

1   **MCC (CIV)**
    DENNIS L. KENNEDY
2   Nevada Bar No. 1462
    PAUL C. WILLIAMS
3   Nevada Bar No. 12524
    **BAILEY❖KENNEDY**
4   8984 Spanish Ridge Avenue
    Las Vegas, Nevada 89148-1302
5   Telephone: 702.562.8820
    Facsimile: 702.562.8821
6   DKennedy@BaileyKennedy.com
    PWilliams@BaileyKennedy.com
7
    *Attorneys for Plaintiff Christopher Bruun*
8
                            DISTRICT COURT
9
                        CLARK COUNTY, NEVADA
10

11  CHRISTOPHER BRUUN, individually, and on     | Case No.   A-20-814178-C
    behalf of all others similarly situated,
12                                              | Dept. No.   IX
                            Plaintiff,
13                                              | **PLAINTIFF'S MOTION FOR CLASS**
                    vs.                         | **CERTIFICATION AND APPOINTMENT OF**
14                                              | **CLASS COUNSEL**
    RED ROBIN GOURMET BURGERS, INC., a
15  Delaware corporation; and RED ROBIN        |
    INTERNATIONAL, INC., a Nevada corporation, | **Hearing Requested**
16
                            Defendants.
17

18          Pursuant to Nevada Rules of Civil Procedure 23(a) and 23(c)(3), Plaintiff Christopher Bruun

19  ("Plaintiff") moves to certify a class action against Defendants Red Robin Gourmet Burgers, Inc.

20  ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants" or "Red Robin") and

21  appoint the undersigned counsel from Bailey❖Kennedy, LLP ("Bailey❖Kennedy") and Thomas A.

22  Zimmerman, Jr., from Zimmerman Law Offices, P.C. ("Zimmerman Law")[1], as Class Counsel.

23  / / /

24  / / /

25  / / /

26  / / /

27  ─────────────
    [1]   Mr. Zimmerman's Verified Application for Association of Counsel Under Supreme Court Rule 42 will be submitted
28  to the State Bar of Nevada.  Upon receipt of the State Bar of Nevada's statement, Plaintiff will move to associate Mr.
    Zimmerman as co-counsel.

                            Page **1** of **13**

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    This motion is supported by the papers and pleadings on file, the accompanying

2    Memorandum of Points and Authorities, the exhibits attached thereto, and any oral argument heard

3    by the Court.

4         DATED this 27th day of April, 2020.

5                                          BAILEY❖KENNEDY

6                                          By: /s/ Dennis L. Kennedy
7                                               DENNIS L. KENNEDY
                                                PAUL C. WILLIAMS
8                                               *Attorneys for Plaintiff Christopher Bruun*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3        Plaintiff Christopher Bruun brings this class action against Defendants Red Robin Gourmet

4   Burgers, Inc. and Red Robin International, Inc. for Red Robin's practice of serving, at most, 14

5   ounces of Stella Artois beer when customers order a 16-ounce Stella Artois beer.  Red Robin offers

6   on its menu Stella Artois in 16-ounce portions, yet the customized Stella Artois chalice in which

7   Red Robin serves the supposed 16-ounce Stella Artois beer can only contain at most 14 ounces of

8   beer.

9        Plaintiff and the other class members did not receive what they paid for, and were deceived

10  into thinking they were receiving a larger quantity of beer than they actually received.  Plaintiff

11  seeks to recover the difference between what Plaintiff bargained for, and what he actually received,

12  and to recover for Red Robin's breach of contract, breach of the covenant of good faith and fair

13  dealing, violation of the consumer fraud and deceptive trade practices acts of the states where Red

14  Robin has restaurants, and unjust enrichment.

15

### II.   STATEMENT OF FACTS

16       Red Robin operates and franchises Red Robin Restaurants throughout the United States. At

17  the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States. (Class

18  Action Complaint ("Compl.") ¶ 11.)  The menu at Red Robin's restaurants offer Stella Artois beer

19  in various sizes, one of which is 16 ounces.  (*Id.* ¶ 14.)  The menu and Nutritional Guide both state

20  that 16 ounces of Stella Artois beer have 190 calories.  (*Id.* ¶¶ 14-15.)

21       Red Robin's representations are false and misleading. All of the Stella Artois chalices in

22  which Red Robin serves its purported 16-ounce, 190-calorie Stella Artois beer have a "fill-line" of

23  33 centiliters and cannot hold more than 14 ounces of beer.  (*Id.* ¶¶ 16-17.)  Plaintiff dined at Red

24  Robin numerous times in 2019 and 2020, and ordered 16 ounces of Stella Artois.  (*Id.* ¶ 23.)

25  Plaintiff paid for 16 ounces of Stella Artois beer each time he ordered a Stella Artois, but only

26  received, at the most, 14 ounces of Stella Artois beer each time.  (*Id.* ¶¶ 25-26.)

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### III.   PROPOSED CLASS DEFINITION

Plaintiff seeks certification of the following nationwide class pursuant to NRCP 23:

> All individuals in the United States who, during the applicable statute
> of limitations, dined in a Red Robin Gourmet Burgers and Brews
> restaurant and paid for 16 ounces of Stella Artois beer that was served
> in a Stella chalice with a maximum capacity of 14 ounces.  Excluded
> from the Class are: (1) Defendants' current and former employees,
> officers, and directors; (2) the Judge to whom this case is assigned and
> the Judge's immediate family; (3) any person who executes and files a
> timely request for exclusion from the Class; (4) any persons who have
> had their claims in this matter finally adjudicated and/or otherwise
> released; and (5) the legal representatives, successors and assigns of any
> such excluded person.

### IV.   ARGUMENT

#### A.   Standard of Decision.

The Nevada Rules of Civil Procedure provide that "[a]s soon as practicable after the commencement of an action brought as a class action, the court must determine by order whether it is to be so maintained." NRCP 23(d)(1).  The Court's "order may be conditional, and may be altered or amended before the decision on the merits." *Id.*

As the Nevada Supreme Court has explained, "class actions promote efficiency and justice in the legal system by reducing the possibilities that courts will be asked to adjudicate many separate suits arising from a single wrong and that individuals will be unable to obtain any redress for wrongs otherwise irremediable because the individual claims are too small or the claimants too widely dispersed." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005).

In that context, NRCP 23(a) provides that a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

2  the interests of the class." In addition to satisfying the four NRCP 23(a) prerequisites, a party

3  moving to certify a class must demonstrate that the proposed class fits into one of the three

4  categories enumerated in NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539 (2005).[2] As

5  detailed below, Plaintiff seeks certification under NRCP 23(c)(3).

6      "A party seeking class certification must affirmatively demonstrate his compliance with the

7  Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties,

8  common questions of law or fact, etc." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350,

9  (2011).[3] While a court must engage in a rigorous analysis of the Rule 23 factors, a plaintiff's

10  "evidentiary showing need not be extensive." *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646

11  (W.D. Wash. 2007) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

12      Moreover, the "class determination generally involves considerations that are enmeshed in

13  the factual and legal issues comprising the plaintiff's cause of action." *Dukes*, 564 U.S. at 351.

14  Thus, while it is "sometimes . . . necessary for the court to probe behind the pleadings before

15  coming to rest on the certification question," such analysis is limited to the issues surrounding

16  certification that "overlap with the merits of the plaintiff's underlying claim." *Id.* at 351; *see also*

17  *id.* at 351 n.6, (noting that a court's analysis of the merits is limited to that which is necessary to

18  determine certification); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("The

19  district court is required to examine the merits of the underlying claim in this context, only

20  inasmuch as it must determine whether common questions exist; not to determine whether class

21  members could actually prevail on the merits of their claims.").

22      **B.**   **The Proposed Class Satisfies the NRCP 23(a) Prerequisites.**

23          *1.*   *The Proposed Class is Numerous.*

24      The numerosity prerequisite is satisfied if "the class is so numerous that joinder of all

25  members is impracticable." NRCP 23(a)(1). While there is no minimum number of class members,

---

[2]   As a result of the March 1, 2019, amendments to the Nevada Rules of Civil Procedure, the three disjunctive conditions
for class certification were moved from NRCP 23(b) to NRCP 23(c).

[3]   The Nevada Supreme Court often relies upon federal cases interpreting Federal Rule of Civil Procedure 23 in
analyzing NRCP 23. *See, e.g., Shuette*, 121 Nev. at 847 n.11, n.12, n.13, n.14, 124 P.3d at 538, n.11, n.12, n.13, n.14.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 "a putative class of forty or more generally will be found numerous." *Shuette*, 121 Nev. at 847, 124

2 P.3d at 537.

3   The Class is likely comprised of thousands of individuals.  (Compl. ¶ 28.) Numerosity is

4 established by the fact that Red Robin has found it cost-effective to use specially crafted chalices

5 with Stella Artois logos on them to serve Stella Artois at its 556 restaurants.  (*Id.* ¶ 16.)  Moreover,

6 Red Robins reports total revenue for 2019 of $1.2 billion.  (*Id.*)

7     **2.**   ***There are Common Questions of Law and Fact.***

8   The commonality prerequisite requires that "there are questions of law or fact common to

9 the class."  NRCP 23(a)(2).  "Questions are common to the class when their answers as to one class

10 member hold true for all class members." *Shuette*, 121 Nev. at 848, 124 P.3d at 538.

11 "Commonality does not require that all questions of law and fact must be identical, but that an issue

12 of law or fact exists that inheres in the complaints of all the class members." *Id.*  Indeed,

13 commonality "may be satisfied by a single common question of law or fact." *Id.*

14   There are several questions of law and fact common to the claims of the Plaintiff and

15 members of the Class which predominate over any individual issues, including:

16   (a)   Whether Defendants made misrepresentations and omissions with respect to the

17      number of ounces of Stella beer they serve when a customer orders a 16-ounce Stella

18      beer;

19   (b)   Whether Defendants engaged in unfair and deceptive conduct as described herein;

20   (c)   Whether Defendants breached contracts with their customers when they offered for

21      sale 16 ounces of Stella beer, but only provided their customers with, at most, 14

22      ounces of beer;

23   (d)   Whether Defendants were unjustly enriched when they charged their customers for

24      16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces

25      of beer; and

26   (e)   Whether Defendants are liable for the damages suffered by Plaintiff and Class

27      members.

28 (Compl. ¶ 29.)

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

**3.**   ***Plaintiff's Claims are Typical of the Proposed Class Members—His Claims Arise from the Same Practice and Course of Conduct that Give Rise to the Claims of the Other Class members.***

The typicality prerequisite is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." NRCP 23(a)(3).  Typicality is present where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Shuette*, 121 Nev. at 848-49, 124 P.3d at 538-39.  The "representatives' claims need not be identical, and class action certification will not be prevented by mere factual variations among class members' underlying individual claims." *Id.* at 849, 124 P.3d at 539.

Here, Plaintiff's and the other Class members' claims all arise out of Red Robin's uniform and standard practice at all Red Robin restaurants that results in overcharging for Stella Artois beer. (*See* Compl. ¶¶ 20-21.)  Red Robin serves Stella Artois in specially-crafted chalices that are a standard shape and size, and uniformly misrepresents their size as 16 ounces when they actually can contain, at most, 14 ounces of beer.  (*Id.* ¶¶ 14-18.)

**4.**   ***Plaintiff and His Counsel will Fairly and Adequately Represent the Class.***

In order to satisfy the fourth prerequisite, a party seeking certification must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." NRCP 23(a)(4).  This "inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Shuette*, 121 Nev. at 849, 124 P.3d at 539 (internal quotation marks omitted).  To satisfy the fourth factor, class members must "possess the same interest and suffer the same injury as other class members." *Id.* (internal quotation marks omitted).

Plaintiff is an adequate Class Representative and will fairly and adequately protect the interests of the Class. There are no potential conflicts present, and Plaintiff suffered the same overcharge injury as the other Class members.

Plaintiff's counsel is qualified to serve as Class Counsel. "Rule 23(a)(4) requires that plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (internal quotation marks and citation omitted).

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 Here, Bailey❖Kennedy and Zimmerman Law are experienced in class actions, complex

2 litigation, and consumer law. Bailey❖Kennedy and Zimmerman Law have represented clients in

3 numerous complex litigation matters and previously served as class counsel in other matters. (Ex.

4 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 3.) Specifically, Dennis L. Kennedy and Thomas

5 A. Zimmerman, Jr. have substantial experience in class actions and complex litigation cases,

6 including consumer law matters. (*See generally See generally* Ex. 2, Curriculum Vitae of Dennis L.

7 Kennedy; and Ex. 4, Firm Biography of Zimmerman Law.)

8 Further, both Bailey❖Kennedy and Zimmerman Law are knowledgeable in consumer law,

9 including deceptive trade practices law. (Ex. 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 4.)

10 Finally, Bailey❖Kennedy and Zimmerman Law both have the necessary resources to

11 zealously represent the Class members, and are prepared to invest the time and resources necessary

12 to adequately serve as Class Counsel. (Ex. 1, Kennedy Decl. ¶ 6; Ex. 3, Zimmerman Decl. ¶ 5.)

13 In sum, because Plaintiff is an adequate Class Representative and has chosen qualified and

14 experienced counsel, this Court should permit Plaintiff to act as the Class Representative and allow

15 his selected counsel to represent the Class members. *See In re Cavanaugh*, 306 F.3d 726, 734 (9th

16 Cir. 2002) ("The choice of counsel has traditionally been left to the parties, whether they sue in

17 their individual capacities or as class representatives.").

18 **C.** **The Proposed Class Satisfies the Requirements of NRCP 23(c)(3).**

19 As discussed above, in addition to satisfying the four NRCP 23(a) prerequisites (i.e.,

20 numerosity, commonality, typicality, and adequacy of representation), a party moving to certify a

21 class must demonstrate that the proposed class fits into one of the three categories enumerated in

22 NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539. Here, Plaintiff seeks certification

23 under NRCP 23(c)(3).

24 Class certification is appropriate under NRCP 23(c)(3) where "the court finds questions of

25 law or fact common to the members of the class predominate over any questions affecting only

26 individual members, and that a class action is superior to other available methods for the fair and

27 efficient adjudication of the controversy."

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1          **1.      *Common Questions Predominate Over Any Individual Questions.***

2          The predominance prong of NRCP 23(c)(3) "tests whether proposed classes are sufficiently

3   cohesive to warrant adjudication by representation." *Shuette*, 121 Nev. at 850, 124 P.3d at 540

4   (internal quotation marks omitted). "The questions of law or fact at issue in this analysis are those

5   that qualify each class member's case as a genuine controversy; therefore, the questions that class

6   members have in common must be significant to the substantive legal analysis of the members'

7   claims." *Id.* (internal quotation marks omitted). Indeed, the predominance inquiry under NRCP

8   23(c)(3) is similar to the analysis of the commonality and typicality requirements of NRCP 23(a),

9   but "it is more demanding." *Id.*

10         Stated succinctly, class certification is appropriate where the "importance of common

11   questions . . . predominate over the importance of questions peculiar to individual class members."

12   *Id.* at 851, 124 P.3d at 540. "For example, common questions predominate over individual

13   questions if they significantly and directly impact each class member's effort to establish liability

14   and entitlement to relief, and their resolution can be achieved through generalized proof." *Id.*

15   (internal quotation marks omitted).

16         The common issues in this case predominate over any individual issues. Each Class

17   member was subject to the same misrepresentations and omissions relating to the amount of Stella

18   Artois beer they ordered, and they all received the same shortfall in the quantity of beer they

19   received. The special chalices containing the Stella Artois beer they ordered were standard in size,

20   and the value of the product in each chalice received by Class members was identical. Questions

21   concerning Red Robin's misrepresentations and failures to deliver what was promised and

22   bargained for predominate in this action.

23         **2.      *A Class Action is the Superior Method of Adjudicating the Common
              Claims of the Class Members.***

24

25         The superiority prong of NRCP 23(c)(3) "questions whether a class action is the superior

26   method for adjudicating the claims, thereby promoting the interests of efficiency, consistency, and

27   ensuring that class members actually obtain relief." *Shuette*, 121 Nev. at 851-52, 124 P.3d at 540.

28   "A proper class action prevents identical issues from being litigated over and over[,] thus avoiding

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    duplicative proceedings and inconsistent results." *Id.* at 852, 124 P.3d at 540-41 (alteration in

2    original) (internal quotation marks omitted).  Importantly, a class action is often the superior

3    method of adjudication where it "helps class members obtain relief when they might be ***unable or***

4    ***unwilling to individually litigate an action for financial reasons . . . .*" *Id.* at 852, 124 P.3d at 541

5    (emphasis added).

6        In determining superiority, courts evaluate: "(A) the interest of members of the class in

7    individually controlling the prosecution or defense of separate actions; (B) the extent and nature of

8    any litigation concerning the controversy already commenced by or against members of the class;

9    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular

10   forum; and (D) the difficulties likely to be encountered in the management of a class action."

11   NRCP 23(c)(3); *accord Shuette*, 121 Nev. at 852, 124 P.3d at 541. "Further, the court must

12   determine whether other adjudication methods would allow for efficient resolution without

13   compromising any parties' claims or defenses." *Shuette*, 121 Nev. at 852, 124 P.3d at 541.

14       As detailed below, each of the superiority factors weighs in favor of class certification.

15              a.    The Class Members do not have an Interest in Controlling the
                      Prosecution of Separate Actions Because Each Class Member's
16                    Damages are Small.

17       The first superiority factor is "the interest of members of the class in individually controlling

18   the prosecution or defense of separate actions." NRCP 23(c)(3)(A). Where "damages suffered by

19   each putative class member are not large, [the first] factor weighs in favor of certifying a class

20   action." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001), *opinion*

21   *amended on denial of reh'g,* 273 F.3d 1266 (9th Cir. 2001).  For example, courts have found that

22   potential damage awards of $1,500 are "insufficient to incentive individual actions." *Kristensen v.*

23   *Credit Payment Services*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014).

24       This factor favors class certification because the individual claims of each Class member

25   concern a shortfall of a small amount of beer in each glass of Stella Artois served by Red Robin.

26   While, in the aggregate, the amount of damages is very high, the injuries suffered by each of the

27   Class members is too small to justify individual actions.

28

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

b.    No Other Known Litigation Exists Between any Class Member and Defendants; thus Class Resolution Serves Judicial Economy.

The second superiority factor instructs consideration of "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." NRCP 23(c)(3)(B). When the court is unaware of any other pending litigation, the factor weighs in favor of certification. *See Kristensen*, 12 F. Supp. 3d at 1308; *see also Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012). Plaintiff is not aware of any other litigation between a Class member and Defendants arising out of the issues in this case. Because there appear to be no similar lawsuits, class resolution is a superior method of adjudicating the instant claims. *See Kristensen*, 12 F. Supp. 3d at 1308; *Agne*, 286 F.R.D. at 571.

c.    Nevada is a Desirable Forum to Concentrate Litigation.

The third superiority factor requires a court to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." NRCP 23(c)(3). Where a defendant is present in a jurisdiction and there "appears no reason why concentrating the litigation in [that jurisdiction] would be undesirable," the third factor supports class certification. *See Protectmarriage.com v. Bowen*, 262 F.R.D. 504, 509 (E.D. Cal. 2009).

Here, Defendants are present and at home in Nevada. RRII is a Nevada corporation, and Defendants have several Red Robin Restaurants in Nevada. Thus, the third superiority factor favors class certification.

d.    There are no Significant Difficulties in Management of the Proposed Class.

The fourth superiority factor requires a court to consider "the difficulties likely to be encountered in the management of a class action." NRCP 23(c)(3)(D). "When the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192. "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not superior." *Id.*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
Las Vegas, Nevada 89148-1302
702.562.8820

1    This case is an ideal class action, concerning uniform practices, standard representations and

2    product packaging, and small individual damages claims.  No difficulties or complexities are added

3    to the case by certifying the Class.  The same evidence that Plaintiff will use to prove his claims

4    will prove the claims of the other Class members.  Accordingly, the fourth superiority factor

5    illustrates the superiority of a class action.

e.    No Other Adequate Adjudication Methods Exist.

7    In assessing superiority, the Nevada Supreme Court has stated that a "court must determine

8    whether other adjudication methods would allow for efficient resolution without compromising any

9    parties' claims or defenses," such as through joinder or consolidation. *Shuette*, 121 Nev. at 852,

10    124 P.3d at 541.  Here, there are no other adequate adjudication methods.  This is an exemplary

11    class action—a very large group of individuals with claims that are too small to incentive any other

12    form of adjudication.

### V.    CONCLUSION

14    Based on the foregoing, the Court should grant Plaintiff's Motion for Class Certification,

15    appoint Plaintiff as the Class Representative, and appoint Bailey❖Kennedy and Zimmerman Law

16    Offices, P.C. as Class Counsel.

17    DATED this 27th day of April, 2020.

**BAILEY❖KENNEDY**

By:  /s/ Dennis L. Kennedy
DENNIS L. KENNEDY
PAUL C. WILLIAMS
*Attorneys for Plaintiff Christopher Bruun*

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

## CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY ❖ KENNEDY and that on the 27th day of April,

2020, service of the foregoing was made by mandatory electronic service through the Eighth Judicial

District Court's electronic filing system and/or by depositing a true and correct copy in the U.S.

Mail, first class postage prepaid, and addressed to the following at their last known address:

Red Robin Gourmet Burgers, Inc. c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Red Robin International, Inc. c/o Corporation Service Company
112 North Curry Street
Carson City, NV 89703

                                        /s/ Sharon Murnane
                                Employee of BAILEY ❖ KENNEDY

# Exhibit 1

# Exhibit 1

**DECLARATION OF DENNIS L. KENNEDY**

I, Dennis L. Kennedy, declare as follows:

1.      I am over the age of eighteen and a resident of Clark County, Nevada.

2.      I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

3.      I am a partner in the law firm of Bailey❖Kennedy, LLP ("Bailey❖Kennedy"), co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

4.      I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy and Zimmerman Law.

5.      I have substantial experience in class actions, complex litigation cases, including consumer law and deceptive trade practices matters.  A true and correct copy of my Curriculum Vitae is attached to the Motion for Certification as Exhibit 2.

6.      Bailey❖Kennedy has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

7.      Bailey❖Kennedy is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of April, 2020.



DENNIS L. KENNEDY

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

# Exhibit 2

# Exhibit 2

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association (Sections of Litigation and Professional Responsibility)
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015, 2016)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)
- Coach/Advisor to A Tech High School Moot Court Team, winner of 2019 Nevada Moot Court Championship

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

- Some Things That Can Hurt You If You Don't Pay Attention, Clark County Bar Association COMMUNIQUE (November 2015)

1

## SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).  Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010).  (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure).  Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994).  Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995).  Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

- Nevada Supreme Court Judicial Education Requirements Study Committee (2015) (Committee was charged with studying the subject of judicial education and making a recommendation to the Nevada Supreme Court.  Final report submitted April 2016)

- Submission of memoranda and giving of oral presentation to Nevada Supreme Court regarding proposed amendment to Nevada R.P.C. 8.4 regarding lawyers' ownership of marijuana/cannabis enterprises.  ADKT No. 0495

- Submission of memorandum to State Bar and State Bar Committee on Ethics and Professional Responsibility regarding lawyers' ownership/participation in the business of purchasing and selling medical liens. (October 2016)

- Submission of memorandum to Nevada Supreme Court regarding proposed amendment to Nevada RPC 8.4 regarding lawyer misconduct.  ADKT 526

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Benchmark Litigation Stars:  2018 – Commercial and Anti-Trust Litigation

- Mountain States "Super Lawyer" 2019; Top 10 – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2018; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2017; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States  "Super Lawyer" 2016; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States  "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation, Appellate Practice, and Ethics and Professional Responsibility Law (1991-present).

- Best Lawyers' 2012 and 2014 Las Vegas Health Care Lawyer of the Year.

## REPORTED CASES (1985-present)

- <u>Lakeside Community Hospital v. Levenson</u>, 101 Nev. 777, 710 P.2d 727 (1985).

- <u>Herbst v. Humana Health Ins. of Nevada</u>, 105 Nev. 586, 781 P.2d 762 (1989).

- <u>In re Discipline of Stuhff</u>, 108 Nev. 629, 837 P.2d 853 (1992).

3

- In re Discipline of Singer, 109 Nev. 1117, 865 P.2d 315 (1993).

- Forsyth v. Humana, Inc., 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by Forsyth v. Humana, Inc., 99 F.3d 1504 (9th Cir. 1996); superseded on rehearing by Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997); affirmed by Humana, Inc. v. Forsyth, 525 U.S. 299 (1999).

- Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- State of Nevada v. Reliable Health Care, 115 Nev. 253, 983 P.2d 414 (1999).

- Baker v. District Court, 116 Nev. 527, 999 P.2d 1020 (2000).

- Nguyen v. State, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- Brown v. District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Badillo v. American Brands, 117 Nev. 34, 16 P.3d 435 (2001).

- Badillo v. American Brands, 202 F.R.D. 261 (D. Nev. 2001).

- Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- Maduka v. Sunrise Hospital, 375 F.3d 909 (9th Cir. 2004).

- Poulos v. Caesar's World, Inc., 379 F.3d 654 (9th Cir. 2004).

- International Game Technology, Inc. v. Second Judicial District Court, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- Leroy's Horse and Sports Place v. Racusin, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); Leroy's Horse and Sports Place v. Racusin, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); Hartunian v. Racusin, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); Racusin v. American Wagering, Inc., 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp., 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

- State of Nevada v. District Court (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- Betsinger v. D.R. Horton, Inc., 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

- Keisic v. Valley Health System, LLC, et al., Nevada Supreme Court Case No. 64445 (December 29, 2015).

- Simmons v. Briones, 133 Nev. Adv. Op. No. 9, 390 P.3d 641 (March 2, 2017).

- Wasmund v. Aria Resort & Casino Holdings, Nevada Court of Appeals Case No. 69147 (March 6, 2017).

- Ford Motor Co. v. Trejo, 133 Nev. Adv. Op. 68, 402 P. 3d 649 (September 27, 2017) (for amicus Nat'l Assn. of Manufacturers).

- Public Employees' Retirement Sys. v. Gitter, 133 Nev. Adv. Op. 18, 393 P.3d 673 (April 27, 2017).

- Valley Health System v. Estate of Jane Doe; Hall Prangle & Schoonveld v. District Court, 134 Nev. Adv. Op. 76, 427 P.3d 1021 (September 27, 2018).

- Michelle Flores v. Las Vegas-Clark County Library District, 134 Nev. Adv. Op. 101, 432 P.3d 173 (December 13, 2018).

- <u>JMB Capital Partners Master Fund, L.P. v. District Court</u>, Nevada Supreme Court Case No. 78008 (March 21, 2019).

- <u>Las Vegas Review Journal v. City of Henderson</u>, Nevada Supreme Court Case No. 73287 (May 24, 2019).

- <u>City of Henderson v. Las Vegas Review Journal</u>, Nevada Supreme Court Case No. 75407 (October 17, 2019).

  ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999).  (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices.  (1998).  Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160).  <u>Brown v. Eighth Judicial District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case.  <u>West v. Myers</u>, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities.  <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims.  <u>Mosley v. Gang, et al.</u>,   Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision. <u>Lewis & Roca v. Bare</u>, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers.  <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices.  (2002).  Name of candidate is confidential.

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim. <u>Luckett v. Hardcastle, et al.</u>, Case No. CV-S-05-0726 RLH-RJJ. (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice. <u>Malignaggi v. Goldberg</u>, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion. <u>Provenza v. Yamaha Motor Co.</u>, Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. <u>Roth v. BMW</u>, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172) (2006). (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion. <u>Daniell v. Peake Development</u>, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest). Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information. <u>Friedman v. Friedman</u>, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification. <u>Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest</u>, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person). Case dismissed. Name of lawyer is confidential. (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim. <u>In re Receivership of Southwest Exchange</u>, Case No. A535439, District Court, Clark County, Nevada. Case settled.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim. Sorrell v. Snell & Wilmer, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada. Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination. Golightly v. Gassner, Case No. 50212, Nevada Supreme Court. Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation. Club 93, Inc. v. County of Elko, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada. Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer. Sperberg v. Hunterton, Case No. 08-149 (State Bar Fee Dispute Proceeding). Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. Powell v. Powell Naqvi, Case No. 08-566761, Eighth Judicial District Court. Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada. Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar. (In re Richard Pipkins). Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. Edwin K. Slaughter, et al. v. Uponor, Inc., et al., Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada. Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice. (2009-2010). Matter concluded without action by State Bar. Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters. State Bar v. Eglet (Case No. SG-10-0874) and Adams (Case No. SG-12-0803). Both proceedings dismissed.

- Representation of attorney in fee dispute arbitration. Davidson v. Gentile, Case No. 10-085, Nevada State Bar Fee Dispute Committee. Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding.  State Bar of Nevada v. Anthony Lopez, Bar No. 08-175 (and numerous related and consolidated cases).  Matters settled.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11).  Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada.  Matter decided.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3).  Attorney's name is confidential.  Case settled.

- Representation of former clients in action against law firm and attorney.  Frias Holding Co. v. Greenberg Traurig, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada.  Engagement concluded.

- Representation of former client against law firm in defense of fee collection proceeding and in prosecution of malpractice counterclaim.  Lionel Sawyer & Collins v. DeWald, State Bar Fee Dispute Committee Matter No. 10-108.  Case dismissed.

- Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence.  Pacifica v. Goold Patterson, et al., Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada.  Matter settled.

- Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation.  Nevada RPC 1.3, 1.4, 5.3 and 8.1.  State Bar v. Haines and Krieger, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters decided.

- Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8.  Richman v. Haines & Krieger, LLC, et al., Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013).  Matter settled.

- Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications.  State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters).  Matters settled.

- Representation of attorneys in challenge (by mandamus) to order of disqualification.  In re City Center Construction and Lien Master Litigation:

<u>MGM Mirage Design Group v. District Court</u>, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. <u>In Re Cook Trusts</u>, Case No. P-11-071394-T. Eighth Judicial District Court, Clark County, Nevada. Matter decided.

- Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim. <u>Lionel Sawyer & Collins v. DeWald,</u> Case No. 79 194 Y 00090 11 nolg (AAA). Engagement concluded.

- Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential). Engagement concluded.

- Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

- Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality. <u>Parker v. Carlson, et al.,</u> Case No. A571921, Eighth Judicial District County, Nevada. Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney. <u>Allstate Insurance Co., v. Balle, et al.,</u> Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada. Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A). <u>Waite v.Clark County Collection Service,</u> Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada. Matter decided

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud). <u>State Bar v. Noel Gage</u>, Case No. 08-053-1890. Disciplinary case concluded with settlement. Settlement approved by the Nevada Supreme Court. Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility. <u>In re Melanie Feldhauser-Thomas</u>. Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents. <u>In re C.E. Cook</u>

Family Trust, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules. State Bar v. Joseph Scalia, Case Nos. SG11-1737, SG12-0903. Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not. Names of client and law firm are confidential. Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation. In re Steven Gibson, Case No. SG-12-0104. Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement. Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP f/k/a Feinberg Grant Mayfield Kaneda & Litt, Case No. A-14-697336-B, District Court, Clark County, Nevada. Matter settled.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel. Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation. Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation. Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty. McKenna v. Chesnoff, et al., Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada. Case pending.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty. Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al., Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada. Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime. State Bar of Nevada v. Chandan Manansingh, No. CR13-1850 (2015). Matter pending

- Representation of attorney in defense of allegations of unauthorized practice of law. Matter is confidential.

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm. Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure. Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens. Name of attorney is confidential.

- Representation of client in matter following the striking of client's answer and imposition of sanctions for discovery violations and misconduct of prior counsel (Rule 3.3). Valley Health System, LLC, et al. v. Jane Doe, 134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of law firm (Hall Prangle & Schoonveld, LLC) and attorney contesting the imposition of sanctions for lack of candor to the court. (Nevada RPC 3.3). 134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of managing partner of Las Vegas office of national law firm in connection with his departure from that firm and the formation of a new law firm. Names of attorney and law firm are confidential.

- Representation of Adam Kutner in the defense of a State Bar disciplinary proceeding alleging violations of various rules of professional conduct. State Bar v. Kutner, Case Nos. OBC15-0309, OBC15-0604, OBC15-1291,OBC16-0041, OBC16-0613. Matter decided.

- Representation of partner in law firm in matter regarding partner's duties when law firm is engaging in conduct believed by the partner to violate the rules of professional conduct. Name of partner and law firm are confidential.

- Representation of law firm and lawyers in sanctions and contempt proceedings arising from lawyers' alleged trial misconduct. Names of lawyers are confidential.

- Representation of attorney in the defense of related State Bar proceedings involving client referrals. Name of attorney is confidential.

- Representation of a gaming licensee in a dispute with its former attorneys over malpractice and excessive fees. Names of parties are confidential. Matter resolved.

- Representation of secured creditor moving to disqualify law firm representing debtor-in-possession because of conflicting representation of guarantor. In re

Sterling Entertainment Group LV, LLC, Case No. BK-S-17-13662-abl, United States Bankruptcy Court, District of Nevada. Motion granted.

• Representation of Boyack Orme & Anthony in opposing motion seeking sanctions for misconduct during voire dire. Thompson v. Playland International, et al., Case No. A-14-697688-C, District Court, Clark County, Nevada. Motion decided by District Court. Nevada Supreme Court Case No. 75522 (April 25, 2019) (issuing writ of mandamus vacating District Court imposition of sanctions). Client appeared *pro per* in Supreme Court.

• Representation of Lewis Brisbois Bisgaard & Smith in opposing motion seeking case terminating sanctions for alleged discovery abuse. Gonzales v. Navarro, et al., Case No. A-15-728994-C, District Court, Clark Count, Nevada. Case settled.

• Representation of Pete Eliades in (i) opposing motion seeking judgment for attorneys' fees, and (ii) asserting countermotion ordering the forfeiture of fees by reason of law firm's conflict of interest. Cooper Levenson v. Eliades, Case No. A-16-732467-C, District Court, Clark County, Nevada. Motions decided. Trial pending.

• Representation of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP in opposing motion seeking sanctions. Lauren Pitts v. Costco Wholesale Corporation, Case No. A-16-731492-C, District Court, Clark County, Nevada. Matter resolved.

• Representation of client in dispute with former attorney over propriety (and refund) of alleged "nonrefundable" retainer where attorney was terminated before any substantive work was done. Name of client is confidential.

• Representation of James W. Vahey, M.D. against former attorney (and others) in action for malpractice and breach of fiduciary duty. Vahey v. Musso, et al., Case No. A-14-695460-C, District Court, Clark County, Nevada. Matter settled.

• Representation of governmental entity in defense of action by newspaper contesting the refusal to produce "public records" on the ground that such records were protected from disclosure by attorney-client and deliberative process privileges. Las Vegas Review Journal v. City of Henderson, Nevada Supreme Court Case No. 73287 (decided May 24, 2019).

• Representation of Hanson Bridgett, LLC in opposing motion to disqualify that firm for alleged conflict with former client (RPC 1.9) Coyote Springs Land Development v. Las Vegas Valley Water District, et al., Case No. A-18-778039-C, District Court, Clark County, Nevada. Matter resolved. Case dismissed.

• Retained by (non-party) former general counsel of defendant to advise as to matters of privilege, work product and confidentiality likely to arise at his deposition – taken in an action where the plaintiff alleged fraud and related wrongdoing by the defendant. Name of client is confidential.

- Representation of client seeking disqualification of former attorneys now seeking to represent adverse parties in cross-claims. In re Fontainebleau Lien Litigation, Case No. A-17-765074-B. Matter decided. Nevada Supreme Court, Case No. 78008 (March 2019).

- Representation of client in dispute with former counsel who personally filed an amicus brief adverse to the interest of his former client in a matter where he had personally represented the former client. Matter resolved. Names of client and attorney are confidential.

- Representation of Wynn Resorts Ltd. in a motion to disqualify its former counsel in a matter where the former counsel is appearing adverse to it. Stephen A. Wynn v. Wells, et al., Case No. A-18-784184-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of Blue Martini (client) in matter involving unauthorized acts by attorneys purporting to act on client's behalf. Tomora Reichardt v. Blue Martini Las Vegas, LLC, d/b/a Blue Martini Lounge, et al., Case No. A-10-608169-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of attorney in defense of State Bar proceeding alleging the perpetration of fraud on the court. State Bar of Nevada v. Noe, Case No. OBC-19-0605.

- Representation of Paul D. Powell and The Powell Law Firm in litigation against the State Bar of Nevada seeking to have Nevada Rule of Professional Conduct 7.2(i) declared unconstitutional.

- Representation of City of Henderson in dispute with Las Vegas Review Journal over attorney's fees in public records case. City of Henderson v. Las Vegas Review Journal, Nevada Supreme Court Case No. 75407 (October 17, 2019).

- Representation of governmental entity in dispute with former employee-attorney over permissible post-employment activities of former employee-attorney. Names of client and former employee attorney are confidential.

- Representation of Stacey and Steven Lewis in dispute with former counsel (Brownstein Hyatt law firm) over attorney's fees. CML-NV Grand Day, LLC v. Grand Day, LLC, et al., Case No. A-11-655054-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of James W. Vahey, M.D. in malpractice case against Black & Lobello and Tisha Black in James W. Vahey, M.D., et al., v. Black & Lobello, et al., Case No. A-18-768351-C, District Court, Clark County, Nevada. Matter pending.

- Representation of Matthew Callister in the defense of the State Bar grievances regarding diligence and fees in Grievance File No. OBC-19-1132/Delia Henson and Grievance File No. OBC-19-1102/Demedrick Jefferson.  Matters pending.

## RETENTION AS EXPERT: ETHICS/PROFESSIONAL RESPONSIBILITY

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party.  Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses.  Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients.  Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed.  Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton

&amp; Kahle; Villani, Hilton &amp; Kahle; Villani, Gardner &amp; Hilton; Perry &amp; Spann; Pico &amp; Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson &amp; Sanders to testify as to lawyer's conduct in trial and settlement in case. Report prepared. Case dismissed. Mark J. Brown v. Alan Catley (and related cross actions), Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation). State Bar v. Mirch, Case No. 3-34-20. Report prepared. Testimony given. In The Matter of Discipline of Kevin Mirch, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland &amp; Hart to testify as to duties owed by lawyer who engages in business transactions with clients. Rivers v. Romano, et al:, Case No. A483701, District Court, Clark County, Nevada. Report prepared. Testimony given. Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), State Bar v. Goldberg, No. 04-013-1536. Testimony given. Case dismissed.

- Retained by Cristalli &amp; Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom. Johnson v. Smith, Case No. 512364. Report prepared. Case dismissed.

- Retained by Snell &amp; Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction. Sundance West LLC, et al. v. Orix Capital Markets, LLC, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada. Report prepared. Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson &amp; Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements. Artisan Tile &amp; Plumbing, Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias &amp; Haire fka Bennion &amp; Clayson; Does 1 through 10, inclusive, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter &amp; Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect

litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care.  National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim), Case No. 3:05-CV-0658-BES-VPC, United States District Court, District of Nevada.  Report prepared.  Case settled.

- Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation.  Lesky v. Callister, Case No. 527875, District Court, Clark County, Nevada.  Report prepared.  Case dismissed.

- Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client.  Richards v. Allison, MacKenzie, et al., Case No. 03-01781A, First Judicial District Court, Carson City, Nevada.  Report prepared.  Case dismissed.

- Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case.  D & J Properties v. Siena Office Park 2, Case No. A537781, District Court, Clark County, Nevada.  Report prepared.  Testimony Given.  Matter decided.

- Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him.  Leseberg v. Woods, Case No. P59334, District Court, Clark County, Nevada.  Report prepared.  Deposition testimony given.  Trial testimony given.  Case settled.

- Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A).  Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno.  Report prepared.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest.  American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel).  Rebuttal report prepared. Testimony given.  Case decided.

- Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client.  Seidman v. Dilloo, Case No. D260143, District Court, Clark County, Nevada.  Report prepared.

- Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada. Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions, Case No. A536644, A542755, A535548, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed. Bar Grievance filed. Screening panel testimony given. Matter decided.

- Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d). Julia Brady, et al v. Kerry Rogers, et al., Case No. A572440, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer. Geier v. Denue, et al., Case No. A525183, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust. In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996, Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation. NRPC 1.7. (Name of firm and identities of clients are confidential).

- Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services. Brewer v. State of Nevada, et al., Case No. 554064, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation. Jackson v. Ira Levine, et al., Case No. A538983, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Trial testimony given. Case decided.

- Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees. DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP, Case

No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada.  Report prepared. Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions.  XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada.  Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds.  Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents.  Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust.  Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada.  Report prepared. Deposition taken.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation. RPC 1.13.  Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court.  Report prepared. Case concluded on summary judgment in favor of attorney.  Amended Complaint filed,.  Additional report prepared.  Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement. Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party. Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation. Maui One Excavating v. Mead & Pezzillo, et

al., Case No. A539801, Clark County District Court. Report prepared. Case settled.

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada. Report prepared. Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10). Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada. (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues. Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared. Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client. Merle Layton Trust, Case No. PR98-00336. Second Judicial District Court, Washoe County, Nevada. Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared. Trial testimony given. Matter decided.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence. Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court. Report prepared. Deposition taken. Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation. Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court. Report prepared. Deposition taken. Matter settled.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues. State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536. Report prepared. Matter resolved.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm. Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court. Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation. Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court. Report prepared. Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney. (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims. Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada. Report prepared. Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court. Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment. Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8). Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada. Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel. Nevada RPC 8.3(a). Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself. Lynan v. Health Plan of Nevada, Case No. A583772 and Magana

v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel. Randazza v. Excelsior Media Corp., JAMS Case No. 1260002283. Report prepared. Arbitration testimony given. Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity Andrews v. Rowe, et al., Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada. Report prepared. Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law. In re: Fundamental Long Term Care, Inc., Case No. 8-11-BK-22258-MGW, District of Florida. Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. Goldsmith v. Sill, et al., Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada. Report prepared. Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al., Case No. A-11-648532-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom, Case No. A-13-689637-B, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction. Verano Land Group, LP v. VTLM Texas LP, et al, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence. James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al., Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given. Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct.

SBS Retail Inc., et al. v. Yves Chantre Inc., et al., Case No. A-13-681083-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al., Nevada Supreme Court Case No. 64692. Report prepared. Case settled.

- Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction. Nevada RPC 1.13. Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al., Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al., Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction. Shulman v. Bendavid, Case No. A682679, District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2). United States of America v. Leon Benzer, et al., Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada. Report prepared. Trial testimony given. Matter decided.

- Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters. Randazza v. Liberty Media Holdings, LLC, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation. Lee v. 70 Ltd. Partnership, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

- Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation. International Game Technology v. Armstrong Teasdale, LLP, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8). <u>Center Firearms Corp. v. Long Mountain Outfitters</u>, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case decided.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter. Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter. <u>Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims</u>, Case No. A-12-673897-C, District Court, Clark County, Nevada. Case settled.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client. <u>Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario</u>, Case No. 08-A-578306, District Court, Clark County, Nevada. Report prepared. Deposition taken. Trial testimony given. Case decided.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled <u>Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin</u>, Case No. 2:10-cv-0106-LRH-PAL in the United States District Court, District of Nevada. Report prepared. Matter decided. 209 F. Supp. 3d 1200 (D. Nev. 2016); reversed in part, 879 F. 3d 948 (9th Cir. 2018) and remanded. Supplemental report prepared. Matter decided on remand.

- Retained by Lipson, Neilson, Cole, Seltzer & Garin, PC to opine on the conduct of members of Wasserman Kornheiser, LLP, at issue in the claims alleged in the matter entitled <u>Carlisle Homeowners Association v. Pacifica Covington, LLC, et al.</u>, Case No. A-13-678911-D, District Court, Clark County, Nevada. Case pending.

- Retained by Lewis Roca Rothgerber to opine on conduct of attorney in the litigation of a matter. <u>Huckabay Properties, Inc. v. Beau Sterling, et al.</u>, Case No. CV-15-00765, Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Gordon & Rees to opine on the conduct of attorney regarding business transaction with client. <u>Blanchard v. Rosenfeld</u>, Case No. A637650, District Court, Clark County, Nevada. Report prepared. Rebuttal Report prepared. Case pending.

- Retained by Loose Brown & Associates (later replaced by May, Potenza, Baran & Gillespie, P.C.) to opine on the conduct of a law firm and one of its lawyers in the representation of a client in litigation. <u>Cannabis Renaissance Group, LLC, and Mohit Asnani v. Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas; and</u>

Patrick J. Sheehan and Jane Doe Sheehan, Case No. CV2016-054776, pending in Superior Court, State of Arizona, Maricopa County. Report prepared. Rebuttal report prepared. Deposition taken. Case pending.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer and law firm in representation of client in litigation. Sunport Business Trust v. Serle, et al., Case No. A-15-716677-C, District Court, Clark County, Nevada. Report prepared. Rebuttal report prepared. Case pending.

- Retained by Caldwell Leslie & Proctor, PC to opine on (i) the causation of damages by attorney negligence in a commercial transaction and (ii) the reasonableness and necessity of attorneys' fees incurred by Renown Health, Renown Regional Medical Center, and Nevada Heart Institute d/b/a Renown Institute for Heart & Vascular Health in the matter entitled Arger, et al. v. Renown Health, et al., Case No. CV11-02477, Second Judicial District Court, Washoe County, Nevada, such fees are sought as damages by the Renown Parties in the matter entitled Renown Health, et al v. Holland & Hart, LLP, et al., Case No. CV14-02049, Second Judicial District Court, Washoe County, Nevada. Report prepared. Deposition taken. Trial testimony given. Matter decided.

- Retained by Edward Lewis Tobinick, M.D, Edward Lewis Tobinick, MD d/b/a Institute of Neurological Recovery and INR PLLC d/b/a Institute of Neurological Recovery to opine on the conduct of Marc J. Randazza, Esq. of Randazza Legal Group, PLLC in the matter entitled Edward Lewis Tobinick, M.D., et al. v. Novella, et al., Case No. 9:14-cv-80781-RLR, pending in the U.S District Court, Southern District of Florida (West Palm Beach). Report prepared. Matter decided.

- Retained by Meister Seelig & Fein LLP to opine on the reasonableness and necessity of attorneys' fees incurred by Ballard Spahr LLP and Katten Muchin Rosenman LLP in the matter entitled Jeffrey Soffer, et al. v. The Bank of Nova Scotia, New York Agency, Case No A635777 in the Eighth Judicial District Court, Clark County, Nevada, as appealed to the Nevada Supreme Court, Case Nos. 61762 and 63157. Report prepared. Deposition taken. Matter pending in New York state court

- Retained by Wilson Elser Moskowitz Edelman & Dicker LLP to opine on the conduct of Danielle L. Miller and the law firm of Sylvester & Polednak regarding malpractice claims brought by Laura Renzi. Preliminary report prepared. Case settled.

- Retained by Hutchison & Steffen to opine on the conduct of Eric Roy and the law firm of Claggett & Sykes in the matter entitled Adam S. Kutner, P.C., et al. v. Eric Daly, et al., Case No. A-11-643990-C consolidated with Case No. A-11-650247-C, pending in the Eighth Judicial District Court, Clark County Nevada. Report prepared. Matter settled.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer in litigation. Scotto v. Gourley, et al., Case No. A-15-729632-C, District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Messner Reeves LLP (successor to Wolfenzon Rolle Edwards) to opine on conduct of lawyers in litigation. Dudek v. Meuller, et al., Case No. A-14-703305-C, District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by law firm to advise as to validity of attorney association agreement. (Name of firm and identities of clients are confidential).

- Retained by Quinn Emanuel Urquhart & Sullivan, LLP to opine with regard to Motions to Disqualify Quinn Emanuel, counsel for Elaine P. Wynn, filed by Wynn Resorts, Limited in the matter entitled Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims, Case No. A656710, pending in District Court, Clark County, Nevada. (RPC 3.3, 4.4, 5.3 and 8.4). Report prepared. Matter resolved.

- Retained by attorney to advise as to obligations when client is committing fraudulent acts. (Name of attorney is confidential.)

- Retained by Kravitz, Schnitzer & Johnson to opine on attorney's obligations when claim is made that fees were paid with stolen funds. Novva Ausrustung Group, Inc. v. Dean Kajioka, Case No. 2:17-cv-01293-RFB-VCF, U. S. District Court, District of Nevada. Case settled.

- Retained by Buckley Sandler, LLP to opine on law firm's obligations when withdrawing from one jointly represented client and continuing to represent the other. Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims, Case No. A656710, District Court, Clark County, Nevada. Matter resolved.

- Retained by Hartford Financial Products to render an opinion on the conduct of Ken R. Ashworth, Esq., Hans R. Baldau, Esq., Geoffrey A. Potts, Esq., and Ken R. Ashworth & Associates P.C. as alleged in the Arbitration Matter of Michael C. Fuoroli and Tiffany S. Fuoroli, Claimants v. Ken R. Ashworth & Associates, Ken R. Ashworth, Hans R. Baldau, and Geoffrey A. Potts, Respondents / Ken R. Ashworth & Associates, Professional Corporation, Counterclaimant v. Michael C. Fuoroli and Tiffany S. Fuoroli, Counter-respondents, Case No. 211874. Case decided.

- Retained by Armstrong Teasdale to render an opinion on the conduct of attorney in representing client in negotiations. (Alleged aiding and abetting client in breach of fiduciary duty to partner.) LV Holdco LLC v. Atalon Mgmt. Group, LLC, et al., Case No. A-17-749387-B, District Court, Clark County, Nevada.

- Retained by Santoro Whitmire to render an opinion on the conduct of attorneys and law firm (Gordon Rees Scully Mansukhani, LLP) in the conduct of litigation.

Smead v. Gordon Rees, et al., Case No. A-16-760737-C, District Court, Clark County, Nevada.

- Retained by Holley Driggs Walch Fine Wray Puzey & Thompson to render an opinion on the conduct of attorney T. James Truman in the representation of his client. T. James Truman & Associates v. Quest Preparatory Academy, Case No. A-15-727469-C, District Court, Clark County, Nevada.

- Retained by Hutchison & Steffen to opine on the validity of an alleged conflict waiver by a governmental entity (City of Las Vegas) in order to permit it to be represented by a law firm which was appearing adverse to it in a related matter. 180 Land Co. LLC v. City of Las Vegas, Case No. A-17-758528-J, District Court, Clark County, Nevada. Preliminary opinion rendered. Matter resolved.

- Requested (pro bono) by the Clark County District Attorney's office to advise as to propriety of criminal defense attorneys posting offensive comments on social media (Nevada RPC 8.4(d)). Memorandum re substance and remedies delivered. (7/16/18).

- Retained by law firm to opine and advise regarding expulsion of partner/ shareholder from firm. Name of firm is confidential.

- Retained by Gentile Cristalli Miller Armeni & Savarese, PLLC to opine and advise regarding reasonableness of fees in King v. Desert Palace, Inc., et al., Case No. A-13-691609-C, District Court, Clark County, Nevada. Opinion rendered.

- Retained by Olson, Cannon, Gormley, Angulo & Stoberski to opine on malpractice issues in Coleman v. Tomsheck, et al., Case No. A-15-728692-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. The Estate of Glen Woods, et al., Case No. A-18-775111-C, District Court, Clark County, Nevada. Oral report given. Case settled.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. Andrew B. Platt, et al., Case No. A-18-774926-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Marshall & Associates to opine on the conduct of attorney Douglas J. Gardner (and others) in the representation of clients (insurer and insured) in litigation and other related matters. Century National Insurance Co., et al. v. Douglas J. Gardner, et al., Case No. 2:18-cv-02090-APG-BWN, U.S. District Court, District of Nevada. Report prepared.

- Retained by Robison Sharp Sullivan & Brust to opine on existence of and consequences arising from former client conflict. Coyote Springs Investment, LLC v. Wilson, Case No. A-19-789203-J, District Court, Clark County, Nevada.

- Retained by Kravitz, Schnitzer & Johnson, Chtd. to opine on the conduct of Dennis M. Prince with respect to his conduct in <u>Lee Pretner, et al. v. Michael A. Vasquez, et al.</u>, Case No. A-11-632845-C, in the District Court, Clark County, Nevada; which is now at issue in <u>Dana Andrew, et al. v. Century Surety Company</u>, Case No. 2:12-cv-00978-APG-PAL, in the United States District Court, District of Nevada.  Report prepared.

- Retained by Fidelity National Law Group to opine as to the reasonableness of the attorneys' fees incurred by the Plaintiff's counsel in <u>The Money Source, Inc. v. Chartered Holdings, Inc.</u> and related cases, Case No. A-17-749645-C, District Court, Clark County, Nevada.  Report prepared.  Matter decided.

- Retained by Flangas Law Firm, Ltd. to opine as to the conduct of C. Conrad Claus, Esq. with respect to the claims alleged in <u>Grundy v. Claus & McKenzie</u>, Case No. A-17-754726-C, in the Eighth Judicial District Court, Clark County, Nevada.  Reports prepared.

- Retained by Hutchison & Steffen, PLLC to opine as to the conduct of Rory Vohwinkel and Vohwinkel  & Associates with respect to <u>Caballos De Oro Estates, LLC v. Eliot A. Alper, et al.</u>, Case No. A-17-752905, pending in the Eighth Judicial District Court, Clark County, Nevada.

### CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)

- National Business Institute (NBI) (6/19/19): "Ethics in Business Law"

- Clark County Bar Association (5/14/19):  "Things They Didn't Tell You In Law School"

- Clark County Bar Association (5/9/18):  "Current Topics for New (and Not So New) Lawyers"  Current Issues in Ethics

- Kolesar & Leatham (12/22/17):  Current Issues In Privilege and Confidentiality

- National Business Institute (12/20/17):  Legal Ethics – Top Challenges

- Association of Legal Administrators, Las Vegas Chapter (11/14/17):  "Attorney-Client Privilege and Confidentiality"

- National Business Institute (10/19/17):  Tax Exempt Organizations:  Ethics Bootcamp

- Clark County Bar Association (5/11/17):  "You Know Where You've Been . . ." Current Issues in Ethics

- State of Nevada-Paralegal Division (4/29/17):  Confidentiality and Attorney-Client Privilege

- City of Henderson, City Attorney's Office (10/6/16): Ethics 2016: "What Can I Say?"

- Southern Nevada Association of Women Attorneys (1/7/16): "Things to Fear in the New Year"

- Clark County Bar Association (12/9/15): "12th Annual Ethical Issues"

- Clark County Bar Association (6/25/15): "Things You Don't Know Can Hurt You – Here are 12 of them"

- Water Law Institute: 17th Annual Law of the Colorado River Conference (5/1/15): "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15): "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14): "11th Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference:  Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14): "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada:  Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13).  10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13).  "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society:  Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter:  Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference:  Water Lawyers and Ethics (6/7/13).

- Clark County Bar Association (5/8/13) "4th Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12). 9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12). "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12). "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle?  Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

- Clark County Bar Association (9/18/09): "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09): "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation." Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials. Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07) "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005: Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003: What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics: 2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice: Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems: Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

- State Bar of Nevada (3/21/98): "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]

# Exhibit 3

# Exhibit 3

**DECLARATION OF THOMAS A. ZIMMERMAN, JR.**

I, Thomas A. Zimmerman, Jr., declare as follows:

1.      I am over the age of eighteen and a resident of Cook County, Illinois.

2.      I am the principal of Zimmerman Law Offices, P.C. ("Zimmerman Law"), an Illinois professional corporation, co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

3.      I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

4.      I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy, LLP and Zimmerman Law.

5.      I am a seasoned litigator with more than 23 years of experience as a class action attorney.  I have been appointed as class counsel in numerous matters in federal and state courts throughout the country.  A true and correct copy of Zimmerman Law's firm biography is attached to the Motion as Exhibit 4.

6.      I have substantial experience and knowledge in class actions and complex litigation cases, including consumer law and deceptive trade practices matters.

7.      Zimmerman Law has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

8.      Zimmerman Law is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

/ / /

/ / /

/ / /

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

9.      Contemporaneous with the filing of this Declaration, I intend to seek admission to practice before this Court pursuant to Nevada Supreme Court Rule 42 to represent Plaintiff and the putative class in this matter.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on this 27th day of April, 2020, in Cook County, Illinois.

/s/ Thomas A. Zimmerman, Jr.
THOMAS A. ZIMMERMAN, JR.

# Exhibit 4

# Exhibit 4

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $250 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 23 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019 and 2020, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC

appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

## Sharon A. Harris

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For over 20 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

## Matthew C. De Re

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

## Jeffrey D. Blake

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

## Jordan M. Rudnick (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. MD).

*Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an

internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO).

*Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D. NY).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, IL).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, IL).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest*

*Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

*Misleading Product Claims* — $1.4 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

*Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

*Breach of Contract* — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

*Privacy Violation* — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. IL).

*Contaminated Drinking Water* — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

*Fraud* — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

*Foreclosure Fraud* — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. IL).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.*, No. 07 CH 14018 (Cook Cnty, IL).

*Improper Health Club Memberships* — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, IL).

*Illegal Lending Practices* — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. IL).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. IL).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc., et al.*, No. 06 CH 03056 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

**Pending Cases — Appointed Class Counsel**

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. *Black, et al. v. City of Girard, Ohio, et al.*, No. 18 cv 1256 (Trumbull Cnty, OH).

**Pending Cases — Appointed to Executive Committee**

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

**Pending Cases**

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased cleaning products that advertised they were made of higher quality ingredients than were actually contained in the products.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by their employer.

*Americans with Disabilities Act* — Class action for a nationwide class of disabled individuals who were denied full, equal and independent access to the goods, services and facilities provided by a hotel.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

9

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Environmental Contamination* — Class action for a statewide class of individuals who suffered from an infiltration of lead and arsenic on their property.

*Shareholder Derivative Action* — Class action for a nationwide class of individuals and businesses who are shareholders of a company that wrongfully entered into a merger transaction.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Fraud* — Class action for a nationwide class of individuals who purchased used cosmetics and beauty products that were sold as new.

*Breach of Contract* — Class action for a statewide class of individuals who are members of athletic clubs that unilaterally terminated their rewards program without notice.

*Fraud* — Class action for a nationwide class of individuals who were charged an improper checkout bag tax on retail purchases in the City of Chicago.

*Unpaid Wages* — Class action for a statewide class of individuals who were not paid all of the wages they earned while working at restaurants.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who paid inflated prices for tickets to events due to improper coordination among ticket brokers.

*Improper Fee* — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain.

*Fraud* — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

*Defective Product* — Class action for a nationwide class of individuals who purchased misbranded and adulterated pharmaceuticals.

**NOTE:** This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

**Reception**

| | |
|---|---|
| **From:** | efilingmail@tylerhost.net |
| **Sent:** | Monday, April 27, 2020 1:19 PM |
| **To:** | BKfederaldownloads |
| **Subject:** | Notification of Service for Case:  A-20-814178-C, Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s) for filing Motion for Class Certification - MCC (CIV), Envelope Number: 5980053 |



# Notification of Service
Case Number: A-20-814178-C
Case Style: Christopher Bruun, Plaintiff(s)vs.Red
Robin Gourmet Burgers, Inc., Defendant(s)
Envelope Number: 5980053

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-20-814178-C |
| **Case Style** | Christopher Bruun, Plaintiff(s)vs.Red Robin Gourmet Burgers, Inc., Defendant(s) |
| **Date/Time Submitted** | 4/27/2020 1:18 PM PST |
| **Filing Type** | Motion for Class Certification - MCC (CIV) |
| **Filing Description** | Plaintiff's Motion for Class Certification and Appointment of Class Counsel |
| **Filed By** | Sharon Murnane |
| **Service Contacts** | Christopher Bruun: <br><br> Paul Williams (pwilliams@baileykennedy.com) <br><br> Dennis Kennedy (dkennedy@baileykennedy.com) <br><br> Bailey Kennedy, LLP (bkfederaldownloads@baileykennedy.com) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |

Electronically Filed
4/27/2020 1:18 PM
Steven D. Grierson
CLERK OF THE COURT

1  **MCC (CIV)**
   DENNIS L. KENNEDY
2  Nevada Bar No. 1462
   PAUL C. WILLIAMS
3  Nevada Bar No. 12524
   **BAILEY ❖ KENNEDY**
4  8984 Spanish Ridge Avenue
   Las Vegas, Nevada 89148-1302
5  Telephone: 702.562.8820
   Facsimile: 702.562.8821
6  DKennedy@BaileyKennedy.com
   PWilliams@BaileyKennedy.com
7
   *Attorneys for Plaintiff Christopher Bruun*
8
                              DISTRICT COURT
9
                          CLARK COUNTY, NEVADA
10

11  CHRISTOPHER BRUUN, individually, and on       Case No.   A-20-814178-C
    behalf of all others similarly situated,
12                                                 Dept. No.  IX
                                 Plaintiff,
13                                                 **PLAINTIFF'S MOTION FOR CLASS**
              vs.                                   **CERTIFICATION AND APPOINTMENT OF**
14                                                 **CLASS COUNSEL**
    RED ROBIN GOURMET BURGERS, INC., a
15  Delaware corporation; and RED ROBIN            **Hearing Requested**
    INTERNATIONAL, INC., a Nevada corporation,
16
                                 Defendants.
17

18        Pursuant to Nevada Rules of Civil Procedure 23(a) and 23(c)(3), Plaintiff Christopher Bruun

19  ("Plaintiff") moves to certify a class action against Defendants Red Robin Gourmet Burgers, Inc.

20  ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants" or "Red Robin") and

21  appoint the undersigned counsel from Bailey ❖ Kennedy, LLP ("Bailey ❖ Kennedy") and Thomas A.

22  Zimmerman, Jr., from Zimmerman Law Offices, P.C. ("Zimmerman Law")[1], as Class Counsel.

23  / / /

24  / / /

25  / / /

26  / / /

27  ───────────────
    [1]  Mr. Zimmerman's Verified Application for Association of Counsel Under Supreme Court Rule 42 will be submitted
28  to the State Bar of Nevada.  Upon receipt of the State Bar of Nevada's statement, Plaintiff will move to associate Mr.
    Zimmerman as co-counsel.

                              Page **1** of **13**

1         This motion is supported by the papers and pleadings on file, the accompanying

2    Memorandum of Points and Authorities, the exhibits attached thereto, and any oral argument heard

3    by the Court.

4         DATED this 27th day of April, 2020.

5                          **BAILEY ❖ KENNEDY**

6                          By:  /s/ Dennis L. Kennedy

7                             DENNIS L. KENNEDY
                            PAUL C. WILLIAMS

8                           *Attorneys for Plaintiff Christopher Bruun*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2 of 13

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Christopher Bruun brings this class action against Defendants Red Robin Gourmet Burgers, Inc. and Red Robin International, Inc. for Red Robin's practice of serving, at most, 14 ounces of Stella Artois beer when customers order a 16-ounce Stella Artois beer.  Red Robin offers on its menu Stella Artois in 16-ounce portions, yet the customized Stella Artois chalice in which Red Robin serves the supposed 16-ounce Stella Artois beer can only contain at most 14 ounces of beer.

Plaintiff and the other class members did not receive what they paid for, and were deceived into thinking they were receiving a larger quantity of beer than they actually received.  Plaintiff seeks to recover the difference between what Plaintiff bargained for, and what he actually received, and to recover for Red Robin's breach of contract, breach of the covenant of good faith and fair dealing, violation of the consumer fraud and deceptive trade practices acts of the states where Red Robin has restaurants, and unjust enrichment.

## II.    STATEMENT OF FACTS

Red Robin operates and franchises Red Robin Restaurants throughout the United States. At the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States.  (Class Action Complaint ("Compl.") ¶ 11.)  The menu at Red Robin's restaurants offer Stella Artois beer in various sizes, one of which is 16 ounces.  (*Id.* ¶ 14.)  The menu and Nutritional Guide both state that 16 ounces of Stella Artois beer have 190 calories.  (*Id.* ¶¶ 14-15.)

Red Robin's representations are false and misleading. All of the Stella Artois chalices in which Red Robin serves its purported 16-ounce, 190-calorie Stella Artois beer have a "fill-line" of 33 centiliters and cannot hold more than 14 ounces of beer.  (*Id.* ¶¶ 16-17.)  Plaintiff dined at Red Robin numerous times in 2019 and 2020, and ordered 16 ounces of Stella Artois.  (*Id.* ¶ 23.)  Plaintiff paid for 16 ounces of Stella Artois beer each time he ordered a Stella Artois, but only received, at the most, 14 ounces of Stella Artois beer each time.  (*Id.* ¶¶ 25-26.)

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### III.    PROPOSED CLASS DEFINITION

Plaintiff seeks certification of the following nationwide class pursuant to NRCP 23:

> All individuals in the United States who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces.  Excluded from the Class are: (1) Defendants' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

### IV.    ARGUMENT

**A.    <u>Standard of Decision.</u>**

The Nevada Rules of Civil Procedure provide that "[a]s soon as practicable after the commencement of an action brought as a class action, the court must determine by order whether it is to be so maintained." NRCP 23(d)(1).  The Court's "order may be conditional, and may be altered or amended before the decision on the merits." *Id.*

As the Nevada Supreme Court has explained, "class actions promote efficiency and justice in the legal system by reducing the possibilities that courts will be asked to adjudicate many separate suits arising from a single wrong and that individuals will be unable to obtain any redress for wrongs otherwise irremediable because the individual claims are too small or the claimants too widely dispersed." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005).

In that context, NRCP 23(a) provides that a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

2 the interests of the class."  In addition to satisfying the four NRCP 23(a) prerequisites, a party

3 moving to certify a class must demonstrate that the proposed class fits into one of the three

4 categories enumerated in NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539 (2005).[2]  As

5 detailed below, Plaintiff seeks certification under NRCP 23(c)(3).

6 　　　"A party seeking class certification must affirmatively demonstrate his compliance with the

7 Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties,

8 common questions of law or fact, etc." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 350,

9 (2011).[3]  While a court must engage in a rigorous analysis of the Rule 23 factors, a plaintiff's

10 "evidentiary showing need not be extensive." *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646

11 (W.D. Wash. 2007) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

12 　　　Moreover, the "class determination generally involves considerations that are enmeshed in

13 the factual and legal issues comprising the plaintiff's cause of action." *Dukes*, 564 U.S. at 351.

14 Thus, while it is "sometimes . . . necessary for the court to probe behind the pleadings before

15 coming to rest on the certification question," such analysis is limited to the issues surrounding

16 certification that "overlap with the merits of the plaintiff's underlying claim." *Id.* at 351; *see also*

17 *id.* at 351 n.6, (noting that a court's analysis of the merits is limited to that which is necessary to

18 determine certification); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("The

19 district court is required to examine the merits of the underlying claim in this context, only

20 inasmuch as it must determine whether common questions exist; not to determine whether class

21 members could actually prevail on the merits of their claims.").

22 　　　**B.　　The Proposed Class Satisfies the NRCP 23(a) Prerequisites.**

23 　　　　　*1.　　The Proposed Class is Numerous.*

24 　　　The numerosity prerequisite is satisfied if "the class is so numerous that joinder of all

25 members is impracticable." NRCP 23(a)(1).  While there is no minimum number of class members,

---

26 [2]　As a result of the March 1, 2019, amendments to the Nevada Rules of Civil Procedure, the three disjunctive conditions
27 for class certification were moved from NRCP 23(b) to NRCP 23(c).

28 [3]　The Nevada Supreme Court often relies upon federal cases interpreting Federal Rule of Civil Procedure 23 in
analyzing NRCP 23. *See, e.g.*, *Shuette*, 121 Nev. at 847 n.11, n.12, n.13, n.14, 124 P.3d at 538, n.11, n.12, n.13, n.14.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  "a putative class of forty or more generally will be found numerous." *Shuette*, 121 Nev. at 847, 124

2  P.3d at 537.

3      The Class is likely comprised of thousands of individuals. (Compl. ¶ 28.) Numerosity is

4  established by the fact that Red Robin has found it cost-effective to use specially crafted chalices

5  with Stella Artois logos on them to serve Stella Artois at its 556 restaurants. (*Id.* ¶ 16.)  Moreover,

6  Red Robins reports total revenue for 2019 of $1.2 billion. (*Id.*)

7          **2.    There are Common Questions of Law and Fact.**

8      The commonality prerequisite requires that "there are questions of law or fact common to

9  the class."  NRCP 23(a)(2).  "Questions are common to the class when their answers as to one class

10  member hold true for all class members." *Shuette*, 121 Nev. at 848, 124 P.3d at 538.

11  "Commonality does not require that all questions of law and fact must be identical, but that an issue

12  of law or fact exists that inheres in the complaints of all the class members." *Id.*  Indeed,

13  commonality "may be satisfied by a single common question of law or fact." *Id.*

14      There are several questions of law and fact common to the claims of the Plaintiff and

15  members of the Class which predominate over any individual issues, including:

16      (a)    Whether Defendants made misrepresentations and omissions with respect to the

17             number of ounces of Stella beer they serve when a customer orders a 16-ounce Stella

18             beer;

19      (b)    Whether Defendants engaged in unfair and deceptive conduct as described herein;

20      (c)    Whether Defendants breached contracts with their customers when they offered for

21             sale 16 ounces of Stella beer, but only provided their customers with, at most, 14

22             ounces of beer;

23      (d)    Whether Defendants were unjustly enriched when they charged their customers for

24             16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces

25             of beer; and

26      (e)    Whether Defendants are liable for the damages suffered by Plaintiff and Class

27             members.

28  (Compl. ¶ 29.)

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    **3.    *Plaintiff's Claims are Typical of the Proposed Class Members—His Claims
              Arise from the Same Practice and Course of Conduct that Give Rise to the*
2              *Claims of the Other Class members.***

3           The typicality prerequisite is met if "the claims or defenses of the representative parties are

4    typical of the claims or defenses of the class." NRCP 23(a)(3).  Typicality is present where "each

5    class member's claim arises from the same course of events and each class member makes similar

6    legal arguments to prove the defendant's liability." *Shuette*, 121 Nev. at 848-49, 124 P.3d at 538-

7    39.  The "representatives' claims need not be identical, and class action certification will not be

8    prevented by mere factual variations among class members' underlying individual claims." *Id.* at

9    849, 124 P.3d at 539.

10          Here, Plaintiff's and the other Class members' claims all arise out of Red Robin's uniform

11   and standard practice at all Red Robin restaurants that results in overcharging for Stella Artois beer.

12   (*See* Compl. ¶¶ 20-21.)  Red Robin serves Stella Artois in specially-crafted chalices that are a

13   standard shape and size, and uniformly misrepresents their size as 16 ounces when they actually can

14   contain, at most, 14 ounces of beer.  (*Id.* ¶¶ 14-18.)

15          **4.    *Plaintiff and His Counsel will Fairly and Adequately Represent the Class.***

16          In order to satisfy the fourth prerequisite, a party seeking certification must demonstrate that

17   "the representative parties will fairly and adequately protect the interests of the class."  NRCP

18   23(a)(4).  This "inquiry serves to uncover conflicts of interest between named parties and the class

19   they seek to represent." *Shuette*, 121 Nev. at 849, 124 P.3d at 539 (internal quotation marks

20   omitted).  To satisfy the fourth factor, class members must "possess the same interest and suffer the

21   same injury as other class members." *Id.* (internal quotation marks omitted).

22          Plaintiff is an adequate Class Representative and will fairly and adequately protect the

23   interests of the Class. There are no potential conflicts present, and Plaintiff suffered the same

24   overcharge injury as the other Class members.

25          Plaintiff's counsel is qualified to serve as Class Counsel. "Rule 23(a)(4) requires that

26   plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the

27   litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (internal quotation marks and

28   citation omitted).

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    Here, Bailey✧Kennedy and Zimmerman Law are experienced in class actions, complex

2    litigation, and consumer law.  Bailey✧Kennedy and Zimmerman Law have represented clients in

3    numerous complex litigation matters and previously served as class counsel in other matters.  (Ex.

4    1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 3.) Specifically, Dennis L. Kennedy and Thomas

5    A. Zimmerman, Jr. have substantial experience in class actions and complex litigation cases,

6    including consumer law matters.  (*See generally See generally* Ex. 2, Curriculum Vitae of Dennis L.

7    Kennedy; and Ex. 4, Firm Biography of Zimmerman Law.)

8    Further, both Bailey✧Kennedy and Zimmerman Law are knowledgeable in consumer law,

9    including deceptive trade practices law.  (Ex. 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 4.)

10    Finally, Bailey✧Kennedy and Zimmerman Law both have the necessary resources to

11    zealously represent the Class members, and are prepared to invest the time and resources necessary

12    to adequately serve as Class Counsel.  (Ex. 1, Kennedy Decl. ¶ 6; Ex. 3, Zimmerman Decl. ¶ 5.)

13    In sum, because Plaintiff is an adequate Class Representative and has chosen qualified and

14    experienced counsel, this Court should permit Plaintiff to act as the Class Representative and allow

15    his selected counsel to represent the Class members.  *See In re Cavanaugh*, 306 F.3d 726, 734 (9th

16    Cir. 2002) ("The choice of counsel has traditionally been left to the parties, whether they sue in

17    their individual capacities or as class representatives.").

18    **C.    The Proposed Class Satisfies the Requirements of NRCP 23(c)(3).**

19    As discussed above, in addition to satisfying the four NRCP 23(a) prerequisites (i.e.,

20    numerosity, commonality, typicality, and adequacy of representation), a party moving to certify a

21    class must demonstrate that the proposed class fits into one of the three categories enumerated in

22    NRCP 23(c).  *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539.  Here, Plaintiff seeks certification

23    under NRCP 23(c)(3).

24    Class certification is appropriate under NRCP 23(c)(3) where "the court finds questions of

25    law or fact common to the members of the class predominate over any questions affecting only

26    individual members, and that a class action is superior to other available methods for the fair and

27    efficient adjudication of the controversy."

28

**BAILEY✧KENNEDY**
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### 1.      *Common Questions Predominate Over Any Individual Questions.*

The predominance prong of NRCP 23(c)(3) "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Shuette*, 121 Nev. at 850, 124 P.3d at 540 (internal quotation marks omitted). "The questions of law or fact at issue in this analysis are those that qualify each class member's case as a genuine controversy; therefore, the questions that class members have in common must be significant to the substantive legal analysis of the members' claims." *Id.* (internal quotation marks omitted). Indeed, the predominance inquiry under NRCP 23(c)(3) is similar to the analysis of the commonality and typicality requirements of NRCP 23(a), but "it is more demanding." *Id.*

Stated succinctly, class certification is appropriate where the "importance of common questions . . . predominate over the importance of questions peculiar to individual class members." *Id.* at 851, 124 P.3d at 540. "For example, common questions predominate over individual questions if they significantly and directly impact each class member's effort to establish liability and entitlement to relief, and their resolution can be achieved through generalized proof." *Id.* (internal quotation marks omitted).

The common issues in this case predominate over any individual issues. Each Class member was subject to the same misrepresentations and omissions relating to the amount of Stella Artois beer they ordered, and they all received the same shortfall in the quantity of beer they received. The special chalices containing the Stella Artois beer they ordered were standard in size, and the value of the product in each chalice received by Class members was identical. Questions concerning Red Robin's misrepresentations and failures to deliver what was promised and bargained for predominate in this action.

### 2.      *A Class Action is the Superior Method of Adjudicating the Common Claims of the Class Members.*

The superiority prong of NRCP 23(c)(3) "questions whether a class action is the superior method for adjudicating the claims, thereby promoting the interests of efficiency, consistency, and ensuring that class members actually obtain relief." *Shuette*, 121 Nev. at 851-52, 124 P.3d at 540. "A proper class action prevents identical issues from being litigated over and over[,] thus avoiding

1    duplicative proceedings and inconsistent results." *Id.* at 852, 124 P.3d at 540-41 (alteration in

2    original) (internal quotation marks omitted).  Importantly, a class action is often the superior

3    method of adjudication where it "helps class members obtain relief when they might be ***unable or***

4    ***unwilling to individually litigate an action for financial reasons* . . . .**" *Id.* at 852, 124 P.3d at 541

5    (emphasis added).

6        In determining superiority, courts evaluate: "(A) the interest of members of the class in

7    individually controlling the prosecution or defense of separate actions; (B) the extent and nature of

8    any litigation concerning the controversy already commenced by or against members of the class;

9    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular

10    forum; and (D) the difficulties likely to be encountered in the management of a class action."

11    NRCP 23(c)(3); *accord Shuette*, 121 Nev. at 852, 124 P.3d at 541. "Further, the court must

12    determine whether other adjudication methods would allow for efficient resolution without

13    compromising any parties' claims or defenses." *Shuette*, 121 Nev. at 852, 124 P.3d at 541.

14        As detailed below, each of the superiority factors weighs in favor of class certification.

15           a.     The Class Members do not have an Interest in Controlling the
16                   Prosecution of Separate Actions Because Each Class Member's
                        Damages are Small.

17        The first superiority factor is "the interest of members of the class in individually controlling

18    the prosecution or defense of separate actions." NRCP 23(c)(3)(A).  Where "damages suffered by

19    each putative class member are not large, [the first] factor weighs in favor of certifying a class

20    action." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001), *opinion*

21    *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).  For example, courts have found that

22    potential damage awards of $1,500 are "insufficient to incentive individual actions." *Kristensen v.*

23    *Credit Payment Services*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014).

24        This factor favors class certification because the individual claims of each Class member

25    concern a shortfall of a small amount of beer in each glass of Stella Artois served by Red Robin.

26    While, in the aggregate, the amount of damages is very high, the injuries suffered by each of the

27    Class members is too small to justify individual actions.

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

            b.    <u>No Other Known Litigation Exists Between any Class Member and Defendants; thus Class Resolution Serves Judicial Economy.</u>

2

3       The second superiority factor instructs consideration of "the extent and nature of any

4 litigation concerning the controversy already commenced by or against members of the class."

5 NRCP 23(c)(3)(B).  When the court is unaware of any other pending litigation, the factor weighs in

6 favor of certification.  *See Kristensen*, 12 F. Supp. 3d at 1308; *see also Agne v. Papa John's Intern.,*

7 *Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012).   Plaintiff is not aware of any other litigation

8 between a Class member and Defendants arising out of the issues in this case.  Because there appear

9 to be no similar lawsuits, class resolution is a superior method of adjudicating the instant claims.

10 *See Kristensen*, 12 F. Supp. 3d at 1308; *Agne*, 286 F.R.D. at 571.

11            c.    <u>Nevada is a Desirable Forum to Concentrate Litigation.</u>

12       The third superiority factor requires a court to consider "the desirability or undesirability of

13 concentrating the litigation of the claims in the particular forum."  NRCP 23(c)(3).  Where a

14 defendant is present in a jurisdiction and there "appears no reason why concentrating the litigation

15 in [that jurisdiction] would be undesirable," the third factor supports class certification.  *See*

16 *Protectmarriage.com v. Bowen*, 262 F.R.D. 504, 509 (E.D. Cal. 2009).

17       Here, Defendants are present and at home in Nevada. RRII is a Nevada corporation, and

18 Defendants have several Red Robin Restaurants in Nevada. Thus, the third superiority factor favors

19 class certification.

20            d.    <u>There are no Significant Difficulties in Management of the Proposed Class.</u>

21

22       The fourth superiority factor requires a court to consider "the difficulties likely to be

23 encountered in the management of a class action."  NRCP 23(c)(3)(D).  "When the complexities of

24 class action treatment outweigh the benefits of considering common issues in one trial, class action

25 treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192.  "If each class

26 member has to litigate numerous and substantial separate issues to establish his or her right to

27 recover individually, a class action is not superior." *Id.*

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  This case is an ideal class action, concerning uniform practices, standard representations and

2  product packaging, and small individual damages claims.  No difficulties or complexities are added

3  to the case by certifying the Class.  The same evidence that Plaintiff will use to prove his claims

4  will prove the claims of the other Class members.  Accordingly, the fourth superiority factor

5  illustrates the superiority of a class action.

6         e.  <u>No Other Adequate Adjudication Methods Exist.</u>

7  In assessing superiority, the Nevada Supreme Court has stated that a "court must determine

8  whether other adjudication methods would allow for efficient resolution without compromising any

9  parties' claims or defenses," such as through joinder or consolidation.  *Shuette*, 121 Nev. at 852,

10  124 P.3d at 541.  Here, there are no other adequate adjudication methods.  This is an exemplary

11  class action—a very large group of individuals with claims that are too small to incentive any other

12  form of adjudication.

13              **V.**     **CONCLUSION**

14  Based on the foregoing, the Court should grant Plaintiff's Motion for Class Certification,

15  appoint Plaintiff as the Class Representative, and appoint Bailey❖Kennedy and Zimmerman Law

16  Offices, P.C. as Class Counsel.

17  DATED this 27th day of April, 2020.

18                  **BAILEY❖KENNEDY**

19                  By: _/s/ Dennis L. Kennedy_____

20                    DENNIS L. KENNEDY
                  PAUL C. WILLIAMS

21                    *Attorneys for Plaintiff Christopher Bruun*

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

**CERTIFICATE OF SERVICE**

2    I certify that I am an employee of BAILEY❖KENNEDY and that on the 27th day of April,

3    2020, service of the foregoing was made by mandatory electronic service through the Eighth Judicial

4    District Court's electronic filing system and/or by depositing a true and correct copy in the U.S.

5    Mail, first class postage prepaid, and addressed to the following at their last known address:

6

7    Red Robin Gourmet Burgers, Inc. c/o Corporation Service Company
     251 Little Falls Drive

8    Wilmington, DE 19808

9    Red Robin International, Inc. c/o Corporation Service Company
     112 North Curry Street

10   Carson City, NV 89703

11

12                                    /s/ Sharon Murnane
                                  Employee of BAILEY❖KENNEDY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# Exhibit 1

**DECLARATION OF DENNIS L. KENNEDY**

I, Dennis L. Kennedy, declare as follows:

1.  I am over the age of eighteen and a resident of Clark County, Nevada.

2.  I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

3.  I am a partner in the law firm of Bailey❖Kennedy, LLP ("Bailey❖Kennedy"), co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

4.  I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy and Zimmerman Law.

5.  I have substantial experience in class actions, complex litigation cases, including consumer law and deceptive trade practices matters. A true and correct copy of my Curriculum Vitae is attached to the Motion for Certification as Exhibit 2.

6.  Bailey❖Kennedy has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

7.  Bailey❖Kennedy is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of April, 2020.

_____
DENNIS L. KENNEDY

# Exhibit 2

# Exhibit 2

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association (Sections of Litigation and Professional Responsibility)
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015, 2016)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)
- Coach/Advisor to A Tech High School Moot Court Team, winner of 2019 Nevada Moot Court Championship

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

- Some Things That Can Hurt You If You Don't Pay Attention, Clark County Bar Association COMMUNIQUE (November 2015)

## SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).  Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010).  (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure).  Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994).  Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995).  Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

- Nevada Supreme Court Judicial Education Requirements Study Committee (2015) (Committee was charged with studying the subject of judicial education and making a recommendation to the Nevada Supreme Court.  Final report submitted April 2016)

- Submission of memoranda and giving of oral presentation to Nevada Supreme Court regarding proposed amendment to Nevada R.P.C. 8.4 regarding lawyers' ownership of marijuana/cannabis enterprises.  ADKT No. 0495

- Submission of memorandum to State Bar and State Bar Committee on Ethics and Professional Responsibility regarding lawyers' ownership/participation in the business of purchasing and selling medical liens. (October 2016)

- Submission of memorandum to Nevada Supreme Court regarding proposed amendment to Nevada RPC 8.4 regarding lawyer misconduct.  ADKT 526

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Benchmark Litigation Stars:  2018 – Commercial and Anti-Trust Litigation

- Mountain States "Super Lawyer" 2019; Top 10 – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2018; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2017; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States  "Super Lawyer" 2016; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States  "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation, Appellate Practice, and Ethics and Professional Responsibility Law (1991-present).

- Best Lawyers' 2012 and 2014 Las Vegas Health Care Lawyer of the Year.

## REPORTED CASES (1985-present)

- Lakeside Community Hospital v. Levenson, 101 Nev. 777, 710 P.2d 727 (1985).

- Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 781 P.2d 762 (1989).

- In re Discipline of Stuhff, 108 Nev. 629, 837 P.2d 853 (1992).

3

- In re Discipline of Singer, 109 Nev. 1117, 865 P.2d 315 (1993).

- Forsyth v. Humana, Inc., 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by Forsyth v. Humana, Inc., 99 F.3d 1504 (9th Cir. 1996); superseded on rehearing by Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997); affirmed by Humana, Inc. v. Forsyth, 525 U.S. 299 (1999).

- Snoeck v. Brussa, 153 F.3d 984 (9th Cir. 1998).

- State of Nevada v. Reliable Health Care, 115 Nev. 253, 983 P.2d 414 (1999).

- Baker v. District Court, 116 Nev. 527, 999 P.2d 1020 (2000).

- Nguyen v. State, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- Brown v. District Court, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Badillo v. American Brands, 117 Nev. 34, 16 P.3d 435 (2001).

- Badillo v. American Brands, 202 F.R.D. 261 (D. Nev. 2001).

- Michel v. Bare, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- Maduka v. Sunrise Hospital, 375 F.3d 909 (9th Cir. 2004).

- Poulos v. Caesar's World, Inc., 379 F.3d 654 (9th Cir. 2004).

- International Game Technology, Inc. v. Second Judicial District Court, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- Leroy's Horse and Sports Place v. Racusin, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); Leroy's Horse and Sports Place v. Racusin, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); Hartunian v. Racusin, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); Racusin v. American Wagering, Inc., 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp., 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

- State of Nevada v. District Court (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- Betsinger v. D.R. Horton, Inc., 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

- Keisic v. Valley Health System, LLC, et al., Nevada Supreme Court Case No. 64445 (December 29, 2015).

- Simmons v. Briones, 133 Nev. Adv. Op. No. 9, 390 P.3d 641 (March 2, 2017).

- Wasmund v. Aria Resort & Casino Holdings, Nevada Court of Appeals Case No. 69147 (March 6, 2017).

- Ford Motor Co. v. Trejo, 133 Nev. Adv. Op. 68, 402 P. 3d 649 (September 27, 2017) (for amicus Nat'l Assn. of Manufacturers).

- Public Employees' Retirement Sys. v. Gitter, 133 Nev. Adv. Op. 18, 393 P.3d 673 (April 27, 2017).

- Valley Health System v. Estate of Jane Doe; Hall Prangle & Schoonveld v. District Court, 134 Nev. Adv. Op. 76, 427 P.3d 1021 (September 27, 2018).

- Michelle Flores v. Las Vegas-Clark County Library District, 134 Nev. Adv. Op. 101, 432 P.3d 173 (December 13, 2018).

- <u>JMB Capital Partners Master Fund, L.P. v. District Court</u>, Nevada Supreme Court Case No. 78008 (March 21, 2019).

- <u>Las Vegas Review Journal v. City of Henderson</u>, Nevada Supreme Court Case No. 73287 (May 24, 2019).

- <u>City of Henderson v. Las Vegas Review Journal</u>, Nevada Supreme Court Case No. 75407 (October 17, 2019).

<u>ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION</u>

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999). (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices. (1998). Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160). <u>Brown v. Eighth Judicial District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case. <u>West v. Myers</u>, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities. <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims. <u>Mosley v. Gang, et al.</u>, Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision. <u>Lewis & Roca v. Bare</u>, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers. <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices. (2002). Name of candidate is confidential.

6

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim.  Luckett v. Hardcastle, et al., Case No. CV-S-05-0726 RLH-RJJ.  (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice.  Malignaggi v. Goldberg, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion.  Provenza v. Yamaha Motor Co., Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. Roth v. BMW, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172) (2006).  (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion.  Daniell v. Peake Development, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest).  Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information.  Friedman v. Friedman, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification.  Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person).  Case dismissed.  Name of lawyer is confidential.  (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim.  In re Receivership of Southwest Exchange, Case No. A535439, District Court, Clark County, Nevada.  Case settled.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim. Sorrell v. Snell & Wilmer, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada. Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination. Golightly v. Gassner, Case No. 50212, Nevada Supreme Court. Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation. Club 93, Inc. v. County of Elko, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada. Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer. Sperberg v. Hunterton, Case No. 08-149 (State Bar Fee Dispute Proceeding). Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. Powell v. Powell Naqvi, Case No. 08-566761, Eighth Judicial District Court. Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada. Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar. (In re Richard Pipkins). Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. Edwin K. Slaughter, et al. v. Uponor, Inc., et al., Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada. Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice. (2009-2010). Matter concluded without action by State Bar. Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters. State Bar v. Eglet (Case No. SG-10-0874) and Adams (Case No. SG-12-0803). Both proceedings dismissed.

- Representation of attorney in fee dispute arbitration. Davidson v. Gentile, Case No. 10-085, Nevada State Bar Fee Dispute Committee. Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding. State Bar of Nevada v. Anthony Lopez, Bar No. 08-175 (and numerous related and consolidated cases). Matters settled.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11). Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada. Matter decided.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3). Attorney's name is confidential. Case settled.

- Representation of former clients in action against law firm and attorney. Frias Holding Co. v. Greenberg Traurig, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada. Engagement concluded.

- Representation of former client against law firm in defense of fee collection proceeding and in prosecution of malpractice counterclaim. Lionel Sawyer & Collins v. DeWald, State Bar Fee Dispute Committee Matter No. 10-108. Case dismissed.

- Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence. Pacifica v. Goold Patterson, et al., Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada. Matter settled.

- Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation. Nevada RPC 1.3, 1.4, 5.3 and 8.1. State Bar v. Haines and Krieger, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters decided.

- Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8. Richman v. Haines & Krieger, LLC, et al., Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013). Matter settled.

- Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications. State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters). Matters settled.

- Representation of attorneys in challenge (by mandamus) to order of disqualification. In re City Center Construction and Lien Master Litigation:

9

MGM Mirage Design Group v. District Court, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. In Re Cook Trusts, Case No. P-11-071394-T.  Eighth Judicial District Court, Clark County, Nevada.  Matter decided.

- Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim.  Lionel Sawyer & Collins v. DeWald, Case No. 79 194 Y 00090 11 nolg (AAA).  Engagement concluded.

- Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential).  Engagement concluded.

- Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

- Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality.  Parker v. Carlson, et al., Case No. A571921, Eighth Judicial District County, Nevada.  Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney.  Allstate Insurance Co., v. Balle, et al., Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada.  Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A).  Waite v.Clark County Collection Service, Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada.  Matter decided

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud).  State Bar v. Noel Gage, Case No. 08-053-1890. Disciplinary case concluded with settlement.  Settlement approved by the Nevada Supreme Court.  Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility.  In re Melanie Feldhauser-Thomas.  Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents.  In re C.E. Cook

<u>Family Trust</u>, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules. <u>State Bar v. Joseph Scalia</u>, Case Nos. SG11-1737, SG12-0903. Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not. Names of client and law firm are confidential. Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation. <u>In re Steven Gibson</u>, Case No. SG-12-0104. Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement. <u>Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP f/k/a Feinberg Grant Mayfield Kaneda & Litt</u>, Case No. A-14-697336-B, District Court, Clark County, Nevada. Matter settled.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel. Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation. Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation. Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty. <u>McKenna v. Chesnoff, et al.</u>, Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada. Case pending.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty. <u>Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al.</u>, Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada. Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime. <u>State Bar of Nevada v. Chandan Manansingh</u>, No. CR13-1850 (2015). Matter pending

- Representation of attorney in defense of allegations of unauthorized practice of law. Matter is confidential.

11

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm.  Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure.  Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada.  Matter concluded.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens.  Name of attorney is confidential.

- Representation of client in matter following the striking of client's answer and imposition of sanctions for discovery violations and misconduct of prior counsel (Rule 3.3).  Valley Health System, LLC, et al. v. Jane Doe, 134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of law firm (Hall Prangle & Schoonveld, LLC) and attorney contesting the imposition of sanctions for lack of candor to the court.  (Nevada RPC 3.3).  134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of managing partner of Las Vegas office of national law firm in connection with his departure from that firm and the formation of a new law firm. Names of attorney and law firm are confidential.

- Representation of Adam Kutner in the defense of a State Bar disciplinary proceeding alleging violations of various rules of professional conduct.  State Bar v. Kutner, Case Nos. OBC15-0309, OBC15-0604, OBC15-1291,OBC16-0041, OBC16-0613.  Matter decided.

- Representation of partner in law firm in matter regarding partner's duties when law firm is engaging in conduct believed by the partner to violate the rules of professional conduct.  Name of partner and law firm are confidential.

- Representation of law firm and lawyers in sanctions and contempt proceedings arising from lawyers' alleged trial misconduct.  Names of lawyers are confidential.

- Representation of attorney in the defense of related State Bar proceedings involving client referrals.  Name of attorney is confidential.

- Representation of a gaming licensee in a dispute with its former attorneys over malpractice and excessive fees.  Names of parties are confidential.  Matter resolved.

- Representation of secured creditor moving to disqualify law firm representing debtor-in-possession because of conflicting representation of guarantor.  In re

12

Sterling Entertainment Group LV, LLC, Case No. BK-S-17-13662-abl, United States Bankruptcy Court, District of Nevada. Motion granted.

- Representation of Boyack Orme & Anthony in opposing motion seeking sanctions for misconduct during voire dire. Thompson v. Playland International, et al., Case No. A-14-697688-C, District Court, Clark County, Nevada. Motion decided by District Court. Nevada Supreme Court Case No. 75522 (April 25, 2019) (issuing writ of mandamus vacating District Court imposition of sanctions). Client appeared *pro per* in Supreme Court.

- Representation of Lewis Brisbois Bisgaard & Smith in opposing motion seeking case terminating sanctions for alleged discovery abuse. Gonzales v. Navarro, et al., Case No. A-15-728994-C, District Court, Clark Count, Nevada. Case settled.

- Representation of Pete Eliades in (i) opposing motion seeking judgment for attorneys' fees, and (ii) asserting countermotion ordering the forfeiture of fees by reason of law firm's conflict of interest. Cooper Levenson v. Eliades, Case No. A-16-732467-C, District Court, Clark County, Nevada. Motions decided. Trial pending.

- Representation of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP in opposing motion seeking sanctions. Lauren Pitts v. Costco Wholesale Corporation, Case No. A-16-731492-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of client in dispute with former attorney over propriety (and refund) of alleged "nonrefundable" retainer where attorney was terminated before any substantive work was done. Name of client is confidential.

- Representation of James W. Vahey, M.D. against former attorney (and others) in action for malpractice and breach of fiduciary duty. Vahey v. Musso, et al., Case No. A-14-695460-C, District Court, Clark County, Nevada. Matter settled.

- Representation of governmental entity in defense of action by newspaper contesting the refusal to produce "public records" on the ground that such records were protected from disclosure by attorney-client and deliberative process privileges. Las Vegas Review Journal v. City of Henderson, Nevada Supreme Court Case No. 73287 (decided May 24, 2019).

- Representation of Hanson Bridgett, LLC in opposing motion to disqualify that firm for alleged conflict with former client (RPC 1.9) Coyote Springs Land Development v. Las Vegas Valley Water District, et al., Case No. A-18-778039-C, District Court, Clark County, Nevada. Matter resolved. Case dismissed.

- Retained by (non-party) former general counsel of defendant to advise as to matters of privilege, work product and confidentiality likely to arise at his deposition – taken in an action where the plaintiff alleged fraud and related wrongdoing by the defendant. Name of client is confidential.

13

- Representation of client seeking disqualification of former attorneys now seeking to represent adverse parties in cross-claims. In re Fontainebleau Lien Litigation, Case No. A-17-765074-B. Matter decided. Nevada Supreme Court, Case No. 78008 (March 2019).

- Representation of client in dispute with former counsel who personally filed an amicus brief adverse to the interest of his former client in a matter where he had personally represented the former client. Matter resolved. Names of client and attorney are confidential.

- Representation of Wynn Resorts Ltd. in a motion to disqualify its former counsel in a matter where the former counsel is appearing adverse to it. Stephen A. Wynn v. Wells, et al., Case No. A-18-784184-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of Blue Martini (client) in matter involving unauthorized acts by attorneys purporting to act on client's behalf. Tomora Reichardt v. Blue Martini Las Vegas, LLC, d/b/a Blue Martini Lounge, et al., Case No. A-10-608169-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of attorney in defense of State Bar proceeding alleging the perpetration of fraud on the court. State Bar of Nevada v. Noe, Case No. OBC-19-0605.

- Representation of Paul D. Powell and The Powell Law Firm in litigation against the State Bar of Nevada seeking to have Nevada Rule of Professional Conduct 7.2(i) declared unconstitutional.

- Representation of City of Henderson in dispute with Las Vegas Review Journal over attorney's fees in public records case. City of Henderson v. Las Vegas Review Journal, Nevada Supreme Court Case No. 75407 (October 17, 2019).

- Representation of governmental entity in dispute with former employee-attorney over permissible post-employment activities of former employee-attorney. Names of client and former employee attorney are confidential.

- Representation of Stacey and Steven Lewis in dispute with former counsel (Brownstein Hyatt law firm) over attorney's fees. CML-NV Grand Day, LLC v. Grand Day, LLC, et al., Case No. A-11-655054-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of James W. Vahey, M.D. in malpractice case against Black & Lobello and Tisha Black in James W. Vahey, M.D., et al., v. Black & Lobello, et al., Case No. A-18-768351-C, District Court, Clark County, Nevada. Matter pending.

- Representation of Matthew Callister in the defense of the State Bar grievances regarding diligence and fees in Grievance File No. OBC-19-1132/Delia Henson and Grievance File No. OBC-19-1102/Demedrick Jefferson.  Matters pending.

## RETENTION AS EXPERT:  ETHICS/PROFESSIONAL RESPONSIBILITY

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party. Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses. Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients.  Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed. Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton

15

& Kahle; Villani, Hilton & Kahle; Villani, Gardner & Hilton; Perry & Spann; Pico & Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to lawyer's conduct in trial and settlement of case. Report prepared. Case dismissed. Mark J. Brown v. Alan Catley (and related cross actions), Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation). State Bar v. Mirch, Case No. 3-34-20. Report prepared. Testimony given. In The Matter of Discipline of Kevin Mirch, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland & Hart to testify as to duties owed by lawyer who engages in business transactions with clients. Rivers v. Romano, et al., Case No. A483701, District Court, Clark County, Nevada. Report prepared. Testimony given. Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), State Bar v. Goldberg, No. 04-013-1536. Testimony given. Case dismissed.

- Retained by Cristalli & Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom. Johnson v. Smith, Case No. 512364. Report prepared. Case dismissed.

- Retained by Snell & Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction. Sundance West LLC, et al. v. Orix Capital Markets, LLC, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada. Report prepared. Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements. Artisan Tile & Plumbing, Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias & Haire fka Bennion & Clayson; Does 1 through 10, inclusive, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter & Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect

16

litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care. <u>National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim)</u>, Case No. 3:05-CV-0658-BES-VPC, United States District Court, District of Nevada. Report prepared. Case settled.

- Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation. <u>Lesky v. Callister</u>, Case No. 527875, District Court, Clark County, Nevada. Report prepared. Case dismissed.

- Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client. <u>Richards v. Allison, MacKenzie, et al.</u>, Case No. 03-01781A, First Judicial District Court, Carson City, Nevada. Report prepared. Case dismissed.

- Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case. <u>D & J Properties v. Siena Office Park 2</u>, Case No. A537781, District Court, Clark County, Nevada. Report prepared. Testimony Given. Matter decided.

- Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him. <u>Leseberg v. Woods</u>, Case No. P59334, District Court, Clark County, Nevada. Report prepared. Deposition testimony given. Trial testimony given. Case settled.

- Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A). <u>Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40</u>, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest. <u>American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP</u>, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel). Rebuttal report prepared. Testimony given. Case decided.

- Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client. <u>Seidman v. Dilloo</u>, Case No. D260143, District Court, Clark County, Nevada. Report prepared.

- Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada. <u>Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions</u>, Case No. A536644, A542755, A535548, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed. Bar Grievance filed. Screening panel testimony given. Matter decided.

- Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d). <u>Julia Brady, et al v. Kerry Rogers, et al.</u>, Case No. A572440, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer. <u>Geier v. Denue, et al.</u>, Case No. A525183, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust. <u>In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996</u>, Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation. NRPC 1.7. (Name of firm and identities of clients are confidential).

- Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services. <u>Brewer v. State of Nevada, et al.</u>, Case No. 554064, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation. <u>Jackson v. Ira Levine, et al.</u>, Case No. A538983, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Trial testimony given. Case decided.

- Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees. <u>DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP</u>, Case

No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada.  Report prepared. Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions.  XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada.  Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds.  Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents.  Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust.  Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada.  Report prepared.  Deposition taken.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation.  RPC 1.13.   Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court.  Report prepared.  Case concluded on summary judgment in favor of attorney.  Amended Complaint filed,.  Additional report prepared.  Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement.  Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party.  Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation. Maui One Excavating v. Mead & Pezzillo, et

al., Case No. A539801, Clark County District Court. Report prepared. Case settled.

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada. Report prepared. Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10). Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada. (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues. Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared. Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client. Merle Layton Trust, Case No. PR98-00336. Second Judicial District Court, Washoe County, Nevada. Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared. Trial testimony given. Matter decided.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence. Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court. Report prepared. Deposition taken. Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation. Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court. Report prepared. Deposition taken. Matter settled.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues. State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536. Report prepared. Matter resolved.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm. Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court. Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation. Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court. Report prepared. Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney. (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims. Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada. Report prepared. Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court. Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment. Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8). Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada. Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel. Nevada RPC 8.3(a). Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself. Lynan v. Health Plan of Nevada, Case No. A583772 and Magana

21

v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel. Randazza v. Excelsior Media Corp., JAMS Case No. 1260002283. Report prepared. Arbitration testimony given. Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity Andrews v. Rowe, et al., Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada. Report prepared. Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law. In re: Fundamental Long Term Care, Inc., Case No. 8-11-BK-22258-MGW, District of Florida. Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. Goldsmith v. Sill, et al., Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada. Report prepared. Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al., Case No. A-11-648532-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom, Case No. A-13-689637-B, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction. Verano Land Group, LP v. VTLM Texas LP, et al, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence. James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al., Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given. Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct.

22

SBS Retail Inc., et al. v. Yves Chantre Inc., et al., Case No. A-13-681083-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

• Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al., Nevada Supreme Court Case No. 64692. Report prepared. Case settled.

• Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction. Nevada RPC 1.13. Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al., Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada. Case settled.

• Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al., Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

• Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction. Shulman v. Bendavid, Case No. A682679, District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

• Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2). United States of America v. Leon Benzer, et al., Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada. Report prepared. Trial testimony given. Matter decided.

• Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters. Randazza v. Liberty Media Holdings, LLC, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

• Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation. Lee v. 70 Ltd. Partnership, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

• Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation. International Game Technology v. Armstrong Teasdale, LLP, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8). <u>Center Firearms Corp. v. Long Mountain Outfitters</u>, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case decided.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter. Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter. <u>Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims</u>, Case No. A-12-673897-C, District Court, Clark County, Nevada. Case settled.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client. <u>Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario</u>, Case No. 08-A-578306, District Court, Clark County, Nevada. Report prepared. Deposition taken. Trial testimony given. Case decided.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled <u>Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin</u>, Case No. 2:10-cv-0106-LRH-PAL in the United States District Court, District of Nevada. Report prepared. Matter decided. 209 F. Supp. 3d 1200 (D. Nev. 2016); reversed in part, 879 F. 3d 948 (9th Cir. 2018) and remanded. Supplemental report prepared. Matter decided on remand.

- Retained by Lipson, Neilson, Cole, Seltzer & Garin, PC to opine on the conduct of members of Wasserman Kornheiser, LLP, at issue in the claims alleged in the matter entitled <u>Carlisle Homeowners Association v. Pacifica Covington, LLC, et al.</u>, Case No. A-13-678911-D, District Court, Clark County, Nevada. Case pending.

- Retained by Lewis Roca Rothgerber to opine on conduct of attorney in the litigation of a matter. <u>Huckabay Properties, Inc. v. Beau Sterling, et al.</u>, Case No. CV-15-00765, Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Gordon & Rees to opine on the conduct of attorney regarding business transaction with client. <u>Blanchard v. Rosenfeld</u>, Case No. A637650, District Court, Clark County, Nevada. Report prepared. Rebuttal Report prepared. Case pending.

- Retained by Loose Brown & Associates (later replaced by May, Potenza, Baran & Gillespie, P.C.) to opine on the conduct of a law firm and one of its lawyers in the representation of a client in litigation. <u>Cannabis Renaissance Group, LLC, and Mohit Asnani v. Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas; and</u>

<u>Patrick J. Sheehan and Jane Doe Sheehan</u>, Case No. CV2016-054776, pending in Superior Court, State of Arizona, Maricopa County.  Report prepared.  Rebuttal report prepared.  Deposition taken.  Case pending.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer and law firm in representation of client in litigation.  <u>Sunport Business Trust v. Serle, et al.</u>, Case No. A-15-716677-C, District Court, Clark County, Nevada.  Report prepared. Rebuttal report prepared.  Case pending.

- Retained by Caldwell Leslie & Proctor, PC to opine on (i) the causation of damages by attorney negligence in a commercial transaction and (ii) the reasonableness and necessity of attorneys' fees incurred by Renown Health, Renown Regional Medical Center, and Nevada Heart Institute d/b/a Renown Institute for Heart & Vascular Health in the matter entitled <u>Arger, et al. v. Renown Health, et al.</u>, Case No. CV11-02477, Second Judicial District Court, Washoe County, Nevada, such fees are sought as damages by the Renown Parties in the matter entitled <u>Renown Health, et al v. Holland & Hart, LLP, et al.</u>, Case No. CV14-02049, Second Judicial District Court, Washoe County, Nevada. Report prepared.  Deposition taken.  Trial testimony given.  Matter decided.

- Retained by Edward Lewis Tobinick, M.D, Edward Lewis Tobinick, MD d/b/a Institute of Neurological Recovery and INR PLLC d/b/a Institute of Neurological Recovery to opine on the conduct of Marc J. Randazza, Esq. of Randazza Legal Group, PLLC in the matter entitled <u>Edward Lewis Tobinick, M.D., et al. v. Novella, et al.</u>, Case No. 9:14-cv-80781-RLR, pending in the U.S District Court, Southern District of Florida (West Palm Beach).  Report prepared.  Matter decided.

- Retained by Meister Seelig & Fein LLP to opine on the reasonableness and necessity of attorneys' fees incurred by Ballard Spahr LLP and Katten Muchin Rosenman LLP in the matter entitled <u>Jeffrey Soffer, et al. v. The Bank of Nova Scotia, New York Agency</u>, Case No A635777 in the Eighth Judicial District Court, Clark County, Nevada, as appealed to the Nevada Supreme Court, Case Nos. 61762 and 63157.  Report prepared.  Deposition taken.  Matter pending in New York state court

- Retained by Wilson Elser Moskowitz Edelman & Dicker LLP to opine on the conduct of Danielle L. Miller and the law firm of Sylvester & Polednak regarding malpractice claims brought by Laura Renzi.  Preliminary report prepared.  Case settled.

- Retained by Hutchison & Steffen to opine on the conduct of Eric Roy and the law firm of Claggett & Sykes in the matter entitled <u>Adam S. Kutner, P.C., et al. v. Eric Daly, et al.</u>, Case No. A-11-643990-C consolidated with Case No. A-11-650247-C, pending in the Eighth Judicial District Court, Clark County Nevada. Report prepared.  Matter settled.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer in litigation. <u>Scotto v. Gourley, et al.</u>, Case No. A-15-729632-C, District Court, Clark County, Nevada.  Report prepared.  Case settled.

- Retained by Messner Reeves LLP (successor to Wolfenzon Rolle Edwards) to opine on conduct of lawyers in litigation.  <u>Dudek v. Meuller, et al.</u>, Case No. A-14-703305-C, District Court, Clark County, Nevada.  Report prepared.  Matter settled.

- Retained by law firm to advise as to validity of attorney association agreement. (Name of firm and identities of clients are confidential).

- Retained by Quinn Emanuel Urquhart & Sullivan, LLP to opine with regard to Motions to Disqualify Quinn Emanuel, counsel for Elaine P. Wynn, filed by Wynn Resorts, Limited in the matter entitled <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, pending in District Court, Clark County, Nevada.  (RPC 3.3, 4.4, 5.3 and 8.4).  Report prepared. Matter resolved.

- Retained by attorney to advise as to obligations when client is committing fraudulent acts.  (Name of attorney is confidential.)

- Retained by Kravitz, Schnitzer & Johnson to opine on attorney's obligations when claim is made that fees were paid with stolen funds.  <u>Novva Ausrustung Group, Inc. v. Dean Kajioka</u>, Case No. 2:17-cv-01293-RFB-VCF, U. S. District Court, District of Nevada.  Case settled.

- Retained by Buckley Sandler, LLP to opine on law firm's obligations when withdrawing from one jointly represented client and continuing to represent the other.  <u>Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims</u>, Case No. A656710, District Court, Clark County, Nevada.  Matter resolved.

- Retained by Hartford Financial Products to render an opinion on the conduct of Ken R. Ashworth, Esq., Hans R. Baldau, Esq., Geoffrey A. Potts, Esq., and Ken R. Ashworth & Associates P.C. as alleged in the Arbitration Matter of <u>Michael C. Fuoroli and Tiffany S. Fuoroli, Claimants v. Ken R. Ashworth & Associates, Ken R. Ashworth, Hans R. Baldau, and Geoffrey A. Potts, Respondents / Ken R. Ashworth & Associates, Professional Corporation, Counterclaimant v. Michael C. Fuoroli and Tiffany S. Fuoroli, Counter-respondents</u>, Case No. 211874.  Case decided.

- Retained by Armstrong Teasdale to render an opinion on the conduct of attorney in representing client in negotiations.  (Alleged aiding and abetting client in breach of fiduciary duty to partner.)  <u>LV Holdco LLC v. Atalon Mgmt. Group, LLC, et al.</u>, Case No. A-17-749387-B, District Court, Clark County, Nevada.

- Retained by Santoro Whitmire to render an opinion on the conduct of attorneys and law firm (Gordon Rees Scully Mansukhani, LLP) in the conduct of litigation.

Smead v. Gordon Rees, et al., Case No. A-16-760737-C, District Court, Clark County, Nevada.

- Retained by Holley Driggs Walch Fine Wray Puzey & Thompson to render an opinion on the conduct of attorney T. James Truman in the representation of his client. T. James Truman & Associates v. Quest Preparatory Academy, Case No. A-15-727469-C, District Court, Clark County, Nevada.

- Retained by Hutchison & Steffen to opine on the validity of an alleged conflict waiver by a governmental entity (City of Las Vegas) in order to permit it to be represented by a law firm which was appearing adverse to it in a related matter. 180 Land Co. LLC v. City of Las Vegas, Case No. A-17-758528-J, District Court, Clark County, Nevada. Preliminary opinion rendered. Matter resolved.

- Requested (pro bono) by the Clark County District Attorney's office to advise as to propriety of criminal defense attorneys posting offensive comments on social media (Nevada RPC 8.4(d)). Memorandum re substance and remedies delivered. (7/16/18).

- Retained by law firm to opine and advise regarding expulsion of partner/ shareholder from firm. Name of firm is confidential.

- Retained by Gentile Cristalli Miller Armeni & Savarese, PLLC to opine and advise regarding reasonableness of fees in King v. Desert Palace, Inc., et al., Case No. A-13-691609-C, District Court, Clark County, Nevada. Opinion rendered.

- Retained by Olson, Cannon, Gormley, Angulo & Stoberski to opine on malpractice issues in Coleman v. Tomsheck, et al., Case No. A-15-728692-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. The Estate of Glen Woods, et al., Case No. A-18-775111-C, District Court, Clark County, Nevada. Oral report given. Case settled.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. Andrew B. Platt, et al., Case No. A-18-774926-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Marshall & Associates to opine on the conduct of attorney Douglas J. Gardner (and others) in the representation of clients (insurer and insured) in litigation and other related matters. Century National Insurance Co., et al. v. Douglas J. Gardner, et al., Case No. 2:18-cv-02090-APG-BWN, U.S. District Court, District of Nevada. Report prepared.

- Retained by Robison Sharp Sullivan & Brust to opine on existence of and consequences arising from former client conflict. Coyote Springs Investment, LLC v. Wilson, Case No. A-19-789203-J, District Court, Clark County, Nevada.

- Retained by Kravitz, Schnitzer & Johnson, Chtd. to opine on the conduct of Dennis M. Prince with respect to his conduct in <u>Lee Pretner, et al. v. Michael A. Vasquez, et al.</u>, Case No. A-11-632845-C, in the District Court, Clark County, Nevada; which is now at issue in <u>Dana Andrew, et al. v. Century Surety Company</u>, Case No. 2:12-cv-00978-APG-PAL, in the United States District Court, District of Nevada. Report prepared.

- Retained by Fidelity National Law Group to opine as to the reasonableness of the attorneys' fees incurred by the Plaintiff's counsel in <u>The Money Source, Inc. v. Chartered Holdings, Inc.</u> and related cases, Case No. A-17-749645-C, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Flangas Law Firm, Ltd. to opine as to the conduct of C. Conrad Claus, Esq. with respect to the claims alleged in <u>Grundy v. Claus & McKenzie,</u> Case No. A-17-754726-C, in the Eighth Judicial District Court, Clark County, Nevada. Reports prepared.

- Retained by Hutchison & Steffen, PLLC to opine as to the conduct of Rory Vohwinkel and Vohwinkel & Associates with respect to <u>Caballos De Oro Estates, LLC v. Eliot A. Alper, et al.</u>, Case No. A-17-752905, pending in the Eighth Judicial District Court, Clark County, Nevada.

<u>CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)</u>

- National Business Institute (NBI) (6/19/19): "Ethics in Business Law"

- Clark County Bar Association (5/14/19): "Things They Didn't Tell You In Law School"

- Clark County Bar Association (5/9/18): "Current Topics for New (and Not So New) Lawyers" Current Issues in Ethics

- Kolesar & Leatham (12/22/17): Current Issues In Privilege and Confidentiality

- National Business Institute (12/20/17): Legal Ethics – Top Challenges

- Association of Legal Administrators, Las Vegas Chapter (11/14/17): "Attorney-Client Privilege and Confidentiality"

- National Business Institute (10/19/17): Tax Exempt Organizations: Ethics Bootcamp

- Clark County Bar Association (5/11/17): "You Know Where You've Been . . ." Current Issues in Ethics

- State of Nevada-Paralegal Division (4/29/17): Confidentiality and Attorney-Client Privilege

28

- City of Henderson, City Attorney's Office (10/6/16): Ethics 2016: "What Can I Say?"

- Southern Nevada Association of Women Attorneys (1/7/16): "Things to Fear in the New Year"

- Clark County Bar Association (12/9/15): "12th Annual Ethical Issues"

- Clark County Bar Association (6/25/15): "Things You Don't Know Can Hurt You – Here are 12 of them"

- Water Law Institute: 17th Annual Law of the Colorado River Conference (5/1/15): "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15): "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14): "11th Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference: Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14): "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada: Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13). 10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13). "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society: Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter: Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference: Water Lawyers and Ethics (6/7/13).

29

- Clark County Bar Association (5/8/13) "4th Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12). 9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12). "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12). "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle?  Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

- Clark County Bar Association (9/18/09): "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09): "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation."  Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials.  Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07)  "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

31

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005:  Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003:  What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics:  2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice:  Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems:  Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

- State Bar of Nevada (3/21/98):  "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]

# Exhibit 3

# Exhibit 3

**DECLARATION OF THOMAS A. ZIMMERMAN, JR.**

I, Thomas A. Zimmerman, Jr., declare as follows:

1.  I am over the age of eighteen and a resident of Cook County, Illinois.

2.  I am the principal of Zimmerman Law Offices, P.C. ("Zimmerman Law"), an Illinois professional corporation, co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth Judicial District Court of the State of Nevada.

3.  I am competent to testify to the facts stated herein, which are based on personal knowledge unless otherwise indicated, and if called upon to testify, I could and would testify competently to the following.

4.  I submit this declaration in support of Plaintiff's Motion for Class Certification and Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy, LLP and Zimmerman Law.

5.  I am a seasoned litigator with more than 23 years of experience as a class action attorney. I have been appointed as class counsel in numerous matters in federal and state courts throughout the country. A true and correct copy of Zimmerman Law's firm biography is attached to the Motion as Exhibit 4.

6.  I have substantial experience and knowledge in class actions and complex litigation cases, including consumer law and deceptive trade practices matters.

7.  Zimmerman Law has sufficient resources and time necessary to adequately serve as class counsel and zealously represent the interests of the putative class.

8.  Zimmerman Law is not aware of any other litigation between a putative class member and any of the Defendants regarding similar claims alleged by Plaintiff.

/ / /

/ / /

/ / /

Page 1 of 2

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

9.     Contemporaneous with the filing of this Declaration, I intend to seek admission to practice before this Court pursuant to Nevada Supreme Court Rule 42 to represent Plaintiff and the putative class in this matter.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Executed on this 27th day of April, 2020, in Cook County, Illinois.

                              /s/ Thomas A. Zimmerman, Jr.
                              THOMAS A. ZIMMERMAN, JR.

# Exhibit 4

# Exhibit 4

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $250 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 23 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019 and 2020, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC

appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

2

**Sharon A. Harris**

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For over 20 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

**Matthew C. De Re**

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

3

**Jeffrey D. Blake**

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.


**Jordan M. Rudnick** (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

4

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. MD).

*Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an

internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO).

*Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D. NY).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages.  *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, IL).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed.  *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, IL).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest*

*Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

<u>*Improper Debiting of Bank Accounts*</u> — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

<u>*Environmental Contamination*</u> — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

<u>*Misleading Product Claims*</u> — $1.4 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

<u>*School Misrepresenting Accreditation*</u> — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

<u>*Privacy Violation*</u> — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

<u>*Breach of Contract*</u> — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

<u>*Privacy Violation*</u> — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. IL).

<u>*Contaminated Drinking Water*</u> — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

<u>*Fraud*</u> — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

<u>*Foreclosure Fraud*</u> — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. IL).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.*, No. 07 CH 14018 (Cook Cnty, IL).

*Improper Health Club Memberships* — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, IL).

*Illegal Lending Practices* — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. IL).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. IL).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc., et al.*, No. 06 CH 03056 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

8

**Pending Cases — Appointed Class Counsel**

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. *Black, et al. v. City of Girard, Ohio, et al.*, No. 18 cv 1256 (Trumbull Cnty, OH).

**Pending Cases — Appointed to Executive Committee**

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

**Pending Cases**

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased cleaning products that advertised they were made of higher quality ingredients than were actually contained in the products.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by their employer.

*Americans with Disabilities Act* — Class action for a nationwide class of disabled individuals who were denied full, equal and independent access to the goods, services and facilities provided by a hotel.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Environmental Contamination* — Class action for a statewide class of individuals who suffered from an infiltration of lead and arsenic on their property.

*Shareholder Derivative Action* — Class action for a nationwide class of individuals and businesses who are shareholders of a company that wrongfully entered into a merger transaction.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Fraud* — Class action for a nationwide class of individuals who purchased used cosmetics and beauty products that were sold as new.

*Breach of Contract* — Class action for a statewide class of individuals who are members of athletic clubs that unilaterally terminated their rewards program without notice.

*Fraud* — Class action for a nationwide class of individuals who were charged an improper checkout bag tax on retail purchases in the City of Chicago.

*Unpaid Wages* — Class action for a statewide class of individuals who were not paid all of the wages they earned while working at restaurants.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who paid inflated prices for tickets to events due to improper coordination among ticket brokers.

_Improper Fee_ — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license.

_Data Breach_ — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain.

_Fraud_ — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

_Defective Product_ — Class action for a nationwide class of individuals who purchased misbranded and adulterated pharmaceuticals.

**NOTE:**   This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.

11



$3.000
US POSTAGE
FIRST-CLASS
062S0005518244
89148

BAILEY ❖
KENNEDY
ATTORNEYS AT LAW

8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302

**To:**

Red Robin Gourmet Burgers, Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808



Electronically Filed
4/27/2020 1:18 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **MCC (CIV)**
DENNIS L. KENNEDY
2 | Nevada Bar No. 1462
PAUL C. WILLIAMS
3 | Nevada Bar No. 12524
**BAILEY❖KENNEDY**
4 | 8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
5 | Telephone: 702.562.8820
Facsimile: 702.562.8821
6 | DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com
7 |

8 | *Attorneys for Plaintiff Christopher Bruun*

DISTRICT COURT
9 |
CLARK COUNTY, NEVADA
10 |

11 | CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,

12 |                                                        Case No.   A-20-814178-C

                    Plaintiff,                              Dept. No.   IX
13 |
         vs.                                                **PLAINTIFF'S MOTION FOR CLASS**
14 |                                                        **CERTIFICATION AND APPOINTMENT OF**
RED ROBIN GOURMET BURGERS, INC., a                         **CLASS COUNSEL**
15 | Delaware corporation; and RED ROBIN
INTERNATIONAL, INC., a Nevada corporation,                 **Hearing Requested**
16 |
                    Defendants.
17 |

18 |         Pursuant to Nevada Rules of Civil Procedure 23(a) and 23(c)(3), Plaintiff Christopher Bruun

19 | ("Plaintiff") moves to certify a class action against Defendants Red Robin Gourmet Burgers, Inc.

20 | ("RRGBI") and Red Robin International, Inc. ("RRII") (jointly, "Defendants" or "Red Robin") and

21 | appoint the undersigned counsel from Bailey❖Kennedy, LLP ("Bailey❖Kennedy") and Thomas A.

22 | Zimmerman, Jr., from Zimmerman Law Offices, P.C. ("Zimmerman Law")[1], as Class Counsel.

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | ───────────────────────
[1]   Mr. Zimmerman's Verified Application for Association of Counsel Under Supreme Court Rule 42 will be submitted
28 | to the State Bar of Nevada.  Upon receipt of the State Bar of Nevada's statement, Plaintiff will move to associate Mr.
Zimmerman as co-counsel.

Page **1** of **13**

*(left margin)* BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   This motion is supported by the papers and pleadings on file, the accompanying

2   Memorandum of Points and Authorities, the exhibits attached thereto, and any oral argument heard

3   by the Court.

4          DATED this 27th day of April, 2020.

5                                          BAILEY❖KENNEDY

6                                          By: /s/ Dennis L. Kennedy
7                                              DENNIS L. KENNEDY
                                               PAUL C. WILLIAMS
8                                              *Attorneys for Plaintiff Christopher Bruun*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3   Plaintiff Christopher Bruun brings this class action against Defendants Red Robin Gourmet

4   Burgers, Inc. and Red Robin International, Inc. for Red Robin's practice of serving, at most, 14

5   ounces of Stella Artois beer when customers order a 16-ounce Stella Artois beer.  Red Robin offers

6   on its menu Stella Artois in 16-ounce portions, yet the customized Stella Artois chalice in which

7   Red Robin serves the supposed 16-ounce Stella Artois beer can only contain at most 14 ounces of

8   beer.

9   Plaintiff and the other class members did not receive what they paid for, and were deceived

10   into thinking they were receiving a larger quantity of beer than they actually received.  Plaintiff

11   seeks to recover the difference between what Plaintiff bargained for, and what he actually received,

12   and to recover for Red Robin's breach of contract, breach of the covenant of good faith and fair

13   dealing, violation of the consumer fraud and deceptive trade practices acts of the states where Red

14   Robin has restaurants, and unjust enrichment.

15

## II.   STATEMENT OF FACTS

16   Red Robin operates and franchises Red Robin Restaurants throughout the United States.  At

17   the end of 2019, there were 556 Red Robin Restaurants in 44 states in the United States.  (Class

18   Action Complaint ("Compl.") ¶ 11.)  The menu at Red Robin's restaurants offer Stella Artois beer

19   in various sizes, one of which is 16 ounces.  (*Id.* ¶ 14.)  The menu and Nutritional Guide both state

20   that 16 ounces of Stella Artois beer have 190 calories.  (*Id.* ¶¶ 14-15.)

21   Red Robin's representations are false and misleading.  All of the Stella Artois chalices in

22   which Red Robin serves its purported 16-ounce, 190-calorie Stella Artois beer have a "fill-line" of

23   33 centiliters and cannot hold more than 14 ounces of beer.  (*Id.* ¶¶ 16-17.)  Plaintiff dined at Red

24   Robin numerous times in 2019 and 2020, and ordered 16 ounces of Stella Artois.  (*Id.* ¶ 23.)

25   Plaintiff paid for 16 ounces of Stella Artois beer each time he ordered a Stella Artois, but only

26   received, at the most, 14 ounces of Stella Artois beer each time.  (*Id.* ¶¶ 25-26.)

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

### III.   PROPOSED CLASS DEFINITION

Plaintiff seeks certification of the following nationwide class pursuant to NRCP 23:

> All individuals in the United States who, during the applicable statute of limitations, dined in a Red Robin Gourmet Burgers and Brews restaurant and paid for 16 ounces of Stella Artois beer that was served in a Stella chalice with a maximum capacity of 14 ounces. Excluded from the Class are: (1) Defendants' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

### IV.   ARGUMENT

#### A.   **Standard of Decision.**

The Nevada Rules of Civil Procedure provide that "[a]s soon as practicable after the commencement of an action brought as a class action, the court must determine by order whether it is to be so maintained." NRCP 23(d)(1). The Court's "order may be conditional, and may be altered or amended before the decision on the merits." *Id.*

As the Nevada Supreme Court has explained, "class actions promote efficiency and justice in the legal system by reducing the possibilities that courts will be asked to adjudicate many separate suits arising from a single wrong and that individuals will be unable to obtain any redress for wrongs otherwise irremediable because the individual claims are too small or the claimants too widely dispersed." *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005).

In that context, NRCP 23(a) provides that a class action may be maintained only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1 claims or defenses of the class; and (4) the representative parties will fairly and adequately protect

2 the interests of the class." In addition to satisfying the four NRCP 23(a) prerequisites, a party

3 moving to certify a class must demonstrate that the proposed class fits into one of the three

4 categories enumerated in NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539 (2005).[2] As

5 detailed below, Plaintiff seeks certification under NRCP 23(c)(3).

6 "A party seeking class certification must affirmatively demonstrate his compliance with the

7 Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties,

8 common questions of law or fact, etc." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.338, 350,

9 (2011).[3] While a court must engage in a rigorous analysis of the Rule 23 factors, a plaintiff's

10 "evidentiary showing need not be extensive." *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 646

11 (W.D. Wash. 2007) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)).

12 Moreover, the "class determination generally involves considerations that are enmeshed in

13 the factual and legal issues comprising the plaintiff's cause of action." *Dukes*, 564 U.S. at 351.

14 Thus, while it is "sometimes . . . necessary for the court to probe behind the pleadings before

15 coming to rest on the certification question," such analysis is limited to the issues surrounding

16 certification that "overlap with the merits of the plaintiff's underlying claim." *Id.* at 351; *see also*

17 *id.* at 351 n.6, (noting that a court's analysis of the merits is limited to that which is necessary to

18 determine certification); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) ("The

19 district court is required to examine the merits of the underlying claim in this context, only

20 inasmuch as it must determine whether common questions exist; not to determine whether class

21 members could actually prevail on the merits of their claims.").

22 **B.    The Proposed Class Satisfies the NRCP 23(a) Prerequisites.**

23 ***1.    The Proposed Class is Numerous.***

24 The numerosity prerequisite is satisfied if "the class is so numerous that joinder of all

25 members is impracticable." NRCP 23(a)(1). While there is no minimum number of class members,

---

[2]    As a result of the March 1, 2019, amendments to the Nevada Rules of Civil Procedure, the three disjunctive conditions
for class certification were moved from NRCP 23(b) to NRCP 23(c).

[3]    The Nevada Supreme Court often relies upon federal cases interpreting Federal Rule of Civil Procedure 23 in
analyzing NRCP 23. *See, e.g.*, *Shuette*, 121 Nev. at 847 n.11, n.12, n.13, n.14, 124 P.3d at 538, n.11, n.12, n.13, n.14.

1   "a putative class of forty or more generally will be found numerous." *Shuette*, 121 Nev. at 847, 124

2   P.3d at 537.

3       The Class is likely comprised of thousands of individuals. (Compl. ¶ 28.) Numerosity is

4   established by the fact that Red Robin has found it cost-effective to use specially crafted chalices

5   with Stella Artois logos on them to serve Stella Artois at its 556 restaurants. (*Id.* ¶ 16.) Moreover,

6   Red Robins reports total revenue for 2019 of $1.2 billion. (*Id.*)

7          **2.**    **There are Common Questions of Law and Fact.**

8       The commonality prerequisite requires that "there are questions of law or fact common to

9   the class." NRCP 23(a)(2). "Questions are common to the class when their answers as to one class

10  member hold true for all class members." *Shuette*, 121 Nev. at 848, 124 P.3d at 538.

11  "Commonality does not require that all questions of law and fact must be identical, but that an issue

12  of law or fact exists that inheres in the complaints of all the class members." *Id.* Indeed,

13  commonality "may be satisfied by a single common question of law or fact." *Id.*

14      There are several questions of law and fact common to the claims of the Plaintiff and

15  members of the Class which predominate over any individual issues, including:

16      (a)    Whether Defendants made misrepresentations and omissions with respect to the

17          number of ounces of Stella beer they serve when a customer orders a 16-ounce Stella

18          beer;

19      (b)    Whether Defendants engaged in unfair and deceptive conduct as described herein;

20      (c)    Whether Defendants breached contracts with their customers when they offered for

21          sale 16 ounces of Stella beer, but only provided their customers with, at most, 14

22          ounces of beer;

23      (d)    Whether Defendants were unjustly enriched when they charged their customers for

24          16 ounces of Stella beer, but only provided their customers with, at most, 14 ounces

25          of beer; and

26      (e)    Whether Defendants are liable for the damages suffered by Plaintiff and Class

27          members.

28  (Compl. ¶ 29.)

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Page **6** of **13**

**3.**     ***Plaintiff's Claims are Typical of the Proposed Class Members—His Claims Arise from the Same Practice and Course of Conduct that Give Rise to the Claims of the Other Class members.***

The typicality prerequisite is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." NRCP 23(a)(3).  Typicality is present where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Shuette*, 121 Nev. at 848-49, 124 P.3d at 538-39.  The "representatives' claims need not be identical, and class action certification will not be prevented by mere factual variations among class members' underlying individual claims." *Id.* at 849, 124 P.3d at 539.

Here, Plaintiff's and the other Class members' claims all arise out of Red Robin's uniform and standard practice at all Red Robin restaurants that results in overcharging for Stella Artois beer. (*See* Compl. ¶¶ 20-21.)  Red Robin serves Stella Artois in specially-crafted chalices that are a standard shape and size, and uniformly misrepresents their size as 16 ounces when they actually can contain, at most, 14 ounces of beer.  (*Id.* ¶¶ 14-18.)

**4.**     ***Plaintiff and His Counsel will Fairly and Adequately Represent the Class.***

In order to satisfy the fourth prerequisite, a party seeking certification must demonstrate that "the representative parties will fairly and adequately protect the interests of the class." NRCP 23(a)(4).  This "inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Shuette*, 121 Nev. at 849, 124 P.3d at 539 (internal quotation marks omitted).  To satisfy the fourth factor, class members must "possess the same interest and suffer the same injury as other class members." *Id.* (internal quotation marks omitted).

Plaintiff is an adequate Class Representative and will fairly and adequately protect the interests of the Class. There are no potential conflicts present, and Plaintiff suffered the same overcharge injury as the other Class members.

Plaintiff's counsel is qualified to serve as Class Counsel. "Rule 23(a)(4) requires that plaintiffs demonstrate that class counsel is qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (internal quotation marks and citation omitted).

1        Here, Bailey❖Kennedy and Zimmerman Law are experienced in class actions, complex

2 litigation, and consumer law. Bailey❖Kennedy and Zimmerman Law have represented clients in

3 numerous complex litigation matters and previously served as class counsel in other matters. (Ex.

4 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 3.) Specifically, Dennis L. Kennedy and Thomas

5 A. Zimmerman, Jr. have substantial experience in class actions and complex litigation cases,

6 including consumer law matters. (*See generally See generally* Ex. 2, Curriculum Vitae of Dennis L.

7 Kennedy; and Ex. 4, Firm Biography of Zimmerman Law.)

8        Further, both Bailey❖Kennedy and Zimmerman Law are knowledgeable in consumer law,

9 including deceptive trade practices law. (Ex. 1, Kennedy Decl. ¶ 5; Ex. 3, Zimmerman Decl. ¶ 4.)

10        Finally, Bailey❖Kennedy and Zimmerman Law both have the necessary resources to

11 zealously represent the Class members, and are prepared to invest the time and resources necessary

12 to adequately serve as Class Counsel. (Ex. 1, Kennedy Decl. ¶ 6; Ex. 3, Zimmerman Decl. ¶ 5.)

13        In sum, because Plaintiff is an adequate Class Representative and has chosen qualified and

14 experienced counsel, this Court should permit Plaintiff to act as the Class Representative and allow

15 his selected counsel to represent the Class members. *See In re Cavanaugh*, 306 F.3d 726, 734 (9th

16 Cir. 2002) ("The choice of counsel has traditionally been left to the parties, whether they sue in

17 their individual capacities or as class representatives.").

18       **C.**    **The Proposed Class Satisfies the Requirements of NRCP 23(c)(3).**

19        As discussed above, in addition to satisfying the four NRCP 23(a) prerequisites (i.e.,

20 numerosity, commonality, typicality, and adequacy of representation), a party moving to certify a

21 class must demonstrate that the proposed class fits into one of the three categories enumerated in

22 NRCP 23(c). *Shuette*, 121 Nev. at 849-50, 124 P.3d at 539. Here, Plaintiff seeks certification

23 under NRCP 23(c)(3).

24        Class certification is appropriate under NRCP 23(c)(3) where "the court finds questions of

25 law or fact common to the members of the class predominate over any questions affecting only

26 individual members, and that a class action is superior to other available methods for the fair and

27 efficient adjudication of the controversy."

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1

**1.      Common Questions Predominate Over Any Individual Questions.**

2      The predominance prong of NRCP 23(c)(3) "tests whether proposed classes are sufficiently

3  cohesive to warrant adjudication by representation." *Shuette*, 121 Nev. at 850, 124 P.3d at 540

4  (internal quotation marks omitted).  "The questions of law or fact at issue in this analysis are those

5  that qualify each class member's case as a genuine controversy; therefore, the questions that class

6  members have in common must be significant to the substantive legal analysis of the members'

7  claims." *Id.* (internal quotation marks omitted).  Indeed, the predominance inquiry under NRCP

8  23(c)(3) is similar to the analysis of the commonality and typicality requirements of NRCP 23(a),

9  but "it is more demanding." *Id.*

10      Stated succinctly, class certification is appropriate where the "importance of common

11  questions . . . predominate over the importance of questions peculiar to individual class members."

12  *Id.* at 851, 124 P.3d at 540.  "For example, common questions predominate over individual

13  questions if they significantly and directly impact each class member's effort to establish liability

14  and entitlement to relief, and their resolution can be achieved through generalized proof." *Id.*

15  (internal quotation marks omitted).

16      The common issues in this case predominate over any individual issues.  Each Class

17  member was subject to the same misrepresentations and omissions relating to the amount of Stella

18  Artois beer they ordered, and they all received the same shortfall in the quantity of beer they

19  received.  The special chalices containing the Stella Artois beer they ordered were standard in size,

20  and the value of the product in each chalice received by Class members was identical.  Questions

21  concerning Red Robin's misrepresentations and failures to deliver what was promised and

22  bargained for predominate in this action.

23

**2.      A Class Action is the Superior Method of Adjudicating the Common
Claims of the Class Members.**

24

25      The superiority prong of NRCP 23(c)(3) "questions whether a class action is the superior

26  method for adjudicating the claims, thereby promoting the interests of efficiency, consistency, and

27  ensuring that class members actually obtain relief." *Shuette*, 121 Nev. at 851-52, 124 P.3d at 540.

28  "A proper class action prevents identical issues from being litigated over and over[,] thus avoiding

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   duplicative proceedings and inconsistent results." *Id.* at 852, 124 P.3d at 540-41 (alteration in

2   original) (internal quotation marks omitted).  Importantly, a class action is often the superior

3   method of adjudication where it "helps class members obtain relief when they might be ***unable or***

4   ***unwilling to individually litigate an action for financial reasons* . . . .**" *Id.* at 852, 124 P.3d at 541

5   (emphasis added).

6        In determining superiority, courts evaluate: "(A) the interest of members of the class in

7   individually controlling the prosecution or defense of separate actions; (B) the extent and nature of

8   any litigation concerning the controversy already commenced by or against members of the class;

9   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular

10  forum; and (D) the difficulties likely to be encountered in the management of a class action."

11  NRCP 23(c)(3); *accord Shuette*, 121 Nev. at 852, 124 P.3d at 541. "Further, the court must

12  determine whether other adjudication methods would allow for efficient resolution without

13  compromising any parties' claims or defenses." *Shuette*, 121 Nev. at 852, 124 P.3d at 541.

14        As detailed below, each of the superiority factors weighs in favor of class certification.

15              a.    The Class Members do not have an Interest in Controlling the
                      Prosecution of Separate Actions Because Each Class Member's
16                    Damages are Small.

17        The first superiority factor is "the interest of members of the class in individually controlling

18  the prosecution or defense of separate actions." NRCP 23(c)(3)(A).  Where "damages suffered by

19  each putative class member are not large, [the first] factor weighs in favor of certifying a class

20  action." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001), *opinion*

21  *amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).  For example, courts have found that

22  potential damage awards of $1,500 are "insufficient to incentive individual actions." *Kristensen v.*

23  *Credit Payment Services*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014).

24        This factor favors class certification because the individual claims of each Class member

25  concern a shortfall of a small amount of beer in each glass of Stella Artois served by Red Robin.

26  While, in the aggregate, the amount of damages is very high, the injuries suffered by each of the

27  Class members is too small to justify individual actions.

28

b.   No Other Known Litigation Exists Between any Class Member and Defendants; thus Class Resolution Serves Judicial Economy.

The second superiority factor instructs consideration of "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." NRCP 23(c)(3)(B).  When the court is unaware of any other pending litigation, the factor weighs in favor of certification.  *See Kristensen*, 12 F. Supp. 3d at 1308; *see also Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 571 (W.D. Wash. 2012).   Plaintiff is not aware of any other litigation between a Class member and Defendants arising out of the issues in this case.  Because there appear to be no similar lawsuits, class resolution is a superior method of adjudicating the instant claims. *See Kristensen*, 12 F. Supp. 3d at 1308; *Agne*, 286 F.R.D. at 571.

c.   Nevada is a Desirable Forum to Concentrate Litigation.

The third superiority factor requires a court to consider "the desirability or undesirability of concentrating the litigation of the claims in the particular forum."  NRCP 23(c)(3).  Where a defendant is present in a jurisdiction and there "appears no reason why concentrating the litigation in [that jurisdiction] would be undesirable," the third factor supports class certification.  *See Protectmarriage.com v. Bowen*, 262 F.R.D. 504, 509 (E.D. Cal. 2009).

Here, Defendants are present and at home in Nevada. RRII is a Nevada corporation, and Defendants have several Red Robin Restaurants in Nevada. Thus, the third superiority factor favors class certification.

d.   There are no Significant Difficulties in Management of the Proposed Class.

The fourth superiority factor requires a court to consider "the difficulties likely to be encountered in the management of a class action."  NRCP 23(c)(3)(D).  "When the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication." *Zinser*, 253 F.3d at 1192.  "If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not superior."  *Id.*

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    This case is an ideal class action, concerning uniform practices, standard representations and

2  product packaging, and small individual damages claims.  No difficulties or complexities are added

3  to the case by certifying the Class.  The same evidence that Plaintiff will use to prove his claims

4  will prove the claims of the other Class members.  Accordingly, the fourth superiority factor

5  illustrates the superiority of a class action.

6                              e.        No Other Adequate Adjudication Methods Exist.

7    In assessing superiority, the Nevada Supreme Court has stated that a "court must determine

8  whether other adjudication methods would allow for efficient resolution without compromising any

9  parties' claims or defenses," such as through joinder or consolidation.  *Shuette*, 121 Nev. at 852,

10  124 P.3d at 541.  Here, there are no other adequate adjudication methods.  This is an exemplary

11  class action—a very large group of individuals with claims that are too small to incentive any other

12  form of adjudication.

13                                    **V.      CONCLUSION**

14    Based on the foregoing, the Court should grant Plaintiff's Motion for Class Certification,

15  appoint Plaintiff as the Class Representative, and appoint Bailey❖Kennedy and Zimmerman Law

16  Offices, P.C. as Class Counsel.

17    DATED this 27th day of April, 2020.

18                                         **BAILEY❖KENNEDY**

19                                         By:  /s/ Dennis L. Kennedy
20                                               DENNIS L. KENNEDY
                                                 PAUL C. WILLIAMS
21                                               *Attorneys for Plaintiff Christopher Bruun*

22

23

24

25

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

## CERTIFICATE OF SERVICE

I certify that I am an employee of BAILEY❖KENNEDY and that on the 27th day of April, 2020, service of the foregoing was made by mandatory electronic service through the Eighth Judicial District Court's electronic filing system and/or by depositing a true and correct copy in the U.S. Mail, first class postage prepaid, and addressed to the following at their last known address:

Red Robin Gourmet Burgers, Inc. c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Red Robin International, Inc. c/o Corporation Service Company
112 North Curry Street
Carson City, NV 89703

/s/ Sharon Murnane
Employee of BAILEY❖KENNEDY

# Exhibit 1

# Exhibit 1

1  **DECLARATION OF DENNIS L. KENNEDY**

2  I, Dennis L. Kennedy, declare as follows:

3  1.  I am over the age of eighteen and a resident of Clark County, Nevada.

4  2.  I am competent to testify to the facts stated herein, which are based on personal

5 knowledge unless otherwise indicated, and if called upon to testify, I could and would testify

6 competently to the following.

7  3.  I am a partner in the law firm of Bailey✣Kennedy, LLP ("Bailey✣Kennedy"), co-

8 counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter entitled *Bruun v. Red Robin*

9 *Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which is pending before the Eighth

10 Judicial District Court of the State of Nevada.

11  4.  I submit this declaration in support of Plaintiff's Motion for Class Certification and

12 Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against

13 Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc.

14 ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey✣Kennedy and Zimmerman

15 Law.

16  5.  I have substantial experience in class actions, complex litigation cases, including

17 consumer law and deceptive trade practices matters.  A true and correct copy of my Curriculum

18 Vitae is attached to the Motion for Certification as Exhibit 2.

19  6.  Bailey✣Kennedy has sufficient resources and time necessary to adequately serve as

20 class counsel and zealously represent the interests of the putative class.

21  7.  Bailey✣Kennedy is not aware of any other litigation between a putative class

22 member and any of the Defendants regarding similar claims alleged by Plaintiff.

23  I declare under penalty of perjury that the foregoing is true and correct.

24  Executed on this 27th day of April, 2020.

25

26            DENNIS L. KENNEDY

27

28

Page **1** of **1**

# Exhibit 2

# Exhibit 2

# DENNIS L. KENNEDY
# CURRICULUM VITAE

## EDUCATION

- B.A. Economics, University of Washington (1972)
- J.D., University of Washington School of Law (1975)
- Board of Editors, Washington Law Review

## PROFESSIONAL ASSOCIATIONS

- State Bar of Nevada
- American Bar Association (Sections of Litigation and Professional Responsibility)
- American College of Trial Lawyers
- American Bar Association Standing Committee on Lawyers' Professional Responsibility

## EMPLOYMENT

- Lionel Sawyer & Collins (1975 - 1/6/2006)
- Bailey❖Kennedy (1/9/2006 - present)

## OTHER POSITIONS

- Adjunct Professor, UNLV/William S. Boyd School of Law; Health Care Law (2001, 2003, 2005); Nevada Civil Practice (2006, 2007, 2008, 2015, 2016)
- Chairman, Board of Trustees, Nathan Adelson Hospice (1995 - present)
- Coach/Advisor to A Tech High School Moot Court Team, winner of 2019 Nevada Moot Court Championship

## PUBLICATIONS

- Co-Author, Nevada Civil Practice Manual (5th ed., 2001)(2003-2013 supplements)

- Co-Editor (with Professor Jeffrey Stempel), Nevada Civil Practice Manual (5th ed.) (2003-2013 supplements)

- Solo and Small Firm Ethics Traps, Clark County Bar Association COMMUNIQUE (December 2013)

- Some Things That Can Hurt You If You Don't Pay Attention, Clark County Bar Association COMMUNIQUE (November 2015)

## SUPREME COURT AND BAR COMMITTEES

- State Bar of Nevada Disciplinary Committee (1989-1997).   Chairman, Southern District (1993-1995)

- Member of State Bar Committee on Ethics and Professional Responsibility (December 2001 - December 2009; Chairman 2003-2007)

- Member of State Bar Committee on the Revisions to the Nevada Rules of Professional Conduct (the "Ethics 2000 Committee") (2003-2004)

- State Bar Professionalism Task Force (2004-present); Chairman, CLE Subcommittee (2009-2010).  (Task force recently developed a mentoring program designed to assist newly admitted lawyers in the transition into the profession.)

- Nevada Supreme Court Bench-Bar Committee (SCR 14) (2005-present) (General function of the Committee is to consult with the Supreme Court on issues affecting the practice of litigation, including proposed amendments to the Nevada Rules of Civil and Appellate Procedure.)

- Member of Nevada Supreme Court Article 6 Commission (2007-2011) (Commission's projects were (i) the proposed intermediate court of appeals, (ii) changes in judicial selection process and (iii) changes in judicial campaign fund raising and disclosure).  Final report of Commission issued June 2011

- Member of Nevada Supreme Court Committee on Public Access to Lawyer Discipline (1994).  Committee report resulted in amendments to SCR 121

- Member of Nevada Supreme Court Committee on Judicial Ethics and Election Practices (1995).  Committee report resulted in the adoption of the Rules Governing the Standing Committee on Judicial Ethics and Election Practices (1997)

- Member of Nevada Supreme Court Committee to Study the Amendment of NRCP 68 (offers of judgment) (2008-present)

- Nevada Supreme Court Judicial Education Requirements Study Committee (2015) (Committee was charged with studying the subject of judicial education and making a recommendation to the Nevada Supreme Court.  Final report submitted April 2016)

- Submission of memoranda and giving of oral presentation to Nevada Supreme Court regarding proposed amendment to Nevada R.P.C. 8.4 regarding lawyers' ownership of marijuana/cannabis enterprises.  ADKT No. 0495

2

- Submission of memorandum to State Bar and State Bar Committee on Ethics and Professional Responsibility regarding lawyers' ownership/participation in the business of purchasing and selling medical liens. (October 2016)

- Submission of memorandum to Nevada Supreme Court regarding proposed amendment to Nevada RPC 8.4 regarding lawyer misconduct.  ADKT 526

## RATINGS AND RANKINGS

- Martindale Hubbell "A" "V" rating.

- Benchmark Litigation Stars:  2018 – Commercial and Anti-Trust Litigation

- Mountain States "Super Lawyer" 2019; Top 10 – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2018; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States "Super Lawyer" 2017; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming

- Mountain States  "Super Lawyer" 2016; Top 10 – ranked second overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States  "Super Lawyer" 2015; Top 10 – ranked third overall – for Nevada, Utah, Montana, Idaho and Wyoming.

- Mountain States "Super Lawyer" 2005-present (top 75 lawyers in Nevada, Utah, Montana, Idaho and Wyoming).

- Chambers U.S.A. - one of the top 5 commercial litigators in Nevada (2005-present).

- Best Lawyers In America - Commercial Litigation, Appellate Practice, and Ethics and Professional Responsibility Law (1991-present).

- Best Lawyers' 2012 and 2014 Las Vegas Health Care Lawyer of the Year.

## REPORTED CASES (1985-present)

- Lakeside Community Hospital v. Levenson, 101 Nev. 777, 710 P.2d 727 (1985).

- Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 781 P.2d 762 (1989).

- In re Discipline of Stuhff, 108 Nev. 629, 837 P.2d 853 (1992).

- <u>In re Discipline of Singer</u>, 109 Nev. 1117, 865 P.2d 315 (1993).

- <u>Forsyth v. Humana, Inc.</u>, 827 F. Supp. 1498 (D. Nev. 1993), aff'd in part and rev'd in part by <u>Forsyth v. Humana, Inc.</u>, 99 F.3d 1504 (9th Cir. 1996); superseded on rehearing by <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467 (9th Cir. 1997); affirmed by <u>Humana, Inc. v. Forsyth</u>, 525 U.S. 299 (1999).

- <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- <u>State of Nevada v. Reliable Health Care</u>, 115 Nev. 253, 983 P.2d 414 (1999).

- <u>Baker v. District Court</u>, 116 Nev. 527, 999 P.2d 1020 (2000).

- <u>Nguyen v. State</u>, 116 Nev. 1171, 14 P.3d 515 (2000) (amicus brief for Nevada Resort Assn.).

- <u>Brown v. District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- <u>Badillo v. American Brands</u>, 117 Nev. 34, 16 P.3d 435 (2001).

- <u>Badillo v. American Brands</u>, 202 F.R.D. 261 (D. Nev. 2001).

- <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002).

- <u>Maduka v. Sunrise Hospital</u>, 375 F.3d 909 (9th Cir. 2004).

- <u>Poulos v. Caesar's World, Inc.</u>, 379 F.3d 654 (9th Cir. 2004).

- <u>International Game Technology, Inc. v. Second Judicial District Court</u>, 122 Nev. Adv. Op. 13, 127 P.3d 1088 (2006).

- <u>Leroy's Horse and Sports Place v. Racusin</u>, 2001 WL 1345974 (9th Cir. November 1, 2001) (reversing district court judgment re damages and attorney's fees and remanding for jury trial); <u>Leroy's Horse and Sports Place v. Racusin</u>, CV-S-950-00927 (D. Nev. July 8, 2003) (jury verdict of $2,310,000); <u>Hartunian v. Racusin</u>, 2005 WL 79089 (9th Cir. January 14, 2005) (reversing district court order refusing to award pre-judgment interest on $2,310,000 jury verdict and remanding for determination of interest amount); <u>Racusin v. American Wagering, Inc.</u>, 465 F.3d 1048 (9th Cir. 2006), withdrawn on rehearing 493 F.3d 1067 (2007) (reversing BAP decision subordinating debt and affirming client's status as creditor entitled to payment of $2,310,000 judgment).

- <u>Nanopierce Technologies, Inc. v. Depository Trust Clearing Corp.</u>, 123 Nev. 362,168 P.3d 73 (September 20, 2007) (brief and oral argument on behalf of amicus curiae North American Securities Administrators Assn.).

4

- State of Nevada v. District Court (RJR Tobacco), 125 Nev. 37, 44, 199 P.3d 828 (January 29, 2009).

- Betsinger v. D.R. Horton, Inc., 126 Nev. 162, 232 P. 3d 433 (May 27, 2010).

- Orion Portfolio Services 2, LLC v. Clark County, ex rel. University Medical Center, 126 Nev. Adv. Op. No. 39, 245 P. 3d 529 (October 14, 2010).

- U-Haul International, Inc. v. Albright, 626 F. 3d 498 (9th Cir. 2010).

- Bahena v. Goodyear Tire & Rubber Co., 126 Nev. Adv. Op. 57, 245 P.3d. 1182 (2010) (brief on behalf of amicus curiae United States Chamber of Commerce).

- Stultz v. Bellagio, LLC, Nevada Supreme Court Case No. 56164 (October 29, 2011).

- Walters v. Eighth Jud. Dist. Ct. ex rel. Cnty., of Clark, 127 Nev. Adv. Op. No. 66, 263 P.3d 231 (2011).

- In re City Center Construction and Lien Master Litigation, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Richman v. District Court, Nevada Supreme Court Case No. 60676 (May 31, 2013).

- Golden Gaming, Inc. v. Corrigan Management, Inc., Nevada Supreme Court Case Nos. 61696 and 62200 (March 26, 2015).

- Keisic v. Valley Health System, LLC, et al., Nevada Supreme Court Case No. 64445 (December 29, 2015).

- Simmons v. Briones, 133 Nev. Adv. Op. No. 9, 390 P.3d 641 (March 2, 2017).

- Wasmund v. Aria Resort & Casino Holdings, Nevada Court of Appeals Case No. 69147 (March 6, 2017).

- Ford Motor Co. v. Trejo, 133 Nev. Adv. Op. 68, 402 P. 3d 649 (September 27, 2017) (for amicus Nat'l Assn. of Manufacturers).

- Public Employees' Retirement Sys. v. Gitter, 133 Nev. Adv. Op. 18, 393 P.3d 673 (April 27, 2017).

- Valley Health System v. Estate of Jane Doe; Hall Prangle & Schoonveld v. District Court, 134 Nev. Adv. Op. 76, 427 P.3d 1021 (September 27, 2018).

- Michelle Flores v. Las Vegas-Clark County Library District, 134 Nev. Adv. Op. 101, 432 P.3d 173 (December 13, 2018).

- <u>JMB Capital Partners Master Fund, L.P. v. District Court</u>, Nevada Supreme Court Case No. 78008 (March 21, 2019).

- <u>Las Vegas Review Journal v. City of Henderson</u>, Nevada Supreme Court Case No. 73287 (May 24, 2019).

- <u>City of Henderson v. Las Vegas Review Journal</u>, Nevada Supreme Court Case No. 75407 (October 17, 2019).

## ETHICS/PROFESSIONAL RESPONSIBILITY REPRESENTATION

- Defense of non-Nevada lawyer on charges of unauthorized practice (and related offenses) before State Bar Disciplinary Panel (1998-1999). (Name of counsel and law firm are confidential.)

- Representation of candidate for district court in defense of complaint regarding campaign advertisements before Standing Committee on Judicial Ethics and Campaign Practices. (1998). Name of candidate is confidential.

- Representation of attorney in appeal of disqualification order (SCR 160). <u>Brown v. Eighth Judicial District Court</u>, 116 Nev. 1200, 14 P.3d 1266 (2000).

- Representation of attorney before fee dispute panel in matter involving recovery of quantum meruit fee in the absence of written fee agreement in contingent fee case. <u>West v. Myers</u>, No. 02-128.

- Representation of members of Nevada Commission on Judicial Discipline in defense of action challenging constitutionality of the Commission's rules and activities. <u>Snoeck v. Brussa</u>, 153 F.3d 984 (9th Cir. 1998).

- Representation of Members of Nevada Commission on Judicial Discipline in defense of RICO and Civil Rights claims. <u>Mosley v. Gang, et al.</u>, Case No. CV-S-00-0976-JLQ(LRL).

- Representation of State Bar of Nevada in defense of action brought by out-of-state law firm challenging the constitutionality of SCR 199 firm name provision. <u>Lewis & Roca v. Bare</u>, Case No. CV-S-99-0757-JBR (RLH).

- Representation of law firm in challenge to constitutionality of Supreme Court Rule prohibiting use of trade name by lawyers. <u>Michel v. Bare</u>, 230 F. Supp. 2d 1147 (D. Nev. 2002) (declaring SCR 199(1) unconstitutional).

- Representation of candidate for district court in defense of complaint regarding allegedly untrue and defamatory statements made concerning opponent before Standing Committee on Judicial Ethics and Campaign Practices. (2002). Name of candidate is confidential.

- Representation of Nevada Commission on Judicial Discipline in defense of § 1983 civil rights claim. <u>Luckett v. Hardcastle, et al.</u>, Case No. CV-S-05-0726 RLH-RJJ. (Complaint dismissed).

- Representation of attorney in defense of lawsuit alleging negligence and malpractice. <u>Malignaggi v. Goldberg</u>, Case No. A 508763, District Court, Clark County, Nevada (case dismissed).

- Representation of law firm in opposing disqualification motion. <u>Provenza v. Yamaha Motor Co.</u>, Case No. A446708, District Court, Clark County, Nevada.

- Representation of law firm in opposing disqualification motion. <u>Roth v. BMW</u>, Case No. A453810, District Court, Clark County.

- Representation of non-Nevada lawyer regarding allegations of lack of candor toward tribunal (SCR 172) (2006). (Name of counsel and law firm are confidential.)

- Representation of law firm in opposing disqualification motion. <u>Daniell v. Peake Development</u>, Case No. A508494, District Court, Clark County.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.8 (business transactions with client) and NRPC 1.7 (conflict of interest). Name of attorney confidential (SCR 121).

- Representation of attorney in defense of claims for misappropriation of confidential information. <u>Friedman v. Friedman</u>, Case No. D07-376354D, District Court, Clark County, Nevada.

- Representation of attorneys in defense of claims alleging violations of NRPC 4.2 arising out of contacts with putative class members prior to class certification. <u>Del Webb Communities, Inc. v. The Eighth Judicial District Court of the State of Nevada in and for the County of Clark, and The Hon. Timothy C. Williams, District Judge, and Real Parties in Interest</u>, Case No. 49423, Nevada Supreme Court.

- Representation of attorney in defense of State Bar proceeding regarding violations of NRPC 1.5 (fees) and NRPC 4.2 (contact with represented person). Case dismissed. Name of lawyer is confidential. (SCR 121).

- Representation of entity owned by attorney in defense of NRPC 1.8 claim. <u>In re Receivership of Southwest Exchange</u>, Case No. A535439, District Court, Clark County, Nevada. Case settled.

- Representation of attorney in defense of malpractice/breach of fiduciary duty claim. Sorrell v. Snell & Wilmer, Case No. 08-CV-00761-RCJ-LRL, U.S. District Court, Nevada. Case settled.

- Representation of attorney in appeal of judgment refusing to enforce contingency fee agreement's term regarding attorney's entitlement to particular fee in the event of his termination. Golightly v. Gassner, Case No. 50212, Nevada Supreme Court. Case decided.

- Representation of party in defense of claim for attorney's fees arising out of alleged "frivolous" litigation. Club 93, Inc. v. County of Elko, CV-C-08-163, Fourth Judicial District Court, Elko, Nevada. Case settled.

- Representation of client against attorney in claim for refund of alleged "non-refundable" retainer. Sperberg v. Hunterton, Case No. 08-149 (State Bar Fee Dispute Proceeding). Case decided.

- Representation of attorney in action against former partner and others for wrongful expulsion from law firm. Powell v. Powell Naqvi, Case No. 08-566761, Eighth Judicial District Court. Case settled.

- Representation of clients in seeking review of U.S. Magistrate Judge's order imposing monetary sanctions upon parties, individual lawyers, and law firm. Dennis Montgomery, Montgomery Family Trust v. eTreppid Technologies, L.L.C.; Warren Trepp, Department of Defense of the United States of America; and Does 1 through 10, and Related Cases, Case No. 3:065-CV-00145-PMP-VPC, U.S. District Court, District of Nevada. Matter settled.

- Representation of suspended attorney in proceedings seeking reinstatement to Nevada Bar. (In re Richard Pipkins). Representation terminated.

- Representation of attorney and law firm in opposing disqualification motion. Edwin K. Slaughter, et al. v. Uponor, Inc., et al., Case No. 2:08-CV-01223-RCJ-GWF, U.S. District Court, District of Nevada. Case dismissed.

- Representation of non-Nevada lawyer on State Bar inquiry into charges of unauthorized practice. (2009-2010). Matter concluded without action by State Bar. Name of lawyer is confidential.

- Representation of attorneys in defense of State Bar disciplinary proceeding alleging fee-splitting with non-lawyer and other matters. State Bar v. Eglet (Case No. SG-10-0874) and Adams (Case No. SG-12-0803). Both proceedings dismissed.

- Representation of attorney in fee dispute arbitration. Davidson v. Gentile, Case No. 10-085, Nevada State Bar Fee Dispute Committee. Matter decided.

- Representation of attorney in defense of State Bar disciplinary proceeding. <u>State Bar of Nevada v. Anthony Lopez</u>, Bar No. 08-175 (and numerous related and consolidated cases). Matters settled.

- Representation of judicial candidate in action challenging constitutionality of Nevada Code of Judicial Conduct Canon 4, Rule 4.1(A)(11). <u>Kishner v. Nevada Standing Committee on Judicial Ethics and Election Practices</u>, Case No. 2:10-cv-01858-RLH-RJJ, U.S. District Court, Nevada. Matter decided.

- Representation of attorney in matter where attorney disclosed confidential information relating to the representation of a client to prevent the commission of a criminal and fraudulent act by the client. Nevada RPC 1.6(b)(2) and (3). Attorney's name is confidential. Case settled.

- Representation of former clients in action against law firm and attorney. <u>Frias Holding Co. v. Greenberg Traurig</u>, Case No. A-10-630319-C, Eighth Judicial District Court, Clark County, Nevada. Engagement concluded.

- Representation of former client against law firm in defense of fee collection proceeding and in prosecution of malpractice counterclaim. <u>Lionel Sawyer & Collins v. DeWald</u>, State Bar Fee Dispute Committee Matter No. 10-108. Case dismissed.

- Representation of law firm and lawyers in dispute with insurer over coverage for claims of professional negligence. <u>Pacifica v. Goold Patterson, et al.</u>, Case No. A557726 (and related cases), Eighth Judicial District Court, Clark County, Nevada. Matter settled.

- Representation of attorneys in defense of five consolidated disciplinary complaints arising out of consumer bankruptcy representation. Nevada RPC 1.3, 1.4, 5.3 and 8.1. <u>State Bar v. Haines and Krieger</u>, Case Nos.10-121-2842; 10-134-2842; 10-137-2557; SG10-0023; and SG10-0044. Matters decided.

- Representation of law firm and lawyers in defense of lawsuit alleging violations of Nevada RPC 1.8. <u>Richman v. Haines & Krieger, LLC, et al.</u>, Case No. A-11-643004-C, Eighth Judicial District Court, Clark County, Nevada; Case No. 60676, Nevada Supreme Court (May 31, 2013). Matter settled.

- Representation of lawyers in defense of 46 consolidated bar grievances and complaints arising out of consumer bankruptcies and residential loan modifications. State Bar v. George Haines and David Krieger, Grievance No. SG11-1800 (and related matters). Matters settled.

- Representation of attorneys in challenge (by mandamus) to order of disqualification. In re City Center Construction and Lien Master Litigation:

9

MGM Mirage Design Group v. District Court, Nevada Supreme Court Case No. 57186 (October 19, 2011).

- Representation of Trust Beneficiaries in motion to disqualify counsel for trustee. In Re Cook Trusts, Case No. P-11-071394-T. Eighth Judicial District Court, Clark County, Nevada. Matter decided.

- Representation of former client in defense of fee collection suit by law firm and prosecution of malpractice counterclaim. Lionel Sawyer & Collins v. DeWald, Case No. 79 194 Y 00090 11 nolg (AAA). Engagement concluded.

- Representation of not-for-profit entity in State Bar proceeding alleging unauthorized practice by assisting homeowners in dealings with mortgage lenders. (Name of client is confidential). Engagement concluded.

- Representation of Stokes & Stokes, Ltd. in the defense of various bar grievances. Case settled.

- Representation of parties in action seeking to overturn arbitrators' decision on grounds of fraud and partiality. Parker v. Carlson, et al., Case No. A571921, Eighth Judicial District County, Nevada. Matter settled.

- Representation (special counsel) of Allstate Insurance Co. on privilege and work product issues arising from interviews of former clients of an attorney. Allstate Insurance Co., v. Balle, et al., Case No. 2:10-CV-02205-KJD-RJJ, United States District Court, District of Nevada. Matter concluded.

- Representation of attorney and law firm in defense of allegations of unauthorized practice (Rule 5.5) and failure to register as a multi-jurisdictional law firm (Rule 7.5A). Waite v.Clark County Collection Service, Case No.2:11-cv-01741-LRH-VCF, United States District court, District of Nevada. Matter decided

- Representation of attorney in defense of State Bar disciplinary proceeding as to alleged violations of RPC 1.7 (current client conflict), RPC 5.4 (professional independence/fee splitting with non-lawyers), and RPC 8.4 (misconduct involving dishonesty and fraud). State Bar v. Noel Gage, Case No. 08-053-1890. Disciplinary case concluded with settlement. Settlement approved by the Nevada Supreme Court. Client reinstated as member of State Bar.

- Representation of bar applicant before State Bar Moral Character and Fitness Committee on charges relating to alcohol abuse, plagiarism and financial responsibility. In re Melanie Feldhauser-Thomas. Matter concluded.

- Representation of law firm and its clients in opposing motion to disqualify law firm for acquisition and use of allegedly privileged documents. In re C.E. Cook

_Family Trust_, Consolidated Case No. P-11-071394-T, District Court, Clark County, Nevada. Matter concluded.

- Representation of attorney in defense of State Bar disciplinary proceedings as to alleged violation of trust account rules. _State Bar v. Joseph Scalia_, Case Nos. SG11-1737, SG12-0903. Engagement concluded.

- Representation of former client of law firm in dispute with law firm arising out of law firm's conflict of interest in defending former client and another defendant at trial, where former client was found liable and other defendant was not. Names of client and law firm are confidential. Matter settled.

- Representation of attorney in appeal of letter of private reprimand resulting from attorney's conduct in federal court litigation. _In re Steven Gibson_, Case No. SG-12-0104. Matter decided.

- Representation of law firm in dispute with second law firm over payment of fees alleged to be due under fee sharing agreement. _Gage Law Firm v. Feinberg Mayfield Kaneda & Litt, LLP d/b/a Fenton Grant Mayfield Kaneda & Litt, LLP f/k/a Feinberg Grant Mayfield Kaneda & Litt_, Case No. A-14-697336-B, District Court, Clark County, Nevada. Matter settled.

- Representation of defendant entity sued by plaintiff's counsel with whom defendant entity had prior relationship, in proceedings regarding disqualification of plaintiff's counsel. Matter is confidential.

- Representation of departed lawyer in dispute with former firm regarding client files and compensation. Matter is confidential.

- Representation of law firm in dispute with departed lawyer regarding compensation. Matter is confidential.

- Representation of former attorneys' client in action against attorneys for malpractice and breach of fiduciary duty. _McKenna v. Chesnoff, et al._, Case No. 2-14-cv-1773-JAD-CWH pending in the United States District Court, District of Nevada. Case pending.

- Representation of law firm and attorney in defense of claims for breach of duty and aiding and abetting breach of fiduciary duty. _Hugh S. Proctor, et al. v. CPF Recovery Ways, LLC, et al._, Case No. 2:14—cv-01693-RFB-PAL pending in the United States District Court, District of Nevada. Case settled.

- Representation of attorney in disciplinary proceedings resulting from attorney's conviction of a crime. _State Bar of Nevada v. Chandan Manansingh_, No. CR13-1850 (2015). Matter pending

- Representation of attorney in defense of allegations of unauthorized practice of law. Matter is confidential.

11

- Representation of two partners of law firm in connection with their resignation from that firm and formation of a new firm.  Matter is confidential.

- Representation of non-party for purpose of asserting accountant-client privilege in case where non-party's confidential information was at risk of disclosure.  Core-Vent Bio Engineering, Inc. v. Polo Nevada Investments, Case No. A644240, Eighth Judicial District Court, Clark County, Nevada.  Matter concluded.

- Representation of attorney regarding potential disciplinary complaint arising out of litigation financing and transactions involving medical liens.  Name of attorney is confidential.

- Representation of client in matter following the striking of client's answer and imposition of sanctions for discovery violations and misconduct of prior counsel (Rule 3.3).  Valley Health System, LLC, et al. v. Jane Doe, 134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of law firm (Hall Prangle & Schoonveld, LLC) and attorney contesting the imposition of sanctions for lack of candor to the court.  (Nevada RPC 3.3).  134 Nev. Adv. Op. No. 76, 427 P.3d 1021 (Sept. 27, 2018).

- Representation of managing partner of Las Vegas office of national law firm in connection with his departure from that firm and the formation of a new law firm.  Names of attorney and law firm are confidential.

- Representation of Adam Kutner in the defense of a State Bar disciplinary proceeding alleging violations of various rules of professional conduct.  State Bar v. Kutner, Case Nos. OBC15-0309, OBC15-0604, OBC15-1291,OBC16-0041, OBC16-0613.  Matter decided.

- Representation of partner in law firm in matter regarding partner's duties when law firm is engaging in conduct believed by the partner to violate the rules of professional conduct.  Name of partner and law firm are confidential.

- Representation of law firm and lawyers in sanctions and contempt proceedings arising from lawyers' alleged trial misconduct.  Names of lawyers are confidential.

- Representation of attorney in the defense of related State Bar proceedings involving client referrals.  Name of attorney is confidential.

- Representation of a gaming licensee in a dispute with its former attorneys over malpractice and excessive fees.  Names of parties are confidential.  Matter resolved.

- Representation of secured creditor moving to disqualify law firm representing debtor-in-possession because of conflicting representation of guarantor.  In re

Sterling Entertainment Group LV, LLC, Case No. BK-S-17-13662-abl, United States Bankruptcy Court, District of Nevada.  Motion granted.

- Representation of Boyack Orme & Anthony in opposing motion seeking sanctions for misconduct during voire dire.  Thompson v. Playland International, et al., Case No. A-14-697688-C, District Court, Clark County, Nevada.  Motion decided by District Court.  Nevada Supreme Court Case No. 75522 (April 25, 2019) (issuing writ of mandamus vacating District Court imposition of sanctions).  Client appeared *pro per* in Supreme Court.

- Representation of Lewis Brisbois Bisgaard & Smith in opposing motion seeking case terminating sanctions for alleged discovery abuse.  Gonzales v. Navarro, et al., Case No. A-15-728994-C, District Court, Clark Count, Nevada.  Case settled.

- Representation of Pete Eliades in (i) opposing motion seeking judgment for attorneys' fees, and (ii) asserting countermotion ordering the forfeiture of fees by reason of law firm's conflict of interest.  Cooper Levenson v. Eliades, Case No. A-16-732467-C, District Court, Clark County, Nevada.  Motions decided.  Trial pending.

- Representation of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP in opposing motion seeking sanctions.  Lauren Pitts v. Costco Wholesale Corporation, Case No. A-16-731492-C, District Court, Clark County, Nevada.  Matter resolved.

- Representation of client in dispute with former attorney over propriety (and refund) of alleged "nonrefundable" retainer where attorney was terminated before any substantive work was done.  Name of client is confidential.

- Representation of James W. Vahey, M.D. against former attorney (and others) in action for malpractice and breach of fiduciary duty.  Vahey v. Musso, et al., Case No. A-14-695460-C, District Court, Clark County, Nevada.  Matter settled.

- Representation of governmental entity in defense of action by newspaper contesting the refusal to produce "public records" on the ground that such records were protected from disclosure by attorney-client and deliberative process privileges.  Las Vegas Review Journal v. City of Henderson, Nevada Supreme Court Case No. 73287 (decided May 24, 2019).

- Representation of Hanson Bridgett, LLC in opposing  motion to disqualify that firm for alleged conflict with former client (RPC 1.9)  Coyote Springs Land Development v. Las Vegas Valley Water District, et al., Case No. A-18-778039-C, District Court, Clark County, Nevada. Matter resolved.  Case dismissed.

- Retained by (non-party) former general counsel of defendant to advise as to matters of privilege, work product and confidentiality likely to arise at his deposition -- taken in an action where the plaintiff alleged fraud and related wrongdoing by the defendant.  Name of client is confidential.

- Representation of client seeking disqualification of former attorneys now seeking to represent adverse parties in cross-claims. In re Fontainebleau Lien Litigation, Case No. A-17-765074-B. Matter decided. Nevada Supreme Court, Case No. 78008 (March 2019).

- Representation of client in dispute with former counsel who personally filed an amicus brief adverse to the interest of his former client in a matter where he had personally represented the former client. Matter resolved. Names of client and attorney are confidential.

- Representation of Wynn Resorts Ltd. in a motion to disqualify its former counsel in a matter where the former counsel is appearing adverse to it. Stephen A. Wynn v. Wells, et al., Case No. A-18-784184-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of Blue Martini (client) in matter involving unauthorized acts by attorneys purporting to act on client's behalf. Tomora Reichardt v. Blue Martini Las Vegas, LLC, d/b/a Blue Martini Lounge, et al., Case No. A-10-608169-C, District Court, Clark County, Nevada. Matter resolved.

- Representation of attorney in defense of State Bar proceeding alleging the perpetration of fraud on the court. State Bar of Nevada v. Noe, Case No. OBC-19-0605.

- Representation of Paul D. Powell and The Powell Law Firm in litigation against the State Bar of Nevada seeking to have Nevada Rule of Professional Conduct 7.2(i) declared unconstitutional.

- Representation of City of Henderson in dispute with Las Vegas Review Journal over attorney's fees in public records case. City of Henderson v. Las Vegas Review Journal, Nevada Supreme Court Case No. 75407 (October 17, 2019).

- Representation of governmental entity in dispute with former employee-attorney over permissible post-employment activities of former employee-attorney. Names of client and former employee attorney are confidential.

- Representation of Stacey and Steven Lewis in dispute with former counsel (Brownstein Hyatt law firm) over attorney's fees. CML-NV Grand Day, LLC v. Grand Day, LLC, et al., Case No. A-11-655054-B, District Court, Clark County, Nevada. Matter resolved.

- Representation of James W. Vahey, M.D. in malpractice case against Black & Lobello and Tisha Black in James W. Vahey, M.D., et al., v. Black & Lobello, et al., Case No. A-18-768351-C, District Court, Clark County, Nevada. Matter pending.

- Representation of Matthew Callister in the defense of the State Bar grievances regarding diligence and fees in Grievance File No. OBC-19-1132/Delia Henson and Grievance File No. OBC-19-1102/Demedrick Jefferson.  Matters pending.

## RETENTION AS EXPERT: ETHICS/PROFESSIONAL RESPONSIBILITY

- Retained by bar applicant to give expert testimony before State Bar Moral Character and Fitness Committee regarding duty of confidentiality arising out of applicant's seeking employment with law firm representing adverse party. Testimony given. (2004)  (Name of bar applicant is confidential).

- Retained by Cherry & Bailus to give expert testimony before State Bar Fee Dispute committee on issues regarding attorneys' withdrawal/termination of representation.  Testimony given.

- Retained by Dominic Gentile to give expert testimony in U.S. Bankruptcy Court, Orange County, California, on attorney's obligations to client upon withdrawal and attorney's duty to withdraw.  Offer of proof; no testimony given.  In re Ken Mizuno; The Bankruptcy Estate of Ken Mizuno v. Ken Mizuno, Dominic P. Gentile, Terrance G. Reed, et. al., Case No. SA94-14429LR, Adv. No. AD95-01043, United States Bankruptcy Court, Central District of California.

- Retained by Law Offices of Stan Hunterton to testify in State Court case on issues concerning attorney's obligations in billing client for fees and charging for costs and expenses.  Report prepared.  No testimony given.  Shinehouse & Duesing, a Nevada partnership, and Rumph & Peyton, a Nevada Partnership v. R.D. Prabhu, an individual, Case No. A379297, District Court, Clark County, Nevada.  Case dismissed and re-filed as Shinehouse & Duesing v. Prabhu, Case No. A456661, District Court, Clark County, Nevada.  Case dismissed.

- Retained by Law Offices of Gary Logan to testify as to lawyer's duties to jointly represented clients.  Testimony given.  Nault v. Mainor, Case No. A401657, District Court, Clark County, Nevada,  Mainor v. Nault, 120 Nev. Adv. Op. 84, 101 P.3d 308 (2004).

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of attorney (competence) and scope of representation.  Report prepared.  Case dismissed.  Ilbert Mednicoff, an individual and CCN, Inc., a Nevada corporation v. George F. Holman, an individual, Robert L. Bolick, an individual, Stewart A. Gollmer, an individual, Gary Fields, an individual, Law Offices of Robert L. Bolick, Ltd., a Professional corporation and Does 1 through 100, inclusive, Case No. A377374, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to duties of law firm to supervise work of associate attorney.  Report prepared.  Case dismissed.  Anthony Guymon, an incompetent person, by and through his Guardian ad Litem, Barbara Guymon; Barbara Guymon v. Cory J. Hilton; Hilton

15

& Kahle; Villani, Hilton & Kahle; Villani, Gardner & Hilton; Perry & Spann; Pico & Mitchell, Ltd.; and Does 1 to 10, inclusive, Case No. 00-A-422013-C, District Court, Clark County, Nevada.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify as to lawyer's conduct in trial and settlement of case. Report prepared. Case dismissed. Mark J. Brown v. Alan Catley (and related cross actions), Case No. A381988, District Court, Clark County, Nevada.

- Retained by State Bar to testify in disciplinary proceeding as to lawyer's duties under SCR 170 (prohibition on filing frivolous litigation). State Bar v. Mirch, Case No. 3-34-20. Report prepared. Testimony given. In The Matter of Discipline of Kevin Mirch, Case No. 49212, Nevada Supreme Court, April 10, 2008 (attorney disbarred).

- Retained by Holland & Hart to testify as to duties owed by lawyer who engages in business transactions with clients. Rivers v. Romano, et al., Case No. A483701, District Court, Clark County, Nevada. Report prepared. Testimony given. Case dismissed.

- Retained by attorney to testify regarding duties under SCR 152 (scope of representation), SCR 153 (diligence) and SCR 166 (declining or terminating representation), State Bar v. Goldberg, No. 04-013-1536. Testimony given. Case dismissed.

- Retained by Cristalli & Saggese to testify as to issues regarding formation of attorney-client relationship, scope of representation, and breach of duties arising therefrom. Johnson v. Smith, Case No. 512364. Report prepared. Case dismissed.

- Retained by Snell & Wilmer to testify regarding duties and responsibilities of attorney providing opinion in real estate sale transaction. Sundance West LLC, et al. v. Orix Capital Markets, LLC, Case No. CV-04-01995, Second Judicial District Court, Washoe County, Nevada. Report prepared. Case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding issues pertaining to insurer's "captive" law firm, including disclosure and client consent requirements. Artisan Tile & Plumbing, Inc., a Nevada corporation, formerly known as Davila Jimenez, Inc. doing business as Pueblo Landscape Company, Inc. v. Assurance Company of America, a New York Corporation; Bennion Clayson Marias & Haire fka Bennion & Clayson; Does 1 through 10, inclusive, Case No. A503744, District Court, Clark County, Nevada.

- Retained by Menter & Witkin to testify regarding (i) attorney's acceptance of defense of insured subject to insurer's litigation guidelines; (ii) conflicts arising from attorney's representation of four co-defendants in construction defect

litigation; (iii) duty of insurer to provide independent counsel; and (iv) whether attorney's conduct met standard of care. National Fire & Marine Insurance Company v. Roger Gurr and Elsie Gurr (and counterclaim), Case No. 3:05-CV-0658-BES-VPC, United States District Court, District of Nevada. Report prepared. Case settled.

- Retained by Alverson, Taylor, Mortensen & Sanders to testify regarding attorney's conduct in determining proper defendants in litigation. Lesky v. Callister, Case No. 527875, District Court, Clark County, Nevada. Report prepared. Case dismissed.

- Retained by Gordon & Silver to testify regarding conduct of attorney and law firm in business transaction with client. Richards v. Allison, MacKenzie, et al., Case No. 03-01781A, First Judicial District Court, Carson City, Nevada. Report prepared. Case dismissed.

- Retained by Deaner Scann Malan & Larsen to testify regarding an alleged conflict of interest arising from law firm's prior work and status of lawyer as shareholder in party to case. D & J Properties v. Siena Office Park 2, Case No. A537781, District Court, Clark County, Nevada. Report prepared. Testimony Given. Matter decided.

- Retained by Solomon Dwiggins & Freer to testify regarding the conduct of a lawyer and his law firm in the handling of an estate where the lawyer acted as trustee of various trusts and retained his own law firm to represent him. Leseberg v. Woods, Case No. P59334, District Court, Clark County, Nevada. Report prepared. Deposition testimony given. Trial testimony given. Case settled.

- Retained by Menter & Witkin to testify regarding (i) duties of Nevada lawyer residing out of state and maintaining office in Nevada (SCR 42.1); and (ii) duties of multi-jurisdictional law firm maintaining office in Nevada (NRPC 7.5A). Roger and Elsie Gurr v. National Fire & Marine Insurance Company, Reiser & Associates, and Does 1 through 40, Case No. 07-CV-615-HDM-VPC, in the United States District Court, Reno. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding restitution of fees paid to law firm who is later disqualified due to conflict of interest. American Heavy Moving and Rigging, Inc. v. Lewis Brisbois Bisgaard & Smith, LLP, State Bar Fee Dispute Case No. 07-055 (State Bar Fee Dispute Panel). Rebuttal report prepared. Testimony given. Case decided.

- Retained by Michael Warhola to testify regarding waiver of attorney-client privilege by inadvertent disclosures of e-mail from client. Seidman v. Dilloo, Case No. D260143, District Court, Clark County, Nevada. Report prepared.

- Retained by attorney as consulting expert regarding opposing counsel's violations of NRPC 1.2(d) and 8.4(d) by rendering legal aid and advice to fugitive client to enable him to prosecute and defend litigation in Nevada. Joseph A. Bravo, David Z. Chesnoff, and Eckley M. Keach, Capital Growth Limited, Inc., Punta Arena De La Ventana, S.A. de C.V., Boca De La Salina, SA De C.V. v. Capital Growth, LLC, and Kerry Rogers, and All Related Actions, Case No. A536644, A542755, A535548, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed. Bar Grievance filed. Screening panel testimony given. Matter decided.

- Retained by attorney as consulting expert to advise whether opposing counsel's conduct (harassment of witness) violated NRPC 8.4(d). Julia Brady, et al v. Kerry Rogers, et al., Case No. A572440, District Court, Clark County, Nevada. Report prepared. Underlying case dismissed.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding duties and responsibilities of a lawyer who is counsel of record in pending litigation, whose client retains other counsel and then ceases communicating with the lawyer. Geier v. Denue, et al., Case No. A525183, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Marquis & Aurbach (later replaced by Lionel Sawyer & Collins) to testify regarding duties of lawyer who prepares a trust document, is appointed trustee upon client's death, and then retains his own law firm to represent the trust. In the Matter of the Total Amendment and Restatement of the William Eversole Family Trust Originally Dated April 6, 1996, Case No. P-09-0654430-T, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by law firm to advise as to firm's duties when potential conflict arises between clients jointly represented by firm in defense of litigation. NRPC 1.7. (Name of firm and identities of clients are confidential).

- Retained by Thorndal Armstrong Delk Balkenbush & Eisinger to testify regarding the scope of duties owed by a lawyer who has been retained to render only limited services. Brewer v. State of Nevada, et al., Case No. 554064, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by Alverson, Taylor, Mortensen, Nelson & Sanders to testify regarding the duties owed to a minority shareholder by a lawyer who represents a closely held corporation. Jackson v. Ira Levine, et al., Case No. A538983, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Trial testimony given. Case decided.

- Retained by Schiff Hardin, LLP to testify as to reasonableness of attorneys' fees. DTPI Holdings, LLP v. Forrest Binkley & Brown Capital Partners, LLP, Case

No. 2:07-CV-00690-BES-RJJ, U.S. District Court, District of Nevada. Report prepared. Case decided.

- Retained by Doyle Berman Murdy, P.C. to opine on attorney's conduct in representing several parties in related transactions. XMASCO, LLC v. Wellborn & Associates, P.C., et al., Case No. A566261, Eighth Judicial District Court, Clark County, Nevada. Case dismissed.

- Retained by Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, to testify as to attorney's duties regarding safekeeping and distribution of client's funds. Azine, et al. v. Johnson, et al., Case No. A587009, Eighth Judicial District Court, Clark County, Nevada. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify as to law firm's duties in preparing and communicating with client regarding drafts of transactional documents. Padilla v. Smith, Case No. A569307, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Solomon Dwiggins & Freer to testify regarding attorney's conduct in representing trustors and beneficiaries of a trust. Buck v. Hoffman, Case No. CV09-00324, Second Judicial District Court, Washoe County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith to testify regarding attorney's conduct in representing closely held corporation. RPC 1.13. Rita Quam Family Trust, et al. v. OPA Management, LLC, et al., Case No. A568829, Clark County District Court. Report prepared. Case concluded on summary judgment in favor of attorney. Amended Complaint filed,. Additional report prepared. Matter settled.

- Retained as special counsel to brief and argue defendants' rights and obligations (vis-a-vis, non-settling plaintiffs) regarding possibly privileged or confidential documents received by defendants from some plaintiffs as a part of a settlement. Klaas v. Vestin Mortgage, Case No. A528385, Clark County District Court (matter decided).

- Retained by Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP to testify as to lawyer's obligations upon receipt from a third party of documents and information which appear to have been misappropriated from adverse party. Merits Incentives, LLC v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark, 127 Nev. Adv. Op. 63, 262 P.3d 720 (2011).

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to testify regarding attorney's conduct (diligence and competence) in representing client in complex mechanic's lien litigation. Maui One Excavating v. Mead & Pezzillo, et

19

al., Case No. A539801, Clark County District Court. Report prepared. Case settled.

- Retained by Robertson & Vick, LLP to testify as to reasonableness of attorneys' fees. Voggenthaler, et al. v. Maryland Square, et al., Case No. 2:08-CV-01618 RCJ (GWF), U.S. District Court, District for Nevada. Report prepared. Matter decided.

- Retained by Travelers Companies, Inc. to opine on issues relating to the unauthorized practice of law (Nevada RPC 5.5 and SCR 49.10). Opinion prepared.

- Retained by Chamberlain Hrdlicka White Williams & Martin to opine on several Nevada RPC 8.3 issues in Valdez v. Cox Communications, et al., Case No. 2:09-CV-1797-PMP-RJJ in the U.S. District Court, District of Nevada. (Oral opinion delivered.)

- Retained by Mark Zaloras and the Law Offices of Peter Goldstein to opine on several malpractice, billing and fee issues. Gaxiola-Lim v. Michel, Case No. A-10-613812-C, Clark County District Court. Preliminary report prepared. Matter settled.

- Retained by the Cashill Law Firm to opine on attorney's entitlement to a fee for work done on behalf of an incompetent client. Merle Layton Trust, Case No. PR98-00336. Second Judicial District Court, Washoe County, Nevada. Report prepared.

- Retained by Marquis Aurbach Coffing to testify as to attorney's conduct in representation of clients and matters relating to negotiation of release from malpractice liability. Gugino v. Nevada Contractors Ins. Co., et al., Case No. A-11-637935-B, Clark County District Court. Report prepared. Trial testimony given. Matter decided.

- Retained by Vernon L. Bailey, Esq. to testify as to attorneys' conduct in representation of clients and matters relating to legal malpractice, breach of fiduciary duty and negligence. Inca Investments, Inc.; Platina, Inc. v. Kevin R. Hansen, Esq.; Wilde Hansen, LLP; Gregory L. Wilde, Esq.; Richard S. Ehlers, Esq., Case No. A-09-604391-C, Clark County District Court. Report prepared. Deposition taken. Case settled.

- Retained by Laxalt & Nomura to testify as to attorneys' obligations to and conduct affecting opposing party in litigation. Pompei v. Hawes, et al., Case No. A-11-642012-C, Clark County, District Court. Report prepared. Deposition taken. Matter settled.

- Retained by Randolph Goldberg to testify as to attorney's conduct regarding various issues.  State Bar v. Goldberg, Case Nos. 09-049-1536; 09-102-1536; and 09-235-1536.  Report prepared.  Matter resolved.

- Retained by multi-jurisdictional law firm to render advice on compliance with Nevada registration and practice requirements (Nev. R.P.C. 7.5A).

- Retained by Christian, Kravitz, Dichter, Johnson & Sluga, LLC to testify regarding attorneys' obligations when terminating employment with a law firm and starting a new firm.  Burr v. Dodds, Case No. A-11-650060-B, Clark County District Court.  Matter settled.

- Retained by Hong & Hong to testify as to duties of attorneys (competence) in conduct of litigation.  Wacht v. Peel & Brimley, Case No. A646410, Clark County District Court.  Report prepared.  Matter decided.

- Retained by attorney to render opinion on duties regarding disposition of disputed funds held by attorney.  (Nev. R.P.C. 1.15) (Attorney's name is confidential.)

- Retained by Greenspoon Marder, P.A. to render opinion on attorney's duty to obtain clients' informed consent before settling or dismissing claims.  Pittman v. Westgate Planet Hollywood Las Vegas, LLC, Case No. 2:09-CV-00878-PMP-GWF, United States District Court, District of Nevada.  Report prepared.  Matter decided.

- Retained by Simon & Berman to render opinion on conduct of lawyer and law firm in representing client in litigation (diligence, competence and communications)., Chandler v. Black & LoBello, et al., Case No. A-11-643955, refiled as Case No. A-12-660252, Clark County District Court.  Matter settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney in matters pertaining to failed investment.  Softwind Capital, LLC v. Global Project Solutions, LLC, et al., Case No. 2:11-CV-02057-JCM-GWF, United States District Court.  Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to render opinion on conduct of attorney regarding loans made to client (Nevada RPC 1.8).  Albert D. Massi v. Donald and Mary Nobis, Case No. A672579 in the District Court, Clark County, Nevada.  Case settled.

- Retained by law firm as consulting expert to render opinion regarding attorney's duty to report misconduct by opposing counsel.  Nevada RPC 8.3(a).  Name of law firm and subject attorney are confidential.

- Retained by Lewis Roca Rothgerber to render opinion on whether the common religious affiliation of the judge and one party's counsel requires the judge to recuse himself.  Lynan v. Health Plan of Nevada, Case No. A583772 and Magana

v. Health Plan of Nevada, Case No. A583816, District Court, Clark County, Nevada. Report prepared. Matter decided.

- Retained by Littler Mendelson to render opinion as to the propriety of self-dealing and other activities by company's in-house counsel. Randazza v. Excelsior Media Corp., JAMS Case No. 1260002283. Report prepared. Arbitration testimony given. Case decided.

- Retained by Judy M. Sheldrew, Esq. to render an opinion on the propriety of several attorneys' conduct in dealing with client having diminished capacity Andrews v. Rowe, et al., Case No. 12-PB-0075 in the Ninth Judicial District Court, Douglas County, Nevada. Report prepared. Case settled.

- Retained by Christine A. Zack to opine on issues of unauthorized and multi-jurisdictional practice of law. In re: Fundamental Long Term Care, Inc., Case No. 8-11-BK-22258-MGW, District of Florida. Matter settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, to opine on issues regarding the conduct of class counsel in dealing with class representative. Goldsmith v. Sill, et al., Case No. 2-12-CV-0090-LDG-CWH in the U.S. District Court, District of Nevada. Report prepared. Case pending.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in David Siebrasse, as Personal Representative of the Doreen Siebrasse Estate v. Jeffrey Burr, Ltd.; Jeffrey Burr; Mark Dodds; John Mugan; et al., Case No. A-11-648532-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Brisbois Bisgaard & Smith LLP to opine on issues regarding conduct of counsel with respect to claims alleged in T&R Construction Group v. Clark Tatom, LLC; and Bradley R. Tatom, Case No. A-13-689637-B, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Fulbright & Jaworski to opine on that firm's conduct in representing related entities in commercial transaction. Verano Land Group, LP v. VTLM Texas LP, et al, Case No. A-12-655514-B in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Bowen Hall to opine on (i) propriety of lawyer threatening to withdraw from case during contested hearing unless the client accepted a settlement offer, and (ii) other issues of competency and diligence. James J "Butch" Peri v. Stephen C. Mollath; Prezant & Mollath; et al., Case No. CV08-02546 in the Second Judicial District Court, County of Washoe, State of Nevada. Trial testimony given. Case settled.

- Retained by Wilson, Elser, Moskowitz, Edelman & Dicker, LLP to opine on lawyer's duties with respect to firm trust account and partner's improper conduct.

SBS Retail Inc., et al. v. Yves Chantre Inc., et al., Case No. A-13-681083-C, in the District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Lewis Roca Rothgerber to opine on attorneys' conduct during trial and compliance with Nevada RPC 3.3 (candor to the tribunal) in the matter entitled Health Plan of Nevada, Inc., et al. v. Helen Meyer, et al., Nevada Supreme Court Case No. 64692. Report prepared. Case settled.

- Retained by McDonald Family Trust to opine on the conduct of shareholders and the entity's counsel in a related party transaction. Nevada RPC 1.13. Russell G. Sheltra, individually and as Trustee of the Russell G. Sheltra Gaming Trust and Little Bonanza, Inc. v. Margaret McDonald and Timothy McDonald, Individually and as Trustees of the Robert and Gloria McDonald Family Trust, et al., Case No. CV14-01111, in the Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Holland & Knight to opine on the reasonableness of attorneys' fees in the matter entitled Leerad, LP, et al. v. Imperial Credit Corporation d/b/a A.I. Credit Corporation, et al., Case No. A631490, in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Thorndal, Armstrong, Delk, Balkenbush & Eisinger to opine on conduct of attorney in commercial real estate transaction. Shulman v. Bendavid, Case No. A682679, District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

- Retained by Clyde Snow & Sessions to opine on attorney's conduct in a matter affecting several clients (RPC 1.7; 2.2). United States of America v. Leon Benzer, et al., Case No. 2:13-cr-00018-JMC-GWF pending in the United States District Court, District of Nevada. Report prepared. Trial testimony given. Matter decided.

- Retained by Liberty Media Holdings LLC to opine on conduct of its in-house counsel in several matters. Randazza v. Liberty Media Holdings, LLC, Case No. A-12-673275-C in the Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Weinberg Wheeler Hudgins Gunn & Dial to opine on conduct of attorneys in representation (and withdrawal) of clients in litigation. Lee v. 70 Ltd. Partnership, Case No. A-13-691389-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Matter pending.

- Retained by Rock Fusco & Connelly, LLP to opine on conduct of attorneys in the conduct of litigation. International Game Technology v. Armstrong Teasdale, LLP, Case No. A-15-715079-C, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Deposition taken. Case settled.

23

- Retained by Durham Jones & Pinegar to opine on conduct of attorney with respect to financial dealings with client (RPC 1.7 and 1.8). Center Firearms Corp. v. Long Mountain Outfitters, Case No. A-14-709294-B, Eighth Judicial District Court, Clark County, Nevada. Report prepared. Case decided.

- Retained by law firms to opine on issues regarding potential conflicts of interest which arise after retention in a matter. Names of law firms are confidential.

- Retained by Faux Law Group to opine on lawyers' conduct in the litigation and settlement of a matter. Nahabedian v. Sutcliffe, et al., and related claims, counterclaims and third-party claims, Case No. A-12-673897-C, District Court, Clark County, Nevada. Case settled.

- Retained by Gibbs, Giden, Locher, Turner & Senet LLP to opine on the conduct of a law firm and its attorneys (competence and supervision) in the representation of an HOA client. Vistana Condominium Owners Assn., Inc. v. Kummer Kaempfer Bonner Renshaw & Ferrario, Case No. 08-A-578306, District Court, Clark County, Nevada. Report prepared. Deposition taken. Trial testimony given. Case decided.

- Retained by Rimini Street, Inc. and Seth Ravin to opine on the reasonableness of the fees and costs incurred by the Plantiffs' counsel in the case entitled Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin, Case No. 2:10-cv-0106-LRH-PAL in the United States District Court, District of Nevada. Report prepared. Matter decided. 209 F. Supp. 3d 1200 (D. Nev. 2016); reversed in part, 879 F. 3d 948 (9th Cir. 2018) and remanded. Supplemental report prepared. Matter decided on remand.

- Retained by Lipson, Neilson, Cole, Seltzer & Garin, PC to opine on the conduct of members of Wasserman Kornheiser, LLP, at issue in the claims alleged in the matter entitled Carlisle Homeowners Association v. Pacifica Covington, LLC, et al., Case No. A-13-678911-D, District Court, Clark County, Nevada. Case pending.

- Retained by Lewis Roca Rothgerber to opine on conduct of attorney in the litigation of a matter. Huckabay Properties, Inc. v. Beau Sterling, et al., Case No. CV-15-00765, Second Judicial District Court, Washoe County, Nevada. Case settled.

- Retained by Gordon & Rees to opine on the conduct of attorney regarding business transaction with client. Blanchard v. Rosenfeld, Case No. A637650, District Court, Clark County, Nevada. Report prepared. Rebuttal Report prepared. Case pending.

- Retained by Loose Brown & Associates (later replaced by May, Potenza, Baran & Gillespie, P.C.) to opine on the conduct of a law firm and one of its lawyers in the representation of a client in litigation. Cannabis Renaissance Group, LLC, and Mohit Asnani v. Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas; and

Patrick J. Sheehan and Jane Doe Sheehan, Case No. CV2016-054776, pending in Superior Court, State of Arizona, Maricopa County. Report prepared. Rebuttal report prepared. Deposition taken. Case pending.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer and law firm in representation of client in litigation. Sunport Business Trust v. Serle, et al., Case No. A-15-716677-C, District Court, Clark County, Nevada. Report prepared. Rebuttal report prepared. Case pending.

- Retained by Caldwell Leslie & Proctor, PC to opine on (i) the causation of damages by attorney negligence in a commercial transaction and (ii) the reasonableness and necessity of attorneys' fees incurred by Renown Health, Renown Regional Medical Center, and Nevada Heart Institute d/b/a Renown Institute for Heart & Vascular Health in the matter entitled Arger, et al. v. Renown Health, et al., Case No. CV11-02477, Second Judicial District Court, Washoe County, Nevada, such fees are sought as damages by the Renown Parties in the matter entitled Renown Health, et al v. Holland & Hart, LLP, et al., Case No. CV14-02049, Second Judicial District Court, Washoe County, Nevada. Report prepared. Deposition taken. Trial testimony given. Matter decided.

- Retained by Edward Lewis Tobinick, M.D, Edward Lewis Tobinick, MD d/b/a Institute of Neurological Recovery and INR PLLC d/b/a Institute of Neurological Recovery to opine on the conduct of Marc J. Randazza, Esq. of Randazza Legal Group, PLLC in the matter entitled Edward Lewis Tobinick, M.D., et al. v. Novella, et al., Case No. 9:14-cv-80781-RLR, pending in the U.S District Court, Southern District of Florida (West Palm Beach). Report prepared. Matter decided.

- Retained by Meister Seelig & Fein LLP to opine on the reasonableness and necessity of attorneys' fees incurred by Ballard Spahr LLP and Katten Muchin Rosenman LLP in the matter entitled Jeffrey Soffer, et al. v. The Bank of Nova Scotia, New York Agency, Case No A635777 in the Eighth Judicial District Court, Clark County, Nevada, as appealed to the Nevada Supreme Court, Case Nos. 61762 and 63157. Report prepared. Deposition taken. Matter pending in New York state court

- Retained by Wilson Elser Moskowitz Edelman & Dicker LLP to opine on the conduct of Danielle L. Miller and the law firm of Sylvester & Polednak regarding malpractice claims brought by Laura Renzi. Preliminary report prepared. Case settled.

- Retained by Hutchison & Steffen to opine on the conduct of Eric Roy and the law firm of Claggett & Sykes in the matter entitled Adam S. Kutner, P.C., et al. v. Eric Daly, et al., Case No. A-11-643990-C consolidated with Case No. A-11-650247-C, pending in the Eighth Judicial District Court, Clark County Nevada. Report prepared. Matter settled.

- Retained by Morris Polich & Purdy to opine on conduct of lawyer in litigation. Scotto v. Gourley, et al., Case No. A-15-729632-C, District Court, Clark County, Nevada. Report prepared. Case settled.

- Retained by Messner Reeves LLP (successor to Wolfenzon Rolle Edwards) to opine on conduct of lawyers in litigation. Dudek v. Meuller, et al., Case No. A-14-703305-C, District Court, Clark County, Nevada. Report prepared. Matter settled.

- Retained by law firm to advise as to validity of attorney association agreement. (Name of firm and identities of clients are confidential).

- Retained by Quinn Emanuel Urquhart & Sullivan, LLP to opine with regard to Motions to Disqualify Quinn Emanuel, counsel for Elaine P. Wynn, filed by Wynn Resorts, Limited in the matter entitled Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims, Case No. A656710, pending in District Court, Clark County, Nevada. (RPC 3.3, 4.4, 5.3 and 8.4). Report prepared. Matter resolved.

- Retained by attorney to advise as to obligations when client is committing fraudulent acts. (Name of attorney is confidential.)

- Retained by Kravitz, Schnitzer & Johnson to opine on attorney's obligations when claim is made that fees were paid with stolen funds. Novva Ausrustung Group, Inc. v. Dean Kajioka, Case No. 2:17-cv-01293-RFB-VCF, U. S. District Court, District of Nevada. Case settled.

- Retained by Buckley Sandler, LLP to opine on law firm's obligations when withdrawing from one jointly represented client and continuing to represent the other. Wynn Resorts, Limited v. Kazuo Okada, et al., and all related claims, Case No. A656710, District Court, Clark County, Nevada. Matter resolved.

- Retained by Hartford Financial Products to render an opinion on the conduct of Ken R. Ashworth, Esq., Hans R. Baldau, Esq., Geoffrey A. Potts, Esq., and Ken R. Ashworth & Associates P.C. as alleged in the Arbitration Matter of Michael C. Fuoroli and Tiffany S. Fuoroli, Claimants v. Ken R. Ashworth & Associates, Ken R. Ashworth, Hans R. Baldau, and Geoffrey A. Potts, Respondents / Ken R. Ashworth & Associates, Professional Corporation, Counterclaimant v. Michael C. Fuoroli and Tiffany S. Fuoroli, Counter-respondents, Case No. 211874. Case decided.

- Retained by Armstrong Teasdale to render an opinion on the conduct of attorney in representing client in negotiations. (Alleged aiding and abetting client in breach of fiduciary duty to partner.) LV Holdco LLC v. Atalon Mgmt. Group, LLC, et al., Case No. A-17-749387-B, District Court, Clark County, Nevada.

- Retained by Santoro Whitmire to render an opinion on the conduct of attorneys and law firm (Gordon Rees Scully Mansukhani, LLP) in the conduct of litigation.

26

Smead v. Gordon Rees, et al., Case No. A-16-760737-C, District Court, Clark County, Nevada.

- Retained by Holley Driggs Walch Fine Wray Puzey & Thompson to render an opinion on the conduct of attorney T. James Truman in the representation of his client. T. James Truman & Associates v. Quest Preparatory Academy, Case No. A-15-727469-C, District Court, Clark County, Nevada.

- Retained by Hutchison & Steffen to opine on the validity of an alleged conflict waiver by a governmental entity (City of Las Vegas) in order to permit it to be represented by a law firm which was appearing adverse to it in a related matter. 180 Land Co. LLC v. City of Las Vegas, Case No. A-17-758528-J, District Court, Clark County, Nevada. Preliminary opinion rendered. Matter resolved.

- Requested (pro bono) by the Clark County District Attorney's office to advise as to propriety of criminal defense attorneys posting offensive comments on social media (Nevada RPC 8.4(d)). Memorandum re substance and remedies delivered. (7/16/18).

- Retained by law firm to opine and advise regarding expulsion of partner/shareholder from firm. Name of firm is confidential.

- Retained by Gentile Cristalli Miller Armeni & Savarese, PLLC to opine and advise regarding reasonableness of fees in King v. Desert Palace, Inc., et al., Case No. A-13-691609-C, District Court, Clark County, Nevada. Opinion rendered.

- Retained by Olson, Cannon, Gormley, Angulo & Stoberski to opine on malpractice issues in Coleman v. Tomsheck, et al., Case No. A-15-728692-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. The Estate of Glen Woods, et al., Case No. A-18-775111-C, District Court, Clark County, Nevada. Oral report given. Case settled.

- Retained by Gerrard Cox Larsen to opine on attorney fiduciary and firm loyalty issues in Woods & Erickson, LLP v. Andrew B. Platt, et al., Case No. A-18-774926-C, District Court, Clark County, Nevada. Report prepared.

- Retained by Marshall & Associates to opine on the conduct of attorney Douglas J. Gardner (and others) in the representation of clients (insurer and insured) in litigation and other related matters. Century National Insurance Co., et al. v. Douglas J. Gardner, et al., Case No. 2:18-cv-02090-APG-BWN, U.S. District Court, District of Nevada. Report prepared.

- Retained by Robison Sharp Sullivan & Brust to opine on existence of and consequences arising from former client conflict. Coyote Springs Investment, LLC v. Wilson, Case No. A-19-789203-J, District Court, Clark County, Nevada.

- Retained by Kravitz, Schnitzer & Johnson, Chtd. to opine on the conduct of Dennis M. Prince with respect to his conduct in Lee Pretner, et al. v. Michael A. Vasquez, et al., Case No. A-11-632845-C, in the District Court, Clark County, Nevada; which is now at issue in Dana Andrew, et al. v. Century Surety Company, Case No. 2:12-cv-00978-APG-PAL, in the United States District Court, District of Nevada.  Report prepared.

- Retained by Fidelity National Law Group to opine as to the reasonableness of the attorneys' fees incurred by the Plaintiff's counsel in The Money Source, Inc. v. Chartered Holdings, Inc. and related cases, Case No. A-17-749645-C, District Court, Clark County, Nevada.  Report prepared.  Matter decided.

- Retained by Flangas Law Firm, Ltd. to opine as to the conduct of C. Conrad Claus, Esq. with respect to the claims alleged in Grundy v. Claus & McKenzie, Case No. A-17-754726-C, in the Eighth Judicial District Court, Clark County, Nevada.  Reports prepared.

- Retained by Hutchison & Steffen, PLLC to opine as to the conduct of Rory Vohwinkel and Vohwinkel & Associates with respect to Caballos De Oro Estates, LLC v. Eliot A. Alper, et al., Case No. A-17-752905, pending in the Eighth Judicial District Court, Clark County, Nevada.

## CONTINUING LEGAL EDUCATION INSTRUCTION (1997-Present)

- National Business Institute (NBI) (6/19/19): "Ethics in Business Law"

- Clark County Bar Association (5/14/19):  "Things They Didn't Tell You In Law School"

- Clark County Bar Association (5/9/18):  "Current Topics for New (and Not So New) Lawyers"  Current Issues in Ethics

- Kolesar & Leatham (12/22/17):  Current Issues In Privilege and Confidentiality

- National Business Institute (12/20/17):  Legal Ethics – Top Challenges

- Association of Legal Administrators, Las Vegas Chapter (11/14/17):  "Attorney-Client Privilege and Confidentiality"

- National Business Institute (10/19/17):  Tax Exempt Organizations: Ethics Bootcamp

- Clark County Bar Association (5/11/17):  "You Know Where You've Been . . ."  Current Issues in Ethics

- State of Nevada-Paralegal Division (4/29/17):  Confidentiality and Attorney-Client Privilege

28

- City of Henderson, City Attorney's Office (10/6/16): Ethics 2016: "What Can I Say?"

- Southern Nevada Association of Women Attorneys (1/7/16): "Things to Fear in the New Year"

- Clark County Bar Association (12/9/15): "12th Annual Ethical Issues"

- Clark County Bar Association (6/25/15): "Things You Don't Know Can Hurt You – Here are 12 of them"

- Water Law Institute: 17th Annual Law of the Colorado River Conference (5/1/15): "Ethics and Social Media"

- Southern Nevada Association of Women Attorneys (1/15/15): "Ethics Issues for 2015"

- Clark County Bar Association (11/13/14): "11th Annual Ethics CLE"

- American Bar Association Section of Environment, Energy and Resources, 32nd Annual Water Law Conference: Ethics for Water Lawyers (6/6/14)

- Association of Legal Administrators, Las Vegas Chapter (5/13/14): "Issues in New Business Intake."

- American Bar Association Group Legal Services Association and Solo, Small Firm and General Practice Division Annual Meeting (5/2/14): "Ethics Issues In Marketing and Client Development."

- State Bar of Nevada: Section of Environmental and Natural Resources Law (2/27/14) "Ethics Issues for Environmental Lawyers."

- Clark County Bar Association (12/13/13). 10th Annual Ethics CLE.

- City of Henderson, City Attorneys' Annual Retreat (10/17/13). "A Lawyer Walks Into a Bar . . . The Dangers of Casual Advice and Conversation."

- Las Vegas Paralegal Society: Keeping Abreast of Conflicts and Unauthorized Practice (6/18/13).

- Association of Legal Administrators, Las Vegas Chapter: Legal Administrator's Role in Preventing Malpractice (6/11/13).

- American Bar Association Section of Environment, Energy and Resources, 31st Annual Water Law Conference: Water Lawyers and Ethics (6/7/13).

29

- Clark County Bar Association (5/8/13) "4th Annual Solo and Small Firm Ethical Traps."

- UNLV Boyd School of Law (3/8/13) "Professionalism and Popular Culture."

- Clark County Bar Association (11/2/12). 9th Annual Ethics CLE.

- Clark County Bar Association (3/28/12). "3rd Annual Hanging Out a Shingle? Solo and Small Firm Ethical Traps."

- American Bar Association Business Law Section Spring Meeting (3/22/12). "Saints and Sinners: Ethical Issues and Dilemmas in Client and Practice Development."

- Southern Nevada Association of Women Attorneys (2/24/12).  "Ten for Twelve: Ethics 2012."

- Clark County Bar Association (11/3/11) "8th Annual Ethics CLE."

- Nevada Paralegal Assn. (6/18/11) "UPL: Attorney Supervision of Paralegals."

- Department of Energy Contractor Attorneys' Assn. (5/27/11) "Ethics: Ten Things You Should Know."

- Southern Nevada Association of Women Attorneys (2/25/11) "Ten For Eleven: Ethics 2011."

- Clark County Bar Association (2/4/11) "Hanging Out A Shingle?  Solo and Small Firm Ethical Traps."

- Clark County Bar Association (9/30/10) "7th Annual Ethics Issues: 2010."

- American Society of Breast Surgeons (4/30/10) Avoiding and Responding to Litigation.

- Clark County Bar Association (3/26/10) Avoiding Solo/Small Firm Ethical Traps.

- Southern Nevada Association of Women Attorneys (2/26/10) Ethics 2010: Ten Thoughts for '10.

- State Bar of Nevada (11/12/09): Nevada Legal Ethics (2009).

- State Bar of Nevada, Clark County Bar Association and Washoe County Bar Association (10/13/09, Las Vegas; 10/14/09, Carson City): 2009 Professionalism Summit.

30

- Clark County Bar Association (9/18/09): "Sixth Annual Ethics Issues: 2009."

- Public Relations Society of America (7/24/09): "Keeping Out of Hot Water: Legal Considerations in Communications."

- Lecture and panel discussion with Justice Nancy Saitta and District Judge Linda Bell: "Professionalism in Litigation." Boyd School of Law (4/1/09).

- Southern Nevada Association of Women Attorneys (2/20/09): "ETHICS 2009: Being Good Gets Harder Every Year."

- State Bar of Nevada (12/5/08): "Nevada Legal Ethics 2008."

- State Bar of Nevada (11/19/08): "Nevada Legal Ethics 2008."

- Indiana State Bar Association (11/13/08): "Ethics: A Western Perspective on Maintaining A Healthy Legal Practice."

- Clark County Bar Association (9/19/08): "Fifth Annual Ethics Issues 2008" (Prepared materials. Presentation made by David J. Merrill).

- Southern Nevada Association of Women Attorneys (2/22/08): "Ethics 2008 - Be Careful Out There."

- State Bar of Nevada (11/30/07) "Nevada Legal Ethics 2007."

- State Bar of Nevada (11/16/07) "Nevada Legal Ethics 2007."

- Clark County Bar Association (10/31/07) "Lawyer Advertising: The New Rules."

- Wisconsin Law Alumni Association (9/8/07) "The New Rules of Professional Conduct."

- Clark County Bar Association (8/24/07) "Fourth Annual Legal Ethics - 2007."

- National Assn. of Retail Collection Attorneys (5/11/07) "Ethics Issues for Legal Collection Professionals."

- Southern Nevada Association of Women Attorneys (2/23/07) "Desperately Seeking Ethics - 2007."

- State Bar of Nevada (12/1/06) "Nevada Legal Ethics 2006."

- State Bar of Nevada (11/17/06) "Nevada Legal Ethics 2006."

- Clark County Bar Assn. (6/30/06) "Ethics 2006: The New Nevada Rules of Professional Conduct."

- State Bar of Nevada Professionalism Summit: Speaker and Panel Member (4/20/06).

- Southern Nevada Association of Women Attorneys (1/27/06) "Ethics Issues for 2006."

- State Bar of Nevada (11/18/05) "Nevada Legal Ethics 2005."

- State Bar of Nevada (11/4/05) "Nevada Legal Ethics 2005."

- Clark County Bar Assn. (9/15/05) "Ethics 2005:  Current Issues."

- Clark County Bar Assn. (3/4/05) Speaker and Panel Member: First Annual Professional Summit.

- State Bar of Nevada (11/19/04) "Ethics 2004: Year in Review."

- State Bar of Nevada (11/5/04) "Ethics 2004: Year in Review."

- Clark County Bar Assn. (7/30/04) "Current Issues In Ethics."

- Lorman Business Institute (7/20/04) "Current Issues in Ethics."

- National Hospice Assn. (3/21/04) "Legal Issues For Physicians In End of Life Care."

- Southern Nevada Assn. of Women Attorneys (1/30/04) "Ethics Issues for 2004."

- State Bar of Nevada (1/20/04) "Workers Compensation: Current Issues in Ethics."

- National Business Institute (10/21/03) "Current Issues In Attorney Client Privilege and Confidentiality."

- Sterling Educational Systems (9/25/03) "Common Ethical Problems for Transactional Lawyers."

- Clark County Bar Assn. (2/28/03) "ERISA 2003:  What's New?"

- Southern Nevada Assn. of Women Attorneys (1/31/03) "Ethics:  2003."

- State Bar of Nevada (11/22/02) "Nevada Legal Ethics - the Year In Review."

- American Corporate Counsel Assn. (6/18/02) "Issues of Attorney-Client Privilege for In-House Counsel."

- National Business Institute (12/7/01) "Current Issues In Legal Ethics:Nevada 2001."

- National Business Institute (7/13/01) "Attorney-Client-Privilege and the Work Product Doctrine In Nevada."

- National Business Institute (12/12/00) "Practical Legal Ethics."

- State Bar of Nevada (3/31/00) "Professionalism and Ethics."

- Southern Nevada Assn. of Women Attorneys (1/28/00) "Multi-Disciplinary Practice: Ethical Considerations."

- State Bar of Nevada (12/10/99) "Winning Without Losing Your Professionalism."

- National Business Institute (11/17/99) "Practical Legal Ethics."

- Law Seminars Int'l. (6/25/99) "Ethics Considerations for Construction Lawyers."

- National Practice Institute (12/4/98) "Ethical Problems: Dealing With Difficult Lawyers."

- ALAS (10/21/98) "Ethical Issues for Healthcare Lawyers."

- State Bar of Nevada (3/21/98): "Ethics and Attorneys' Fee Agreements."

- CLE International (12/5/97) "Current Issues In Ethics"

- Institute for Paralegal Practice (8/26/97) "Preventing Unauthorized Practice of Law"

[Additional CLE instruction available upon request.]

# Exhibit 3

# Exhibit 3

1

## DECLARATION OF THOMAS A. ZIMMERMAN, JR.

2   I, Thomas A. Zimmerman, Jr., declare as follows:

3   1.   I am over the age of eighteen and a resident of Cook County, Illinois.

4   2.   I am the principal of Zimmerman Law Offices, P.C. ("Zimmerman Law"), an Illinois

5   professional corporation, co-counsel for Plaintiff Christopher Bruun ("Plaintiff") in the matter

6   entitled *Bruun v. Red Robin Gourmet Burgers, Inc.*, Case No. A-20-814178-C (the "Matter"), which

7   is pending before the Eighth Judicial District Court of the State of Nevada.

8   3.   I am competent to testify to the facts stated herein, which are based on personal

9   knowledge unless otherwise indicated, and if called upon to testify, I could and would testify

10   competently to the following.

11   4.   I submit this declaration in support of Plaintiff's Motion for Class Certification and

12   Appointment of Class Counsel (the "Motion"), which seeks to certify a class action against

13   Defendants Red Robin Gourmet Burgers, Inc. ("RRGBI") and Red Robin International, Inc.

14   ("RRII") (jointly, "Defendants") and appoint class counsel from Bailey❖Kennedy, LLP and

15   Zimmerman Law.

16   5.   I am a seasoned litigator with more than 23 years of experience as a class action

17   attorney.  I have been appointed as class counsel in numerous matters in federal and state courts

18   throughout the country.  A true and correct copy of Zimmerman Law's firm biography is attached to

19   the Motion as Exhibit 4.

20   6.   I have substantial experience and knowledge in class actions and complex litigation

21   cases, including consumer law and deceptive trade practices matters.

22   7.   Zimmerman Law has sufficient resources and time necessary to adequately serve as

23   class counsel and zealously represent the interests of the putative class.

24   8.   Zimmerman Law is not aware of any other litigation between a putative class member

25   and any of the Defendants regarding similar claims alleged by Plaintiff.

26   / / /

27   / / /

28   / / /

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1       9.     Contemporaneous with the filing of this Declaration, I intend to seek admission to

2  practice before this Court pursuant to Nevada Supreme Court Rule 42 to represent Plaintiff and the

3  putative class in this matter.

4       I declare under penalty of perjury under the law of the State of Nevada that the foregoing is

5  true and correct.

6       Executed on this 27th day of April, 2020, in Cook County, Illinois.

7                           /s/ Thomas A. Zimmerman, Jr.

8                         THOMAS A. ZIMMERMAN, JR.

9

10

11

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 4

# Exhibit 4

## ZIMMERMAN LAW OFFICES, P.C.

Since 1996, Zimmerman Law Offices has represented individuals and businesses in a wide array of legal matters. Its attorneys are established and respected trial lawyers who represent clients in complex litigation and class action lawsuits nationwide. The firm has an extensive and varied litigation-based practice, with a focus on class action litigation. Zimmerman Law Offices has recovered over $250 million on behalf of millions of individuals and businesses nationwide.

The attorneys at Zimmerman Law Offices are experienced in Multidistrict Litigation (MDL), having served as lead counsel in MDL cases throughout the country. These MDL cases included claims for fraud, improper pricing, misleading product claims, and privacy violations including data breaches.

## ATTORNEYS

### Thomas A. Zimmerman, Jr.

A seasoned litigator for over 23 years, Mr. Zimmerman practices extensively and has obtained multi-million dollar jury verdicts in class action, corporate, commercial, medical malpractice, consumer fraud, constitutional due process, general civil, product liability, toxic tort, and other complex litigation. He represents both plaintiffs and defendants nationwide in state and federal trial and appellate courts. He also represents individuals and corporations in transactional matters, and before state and federal administrative and regulatory agencies.

Mr. Zimmerman has been lead counsel in national and state-wide class action litigation, and has handled other multi-party litigation involving such companies as MCI/Worldcom, United Airlines, Peoples Gas, AT&T, Warner-Lambert, Pfizer, Liberty Mutual Insurance Co., DaimlerChrysler, ADT, Ford Motor Co., Mead Johnson, KCBX, Inland Bank, Commonwealth Edison, Ameritech, Wells Fargo, and Bridgestone/Firestone. He is well respected for his representation of physicians, dentists, nurses, psychologists, veterinarians, and many other licensed professionals before state and federal agencies including the Illinois Department of Financial and Professional Regulation, and the U.S. Department of Health and Human Services.

In 2017, 2018, 2019 and 2020, he was selected as a *Super Lawyer* in the area of class action and mass torts.

In 2000, he was voted one of the Top 40 Illinois Attorneys Under the Age of 40. This is especially notable, as he was chosen out of 60,000 attorneys in Illinois under the age of forty.

In 2003, the Illinois Supreme Court appointed Mr. Zimmerman to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"). He served in that capacity until 2011, wherein he presided over appeals by attorneys who have been found to have committed misconduct, and recommended discipline for their ethical violations. In 2013, the ARDC

appointed Mr. Zimmerman as Special Counsel, wherein he conducts independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

Additionally, the Illinois Governor appointed Mr. Zimmerman to the Illinois Courts Commission in 2003. A Commission member presides over proceedings wherein judges are charged with committing ethical violations, and imposes discipline on judges who are found to have engaged in misconduct. Mr. Zimmerman has served as a Commission member continuously since his appointment.

Prior to becoming an attorney, Mr. Zimmerman worked for AT&T where he negotiated partnerships with companies for domestic and international joint-venture and new product development activities. During this time, he was the featured speaker at 400 conferences, seminars, and presentations. Thereafter, he presented oral testimony at various Federal Senate and Congressional hearings. After obtaining his law license, Mr. Zimmerman has lectured at law schools and seminars, and is frequently interviewed by the news media concerning legal issues.

Mr. Zimmerman earned a B.S. in Computer Science-Mathematics from the University of Illinois, and an M.B.A. in Finance from DePaul University in the evenings while working for AT&T. After leaving AT&T, Mr. Zimmerman earned his law degree from the Chicago-Kent College of Law, where he was a Ramsey-Burke Scholarship recipient and earned the Academic Achievement Award.

He is admitted to practice law in Illinois, and other states on a case-by-case basis, and he is admitted to practice before the U.S. Supreme Court, and various federal courts of appeal and federal district courts. Based on his demonstrated experience and ability, he was appointed to the federal court trial bar.

Mr. Zimmerman is currently the chair of the Clerk of the Circuit Court of Cook County Attorney Advisory Committee, and was formerly co-chair of the Clerk of the Circuit Court Transition and Strategic Planning Public Policy Subcommittee.

Mr. Zimmerman is a member of the American, Illinois State, and Chicago Bar Associations, and the Illinois Trial Lawyers Association, where he serves on various committees. He is also a member of the American Association for Justice. In 2000, he was appointed to the Illinois Trial Lawyers Association Board of Advocates.

Involved in numerous community service activities, Mr. Zimmerman has been an Illinois State Board of Education surrogate parent of disabled children since 1988. In addition, he was a speaker on the rights of disabled people for the Illinois Planning Council on Developmental Disabilities, and a Family Shelter Service counselor to battered children for many years. He has been recognized by the federal court for his pro bono representation of indigent clients.

### Sharon A. Harris

Ms. Harris has extensive experience litigating complex class action matters in state and federal trial and appellate courts nationwide. For over 20 years, she has focused her practice on consumer protection, product liability, privacy, and antitrust matters. Ms. Harris has developed a particular expertise in state unfair and deceptive practice statutes, privacy laws, federal antitrust laws, the Fair Credit Reporting Act, the Racketeer Influenced and Corrupt Organizations Act (RICO), the Telephone Consumer Protection Act, and various other federal and state laws. For example, she was appointed class counsel in *In re Pilot Flying J Fuel Rebate Contract Litigation*, which involved allegations that the defendants violated RICO and various state laws by withholding portions of fuel discounts and rebates to which class members were contractually entitled.

Ms. Harris received her Bachelor of Science degree from Michigan State University with a dual major in Political Science and Social Science. She received her law degree from DePaul University College of Law.

She is admitted to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Ninth Circuits, and she is a member of the American, Illinois State, and Chicago Bar Associations.

### Matthew C. De Re

Mr. De Re advocates for both plaintiffs and defendants nationwide in state and federal trial and appellate courts. His practice areas include class action, corporate, commercial, consumer fraud, general civil, product liability, personal injury, and other complex litigation. He also represents professionals, such as physicians, dentists, nurses, insurance producers, and real estate brokers, before state and federal agencies, including the Illinois Department of Financial and Professional Regulation and the Department of Insurance. In addition to his extensive litigation practice, Mr. De Re assists individuals and corporations in transactional matters.

He has experience in all phases of litigation, including extensive discovery and substantive motion practice. He has assisted in the defense of individuals and companies in cases involving personal injury, employment, and civil rights. Mr. De Re has also vigorously pursued recovery for plaintiffs in numerous civil matters. Prior to joining Zimmerman Law Offices, he served as a Law Clerk for the Circuit Court of Cook County.

Mr. De Re graduated from the University of Wisconsin-Madison with a B.S. in both Political Science and History. He earned his law degree from Washington University in St. Louis. While in law school, he received academic awards and appeared on the Dean's List multiple times. He also served two years on the Executive Board of the Student Bar Association and was the Associate Managing Editor for the Washington University Journal of Law & Policy.

He is admitted to practice law in the State of Illinois and is a member of the Illinois State and Chicago Bar Associations.

### Jeffrey D. Blake

Mr. Blake represents consumers in class actions involving unfair and deceptive trade practices, privacy violations, antitrust matters, and defective products. He has considerable experience prosecuting complex cases in state and federal courts throughout the nation, including appeals.

Mr. Blake received his J.D., *cum laude*, from the Chicago-Kent College of Law in 2012. While attending, Mr. Blake served as Executive Articles Editor for the *Chicago-Kent Law Review*, spent a semester as a judicial extern for the Honorable Samuel Der-Yeghiayan of the United States District Court for the Northern District of Illinois, and participated in the Intellectual Property Law Clinic and the Center for Open Government.

After graduating law school, Mr. Blake served as the judicial law clerk for the Honorable Patrick McKay, Superior Court Judge for the Third Judicial District in Anchorage, Alaska.

Mr. Blake received a Bachelor of Science from the University of Illinois at Chicago.

He is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

### Jordan M. Rudnick (*of counsel*)

Mr. Rudnick represents individuals and large national and international companies in providing business advice, counsel and dispute resolution in a wide variety of contexts for almost 20 years. In particular, Mr. Rudnick represents plaintiffs and defendants nationwide in class action, corporate, commercial, consumer fraud, general civil, and other complex litigation in state and federal courts, arbitrations, and mediations. Mr. Rudnick has been involved in all phases of litigation, including extensive discovery, substantive motion practice, trials and appeals.

His experience as an attorney also includes representing parties in nationwide securities fraud class actions. Notably, Mr. Rudnick represented Canadian Imperial Bank of Commerce in the Enron class action securities litigation and related proceedings. He also has extensive experience representing commercial policyholders in recovering insurance proceeds from their insurers.

Mr. Rudnick serves as an arbitrator for FINRA (Financial Industry Regulatory Authority, formerly known as the NASD or National Association of Securities Dealers) where he and panels of two other arbitrators decide the outcome of disputes between investors and securities brokers and dealers.

He has provided extensive pro bono representation of improperly-expelled school children in conjunction with the Legal Assistance Foundation of Metropolitan Chicago, and with the Chicago Coalition for the Homeless. In addition, in his spare time, he is a volunteer at the Lincoln Park Community Homeless Shelter.

Mr. Rudnick served as a judicial law clerk to the Honorable Justice Joseph Gordon, Illinois Appellate Court, 1st District, where he drafted opinions in appeals arising from complex civil and criminal trial court decisions.

Mr. Rudnick earned his B.A. in Political Science from the University of Chicago, and he graduated *cum laude* from the John Marshall Law School with honors and on a full scholarship. In law school, he appeared on the Dean's List, and he was a member of the school's Moot Court Team. He also was a Staff Editor on the *John Marshall Law Review* for two years.

He is admitted to practice law in Illinois, New York, and Washington, D.C., and is a member of the Chicago Bar Association, NAACP, and ACLU.

## REPRESENTATIVE CLASS ACTION CASES

### Completed Cases

*Misleading Product Claims* — $62 million recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body, plus equitable relief to correct the misleading claims. *Joseph v. Beiersdorf North America, Inc.*, No. 11 CH 20147 (Cook Cnty, IL).

*Improper Cellular Phone Fee* — $48 million recovery for a statewide class of businesses and individuals who paid an improper municipal infrastructure maintenance fee on their cellular phone bills. *PrimeCo Personal Communications, et al. v. Illinois Commerce Commission, et al.*, 98 CH 5500 (Cook Cnty, IL).

*Defective Vehicles* — $35 million in monetary and injunctive relief for a nationwide class of individuals and businesses who purchased vehicles manufactured with a defective transmission. *Vargas, et al. v. Ford Motor Co.*, No. 12 cv 8388 (C.D. CA).

*Fraud* — $31 million recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper based on fraudulent circulation figures. *In re Chicago Sun-Times Circulation Litigation*, No. 04 CH 9757 (Cook Cnty, IL).

*Defective Products* — $16 million recovery for a nationwide class of individuals who purchased defective home security systems that could be easily hacked and disabled. *Edenborough v. ADT, LLC, et al.*, No. 16 cv 2233 (N.D. CA).

*Misleading Product Claims* — $14 million recovery for a nationwide class of customers who purchased defective garden hoses with misleading claims, plus equitable relief to extend the product's warranty. *Bergman, et al. v. DAP Products, Inc., et al.*, No. 14 cv 3205 (D. MD).

*Fraud / Data Breach* — $11.2 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by an

internet service provider, and who also paid money to that provider based on misrepresentations. *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669 (E.D. MO).

*Defective Products* — $9 million recovery for a nationwide class of individuals who sustained financial and personal injuries resulting from their purchase and use of baby wipes that were tainted with a dangerous bacteria. *Jones v. First Quality Enterprises, Inc., et al.*, No. 14 cv 6305 (E.D. NY).

*Power Outages* — $7.75 million recovery for a statewide class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. *In re Commonwealth Edison 1999 Summer Power Outages*, No. 99 CH 11626 (Cook Cnty, IL).

*Privacy Violation* — $7.3 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Aliano v. Airgas USA, LLC*, No. 14 CH 20024 (Cook Cnty, IL).

*Data Breach* — $4.3 million recovery for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a retailer. *In re Sonic Corp. Customer Data Breach Litigation*, MDL No. 2807 (N.D. OH).

*Unsolicited Faxes* — $4 million recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Derose Corp. v. Goyke Health Center*, 06 CH 6681 (Cook Cnty, IL).

*Fraud* — $3.5 million recovery for a nationwide class of Spanish speaking purchasers of baby formula, arising out of misleading product labeling. *Cardenas v. Mead Johnson & Company*, No. 01 CH 11151 (Cook Cnty, IL).

*Unsolicited Faxes* — $2.5 million recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *iMove Chicago, Inc. v. Inland Bancorp, Inc., et al.*, No. 16-cv-10106 (N.D. IL)

*Misleading Product Labeling* — $2.5 million recovery for a nationwide class of businesses and individuals who purchased whiskey whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Templeton Rye Spirits, LLC*, No. 2014 CH 15667 (Cook Cnty, IL).

*Misrepresentations in Book* — $2.35 million recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. *In re A Million Little Pieces Litigation*, No. 06-md-1771 (S.D. NY).

*Consumer Fraud* — $1.6 million recovery for a nationwide class of individuals who paid for and traveled to an event that did not occur as advertised. *Norton v. Niantic, Inc.*, No. 2017 CH 10281 (Cook Cnty, IL).

*Misleading Product Labeling* — $1.5 million recovery for a nationwide class of individuals who purchased a product whose packaging misstated the characteristics of the product. *In re Honest*

*Company Sodium Lauryl Sulfate (SLS) Marketing and Sales Practices Litigation*, MDL No. 2719 (C.D. CA).

*Improper Debiting of Bank Accounts* — $1.5 million recovery for a statewide class of individuals who were members of a health club that debited its members' bank accounts without adequate notice or authority. *Wendorf, et al. v. Landers, et al.*, No. 10 cv 1658 (N.D. IL).

*Environmental Contamination* — $1.4 million recovery for a statewide class of individuals and businesses who suffered from an infiltration of coal and petroleum coke dust in the air and on their property. *Martin, et al. v. KCBX Terminals Company, et al.*, No. 13 cv 08376 (N.D. IL).

*Misleading Product Claims* — $1.4 recovery for a nationwide class of individuals and businesses who purchased HDMI cables based on representations that more expensive higher speed cables were needed to operate certain audio visual equipment. *O'Brien, et al. v. Monster, Inc., et al.*, No. 2015 CH 13991 (Cook Cnty, IL).

*School Misrepresenting Accreditation* — $1.2 million recovery, representing nearly the full value of each class member's loss, for a statewide class of individuals who enrolled in a school based on the school's misrepresentations that it was accredited. *Allen v. Illinois School of Health Careers, Inc.*, No. 10 CH 25098 (Cook Cnty, IL).

*Privacy Violation* — $1 million recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Radaviciute v. Christian Audigier, Inc.*, No. 10 cv 8090 (N.D. IL).

*Breach of Contract* — $570,000 recovery for a nationwide class of sonographers who took and passed a certification examination but the testing agency improperly scored their results and falsely reported that they failed the examination. *Miller, et al. v. Inteleos, Inc.*, No. 17 cv 763 (N.D. OH).

*Privacy Violation* — $500,000 recovery for a statewide class of consumers whose personal information was improperly disclosed. *Aliano v. Joe Caputo and Sons – Algonquin, Inc.*, et al., No. 09 cv 0910 (N.D. IL).

*Contaminated Drinking Water* — $500,000 recovery for a statewide class of individuals who suffered damages as a result of a contaminated water well, plus equitable relief to close the well. *Joseph Marzano v. Village of Crestwood*, No. 09 CH 16096 (Cook Cnty, IL).

*Fraud* — $425,000 recovery for a nationwide class of businesses and individuals who purchased spirits whose labeling misstated the characteristics of the product. *Due Fratelli, Inc. v. Proximo Spirits, Inc.*, No. 2014 CH 17429 (Cook Cnty, IL).

*Foreclosure Fraud* — $425,000 recovery for a nationwide class of borrowers whose lender failed to properly respond to qualified written requests, requests for information, and/or notices of error because of an improper active litigation, active mediation, or active bankruptcy exception. *Lieber v. Wells Fargo Bank, N.A.*, No. 16 cv 2868 (N.D. OH).

*Privacy Violation* — $295,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *Joseph v. Marbles, LLC*, No. 13 cv 4798 (N.D. IL).

*Privacy Violation* — $250,000 recovery for a nationwide class of consumers whose personal information was improperly disclosed. *DiParvine v. A.P.S., Inc. d/b/a Car Quest Auto Parts*, No. 11 cv 6116 (N.D. IL).

*Unsolicited Faxes* — $237,600 recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Key Art Publishing Co.*, No. 07 CH 14018 (Cook Cnty, IL).

*Improper Health Club Memberships* — Recovery for a statewide class of individuals whose health club membership agreements provided for improper membership terms. *Izak-Damiecki v. World Gym International, LLC*, No. 10 CH 18845 (Cook Cnty, IL).

*Illegal Lending Practices* — Recovery, representing the maximum amount of statutory damages, for a nationwide class of customers who obtained loans whose terms violated the Truth in Lending Act, plus equitable relief to modify the loan contract to conform with the law. *Papeck, et al. v. T.N. Donnelly & Co.*, No. 09 CH 31997 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of over 36 million consumers whose personal information was improperly disclosed. *Dudzienski v. GMRI, Inc.*, No. 07 cv 3911 (N.D. IL).

*Unsolicited Faxes* — Recovery for a statewide class of individuals and businesses who sustained damages resulting from the receipt of unsolicited facsimile advertisements. *Phillips Randolph Enterprises, LLC v. Home Run Inn, Inc.*, No. 08 CH 43273 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a statewide class of over 60,000 consumers whose personal information was improperly disclosed. *O'Brien v. Paninos, Inc.*, No. 10 cv 2991 (N.D. IL).

*Breach of Warranty* — Recovery on behalf of a nationwide class of customers who had their warranty retroactively changed from a lifetime guarantee to a 90-day guarantee, plus equitable relief to reinstate the lifetime guarantee on the products. *Brady, et al. v. Learning Curve Int'l, Inc., et al.*, No. 06 CH 03056 (Cook Cnty, IL).

*Privacy Violation* — Recovery for a nationwide class of tens of thousands of consumers whose personal information was improperly disclosed. *In re Kathy Aliano v. Hancock Fabrics, Inc.*, No. 07-10353 (Del. BK).

*Improper Debt Collection* — Recovery on behalf of a nationwide class of individuals against whom attempts were made to collect a time-barred debt, in violation of the Fair Debt Collection Practices Act. *Ocasio v. First Financial Investment Fund V, LLC, et al.*, No. 15 cv 10167 (N.D. IL).

8

**Pending Cases — Appointed Class Counsel**

*Invasion of Privacy* — Class action for a nationwide class of individuals who were surreptitiously viewed and recorded using the toilets in holding cells. *Alicea, et al. v. County of Cook*, No. 18 cv 5381 (N.D. IL).

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated construction zone speed enforcement tickets on a highway that was not under construction. *Black, et al. v. City of Girard, Ohio, et al.*, No. 18 cv 1256 (Trumbull Cnty, OH).

**Pending Cases — Appointed to Executive Committee**

*Misleading Product Claims* — Class action for a nationwide class of individuals who purchased defective cheese products based on misleading representations. *In re 100% Grated Parmesan Cheese Marketing and Sales Practices Litigation*, MDL No. 2707 (N.D. IL).

**Pending Cases**

*Fraud* — Class action for a statewide class of individuals who were wrongfully issued automated red light tickets by red light cameras that were installed in violation of state law.

*Improper Court Fee* — Class action for a nationwide class of individuals and businesses who were charged an improper fee by the Clerk of the Court.

*Unpaid Overtime* — Class action for a nationwide class of individuals who were not paid all wages and premium overtime for hours worked in excess of forty hours per week.

*Misleading Product Claims* — Class action for a nationwide class of individuals and businesses who purchased cleaning products that advertised they were made of higher quality ingredients than were actually contained in the products.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by their employer.

*Americans with Disabilities Act* — Class action for a nationwide class of disabled individuals who were denied full, equal and independent access to the goods, services and facilities provided by a hotel.

*Improper Debt Collection* — Class action for a nationwide class of individuals who were sent misleading debt collection letters, in violation of the Fair Debt Collection Practices Act.

*Fraud* — Class action for a nationwide class of individuals who made purchases based on fraudulent misrepresentations concerning a sporting event.

9

*Antitrust* — Class action for a nationwide class of individuals who subscribed to television services from companies that conspired to fix prices in violation of the Sherman Act.

*Data Breach* — Class action for a statewide class of individuals who had their personal, financial, and medical data stolen due to insufficient protection of that information by a hospital.

*Violation of RESPA Act* — Class action for a nationwide class of borrowers who were denied the requisite loan modification options, as required by the Real Estate Settlement Procedures Act.

*Environmental Contamination* — Class action for a statewide class of individuals who suffered from an infiltration of lead and arsenic on their property.

*Shareholder Derivative Action* — Class action for a nationwide class of individuals and businesses who are shareholders of a company that wrongfully entered into a merger transaction.

*Constitutional Violation* — Class action for a nationwide class of individuals who were wrongfully issued automated traffic speed enforcement tickets by a municipality that was denied authorization to issue the tickets.

*Invasion of Privacy* — Class action for a nationwide class of individuals who received unauthorized telemarketing calls to their phones.

*Fraud* — Class action for a nationwide class of individuals who purchased used cosmetics and beauty products that were sold as new.

*Breach of Contract* — Class action for a statewide class of individuals who are members of athletic clubs that unilaterally terminated their rewards program without notice.

*Fraud* — Class action for a nationwide class of individuals who were charged an improper checkout bag tax on retail purchases in the City of Chicago.

*Unpaid Wages* — Class action for a statewide class of individuals who were not paid all of the wages they earned while working at restaurants.

*Antitrust* — Class action for a nationwide class of individuals who purchased packaged seafood products from companies that conspired to fix prices in violation of the Sherman Act.

*Environmental Contamination* — Class action for a statewide class of individuals whose residential drinking water was contaminated with lead.

*Constitutional Violation* — Class action for a statewide class of individuals whose homes were wrongfully taken by the government without adequate compensation.

*Fraud* — Class action for a nationwide class of individuals who paid inflated prices for tickets to events due to improper coordination among ticket brokers.

*Improper Fee* — Class action for a statewide class of individuals who were charged an improper fee by the state in connection with the issuance of a driver's license.

*Data Breach* — Class action for a nationwide class of individuals who had their personal and financial data stolen due to insufficient protection of that information by a restaurant chain.

*Fraud* — Class action for a nationwide class of individuals who were deliberately targeted through marketing and sales of electronic cigarettes when they were minors.

*Defective Product* — Class action for a nationwide class of individuals who purchased misbranded and adulterated pharmaceuticals.

**NOTE:**   This list of cases is a representative sample of some of the class action lawsuits. It is not an exhaustive list.



stamps!
$3.00 0
US POSTAGE
FIRST-CLASS
062S0005518244
89148



BAILEY ❖
KENNEDY
ATTORNEYS AT LAW

8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302

**To:**

Red Robin International, Inc.
c/o Corporation Service Company
112 North Curry Street
Carson City, NV 89703

# Case Information

A-20-814178-C | Christopher Bruun, Plaintiff(s) vs. Red Robin Gourmet Burgers, Inc., Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-20-814178-C | Department 9 | Silva, Cristina D. |
| File Date | Case Type | Case Status |
| 04/27/2020 | Other Tort | Open |

CRPA 1:32-M-00003-SVD-BWK   DOCheld 1.1.1_ed6 002800   with 100 H 53L

# Party

**Plaintiff**
Bruun, Christopher

Active Attorneys ▾

Lead Attorney
Kennedy, Dennis L.
Retained

Attorney
Williams, Paul
Retained

**Defendant**
Red Robin Gourmet Burgers, Inc.

**Defendant**
Red Robin International, Inc.

# Events and Hearings

04/27/2020 Complaint ▾

Comment
Class Action Complaint

04/27/2020 Initial Appearance Fee Disclosure ▾

CPPR-3-32-77-00903-3VD-BKWE   DXKTNK994-7-1   KPIR-DZCZ3GD   LdMM-140-N-32L

Comment
Initial Appearance Fee Disclosure (NRS Chapter 19)

04/27/2020 Summons Electronically Issued - Service Pending ▾

Comment
Summons - Red Robin Gourmet Burgers, Inc.

04/27/2020 Summons Electronically Issued - Service Pending ▾

Comment
Summons - Red Robin International, Inc.

04/27/2020 Motion for Class Certification ▾

Comment
Plaintiff's Motion for Class Certification and Appointment of Class Counsel

04/28/2020 Clerk's Notice of Hearing ▾

Comment
Notice of Hearing

04/28/2020 Demand for Jury Trial

05/13/2020 Summons ▾

Comment
Summons - Red Robin Gourmet Burgers, Inc.

06/08/2020 Motion ▾

Judicial Officer
Silva, Cristina D.

Hearing Time
3:00 AM

Comment
Plaintiff's Motion for Class Certification and Appointment of Class Counsel

# Financial

CRSR 1.32-Y-00809 SVD 8h96   DXFHHH4.7-5   kj84 02f23f10   bJf9t.16L-9t.16L

Bruun, Christopher

|  |  | Total Financial Assessment | | $619.00 |
|--|--|--|--|--|
|  |  | Total Payments and Credits | | $619.00 |

| 4/27/2020 | Transaction Assessment | | | $270.00 |
|--|--|--|--|--|
| 4/27/2020 | Efile Payment | Receipt # 2020-22224-CCCLK | Bruun, Christopher | ($270.00) |
| 4/27/2020 | Transaction Assessment | | | $349.00 |
| 4/27/2020 | Efile Payment | Receipt # 2020-22277-CCCLK | Bruun, Christopher | ($349.00) |