DENNIS L. KENNEDY
Nevada Bar No. 1462
PAUL C. WILLIAMS
Nevada Bar No. 12524
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
PWilliams@BaileyKennedy.com

*Attorneys for Plaintiff Christopher Bruun*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BRUUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RED ROBIN GOURMET BURGERS, INC., a Delaware corporation; and RED ROBIN INTERNATIONAL, INC., a Nevada corporation,<br><br>Defendants. | Case No. 2:20-CV-00903-JAD-BNW<br><br>**PLAINTIFF'S MOTION TO REMAND TO THE DISTRICT COURT OF THE STATE OF NEVADA FOR THE COUNTY OF CLARK** |

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Christopher Bruun ("Plaintiff"), individually and on behalf of all others similarly situated, files Plaintiff's Motion to Remand to the District Court of the State of Nevada for the County of Clark.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is based on the attached Memorandum of Points and Authorities, the pleadings and papers on file, and such other evidence and argument as may be presented in connection with the hearing of this Motion, and all matters on which the Court takes judicial notice.

DATED this 9th day of June, 2020

**ZIMMERMAN LAW OFFICES, P.C.**

By: /s/Thomas A. Zimmerman, Jr.
THOMAS A. ZIMMERMAN, JR.
(admitted *pro hac vice*)
*tom@attorneyzim.com*
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

**BAILEY❖KENNEDY**
DENNIS L. KENNEDY
PAUL C. WILLIAMS

*Attorneys for Plaintiff Christopher Bruun and the Putative Class*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The Court lacks subject matter jurisdiction, and the case should be remanded to the Clark County District Court. Defendants Red Robin Gourmet Burgers, Inc. and Red Robin International, Inc.'s (collectively, "Red Robin") Notice of Removal fails the applicable jurisdictional minimum amount in controversy of $5,000,000. The $16,000,000 of *total* sales of Stella Artois beer that serves as the basis for removal includes substantial amounts of beer sales about which the putative Class has no complaint. Red Robin has not met its burden to establish the Court's subject matter jurisdiction by a preponderance of the evidence.

### II.  FACTUAL BACKGROUND

On April 27, 2020, Plaintiff filed this class action lawsuit against Red Robin, asserting breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Consumer

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   Fraud and Deceptive Trade Practices Acts of the various states where Defendants have restaurants,

2   and unjust enrichment. *See* Complaint ¶¶ 33–66 ("Compl."), attached as Exhibit B to the Notice of

3   Removal, ECF No. 1-3.

4         Plaintiff alleges that Red Robin offers for sale Stella Artois draft beer in a variety of sizes,

5   including what Red Robin advertises as 16-ounce chalices. Compl. ¶ 14. Contrary to Red Robin's

6   advertisements, promotional materials, and menus, the "16-ounce" chalices are only capable of

7   holding, at most, 14 ounces of beer. Compl. ¶ 22. Thus, Plaintiff alleges that Red Robin is

8   overcharging customers by representing that they are getting 16 ounces of Stella Artois beer when in

9   fact they are getting, at most, 14 ounces of beer. Compl. ¶ 22.

10         Red Robin removed the action on May 19, 2020, and in support of the removal proffered the

11   Declaration of Deena DePhilips ("DePhilips Declaration.") asserting (1) at the end of 2019, there

12   were 556 Red Robin restaurants in 44 states and one Canadian province; (2) from at least 2016 until

13   the present, all of the 454 corporate owned restaurants have been required to sell Stella Artois on

14   draft; and (3) from 2016 until the present, Red Robin sold $16,000,000 worth of draft Stella Artois

15   in corporate owned restaurants. DePhilips Decl. ¶¶ 3–5.

16         On May 26, 2020, Red Robin filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)

17   to the District of Colorado, and sought to stay the action pending resolution of its motion to transfer.

18   *See* ECF Nos. 7 and 8. Plaintiff timely files this motion to remand to state court pursuant to 28 U.S.C.

19   § 1447(c).

20   **III.   LEGAL STANDARD**

21         A defendant generally may remove a civil action if a federal district court would have original

22   jurisdiction over the action. 28 U.S.C. § 1441(a). Under the Class Action Fairness Act of 2005

23   ("CAFA"), district courts are vested with jurisdiction over civil actions brought as a class action in

24   which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

25   costs," the proposed class consists of more than 100 members, and "any member of [the] class of

26   plaintiffs is a citizen of a State different from any defendant." *Reyes v. Dollar Tree Stores, Inc.*, 781

27   F.3d 1185, 1188 (9th Cir. 2015). Such class actions can be removed to a district court under 28 U.S.C.

28   § 1453(b).

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  "The party seeking to invoke the court's jurisdiction bears the burden of establishing that

2  jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A removing party must

3  initially file a notice of removal that includes "a plausible allegation that the amount in controversy

4  exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547,

5  554 (2014). "If it is *unclear* what amount of damages the plaintiff has sought then the defendant bears

6  the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."

7  *Mehta-Shreve v. TJX Companies, Inc.*, 219CV01086RFBDJA, 2020 WL 1853607, at *1 (D. Nev.

8  Apr. 13, 2020). A defendant is required "to make this showing with summary-judgment-type

9  evidence." *Sci. Games Coroporation v. Sylebra HK Co. Ltd.*, 219CV01214RFBEJY, 2020 WL

10  2840143, at *3 (D. Nev. May 31, 2020).

11  On a motion to remand, the removing defendant must overcome the "strong presumption

12  against removal jurisdiction" and establish that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564,

13  566 (9th Cir. 1992). Due to this strong presumption against removal jurisdiction, the court resolves

14  all ambiguity in favor of remand to state court. *Harvest Small Bus. Fin. LLC v. Valbridge Prop.*

15  *Advisors, Inc.*, 220CV512JCMDJA, 2020 WL 2308073, at *2 (D. Nev. May 8, 2020). Federal

16  jurisdiction must be rejected if there is "any doubt as to the right of removal in the first instance."

17  *Mehta-Shreve*, 2020 WL 1853607, at *1.

18  **IV.   ARGUMENT**

19  The case should be remanded because Red Robin has failed to establish that the amount in

20  controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Red Robin provides nothing but

21  speculation and irrelevant sales figures to contend that the total amount in controversy exceeds the

22  jurisdictional minimum.

23  **A.   Red Robin Has Not Established the Amount of Actual Damages in Controversy**

24  Red Robin, as the defendant seeking removal, bears the burden to show by a preponderance

25  of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction

26  is challenged. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A defendant

27  cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable

28  assumptions. *Id.*  When the defendant relies on a chain of reasoning that includes assumptions to

BAILEY✧KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1  satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds

2  $5 million, the chain of reasoning and its underlying assumptions must be reasonable. *LaCross v.*

3  *Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

4       Red Robin proffers the Declaration of Deena DePhilips to support jurisdiction. *See* Notice of

5  Removal, Ex. C (ECF No. 1-4). DePhilips states that "from 2016 until the present, Defendants have

6  sold over $16,000,000 worth of draft Stella Artois beer in corporate owned restaurants." DePhilips

7  Decl. ¶ 5. This total sales figure bears no relation to the actual damages in controversy for two reasons.

8       First, Plaintiff's Complaint takes issue with the fact that Red Robin was filling orders for its

9  16-ounce Stella Artois beers with, at most, 14 ounces of beer. Compl. ¶ 22. Accordingly, this dispute

10  is over one-eighth (1/8) of the price of each "16 ounce" beer, as Plaintiff and the Class paid for 2

11  ounces of beer that they did not receive. Indeed, as set forth below, under each and every legal theory

12  asserted in the Complaint, the proper measure of Plaintiff's and Class members' damages is derived

13  by comparing what they were promised—16 ounces of beer—with what they actually received—14

14  ounces of beer.

15       In the Complaint, Plaintiff asserts two causes of action sounding in contract (*See* Compl.

16  Counts I and II), a cause of action for consumer fraud (*See* Compl. Count III), and, in the alternative,

17  an unjust enrichment claim (*See* Compl. Count IV). Relative to Plaintiff's contractual claims, "it is

18  fundamental that contract damages…are intended to place the nonbreaching party in as good a

19  position as if the contract had been performed." *E.g.*, *Colorado Environments, Inc. v. Valley Grading*

20  *Corp.*, 105 Nev. 464, 470 (1989). Here, Plaintiff and the Class received 2 ounces of beer less than

21  they were promised and paid for, and the value of those 2 additional ounces of beer is the measure of

22  their contractual damages.

23       The same is true relative to Plaintiff's consumer fraud claim, as courts in Nevada (and across

24  the country) generally employ "two methods through which a plaintiff may show an ascertainable

25  loss: (1) the benefit-of-the-bargain rule, or (2) the out-of-pocket rule." *E.g.*, *Munning v. Gap, Inc.*,

26  238 F.Supp.3d 1195, 1200 (N.D. Cal. 2017) (quotations omitted); *Collins v. Burns*, 741 P.2d 819,

27  822 (Nev. 1987); *Randono v. Turk*, 466 P.2d 218, 222-23 (Nev. 1970). "The first allows the

28  defrauded party to recover the 'benefit-of-his-bargain,' that is, the value of what he would have if the

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    representations were true, less what he had received. The second allows the defrauded party to

2    recover only what he has lost 'out-of-pocket,' that is, the difference between what he gave and what

3    he actually received." *Randono*, 466 P.2d at 222-23; *accord Munning*, 238 F.Supp.3d at 1200;

4    *Collins*, 741 P.2d at 822.  In this case, "the result would be approximately the same, whichever

5    method was followed," as Plaintiff and Class members *already* received 14 ounces of beer, and

6    therefore can only recover the value of the additional 2 ounces of beer that Red Robin promised but

7    did not deliver. *See Randono*, 466 P.2d at 223.

8            Finally, with regard to Plaintiff's unjust enrichment claim, the Complaint makes clear that the

9    unjustly retained benefit at issue in this case is "the amount of *overpayment*" made by Plaintiff and

10   Class members in connection with the beer they purchased.  Compl. ¶ 62 (emphasis added).

11   Therefore, each and every cause of action set forth in the Complaint seeks recovery of a *portion* of

12   the total price Plaintiff and Class members paid in connection with the beer they purchased.

13           Since this case does *not* seek damages for the *entire* price of the product, the total sales figures

14   set forth in the DePhilips Declaration do not establish the actual amount in controversy, and are

15   therefore insufficient to meet Red Robin's burden of demonstrating the propriety of federal

16   jurisdiction.  Indeed, courts decline to consider total sales figures when the Complaint makes clear

17   that certain aspects of the transaction are not challenged. *See Scott v. Credico (USA) LLC*, 17-CV-

18   02846-EMC, 2017 WL 4210994, at *3 (N.D. Cal. Sept. 22, 2017) ("Plaintiff does not claim that class

19   members were not paid for *any* of their work. Rather, Plaintiff claims they were not paid for overtime

20   or for meal and rest breaks, and Plaintiff seeks recovery of only unpaid wages."); *Steuben v. Life

21   Partners, Inc.*, CV1110212PSGCWX, 2012 WL 13012661, at *3 (C.D. Cal. Apr. 25, 2012) (granting

22   motion to remand where "the amount that is truly in controversy is some subset of the $32 million

23   that Defendant has identified").

24           Second, even if the Court does consider the sales figures set forth in the DePhilips Declaration,

25   they still do not establish the requisite amount in controversy—$5 million—needed for CAFA

26   jurisdiction.  28 U.S.C. § 1332(d).  Since only one-eighth (1/8) of the purchase price of the "16 ounce"

27   beer at issue is recoverable, the DePhilips Declaration only establishes that the amount in controversy

28   is, at most, $2,000,000—*i.e.*, one-eighth (1/8) of the $16,000,000 in total beer sales.  However, even

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1    that number is inflated, as it assumes that all of the $16,000,000 in beer sales were for "16 ounce"

2    beers, despite the fact that Red Robin sells Stella Artois beer in sizes other than the "16 ounce" size

3    at issue in this case. *See* Compl. ¶ 14 ("The menu at Red Robin lists for sale Stella beer in varying

4    amounts of ounces, one of which being 16 ounces of Stella beer."); *see also* Red Robin's Nutritional

5    Guide, referenced in Compl. ¶ 15, n.3 (stating that Stella Artois beer is sold in 12, 16 and 22 ounce

6    sizes in Red Robin Restaurants). Since the amount in controversy requirement cannot be met by sales

7    of non-offending products, Red Robin's failure to articulate how much of the $16,000,000 total sales

8    figure is attributable to sales of "16 ounce" Stella Artois beer in the DePhilips Declaration renders it

9    even more unreliable. *See Weiss v. See's Candy Shops, Inc.*, 16-CV-00661-EMC, 2017 WL 3326760,

10   at *4 (N.D. Cal. Aug. 3, 2017) ("the total sales of Kosher products do not establish the amount in

11   controversy because Mr. Weiss is suing only for products marketed as Kosher certified when the

12   products were not in fact Kosher certified").

13         Perhaps recognizing that the total sales number set forth in the DePhilips Declaration does not

14   suffice to meet its burden on removal, Red Robin points out that the asserted $16,000,000 in

15   controversy leaves out 102 of the 556 restaurants where Class members dined—*i.e.*, the franchise

16   locations. While Red Robin claims that the franchise locations will make the total sales number

17   "higher" (*See* Notice of Removal ¶ 20), it fails to establish how much its franchise locations contribute

18   to its total beer sales. As such, whether the inclusion of these sales would account for an additional

19   $24,000,000 in "16 ounce" beer sales to generate an additional $3,000,000 in Class damages—

20   beyond the $2 million discussed above—to meet CAFA's $5 million threshold is "mere speculation

21   and conjecture" that is insufficient to establish the propriety of removal. *Ibarra*, 775 F.3d at 1197.

22         Regardless, even if these additional franchise locations are considered, it would be manifestly

23   unreasonable to conclude that their sales contributions would account for the additional $3 million in

24   beer sales necessary to establish federal jurisdiction. *LaCross*, 775 F.3d at 1201 (underlying

25   assumptions regarding the amount in controversy must be reasonable). As noted above, only 102 of

26   Red Robin's 556 locations are franchise locations, meaning that these franchise locations account for

27   approximately 18% of all Red Robin restaurants. Accordingly, to meet CAFA's $5 million threshold,

28   one would have to assume that approximately 18% of Red Robin's locations account for 60% of its

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

1   total beer sales.  This ridiculous assumption, on top of the other assumptions that need to be made in

2   order to establish federal jurisdiction, demonstrates that Red Robin has not met its burden to show by

3   a preponderance of the evidence that the amount of actual damages in controversy exceeds $5 million,

4   as required by CAFA.  28 U.S.C. § 1332(d).

5           **B.      Red Robin Provides No Basis to Assign a Value for Attorneys' Fees**

6           Plaintiff's request for attorney's fees does not change the foregoing conclusion.  On removal,

7   "the defendant must prove the amount of attorneys' fees at stake by a preponderance of the evidence."

8   *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018). A district court may

9   reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the

10  defendant fails to satisfy this burden of proof. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d

11  785, 795 (9th Cir. 2018). Attorneys' fees are included in the amount in controversy if the removing

12  party: (1) identifies "an applicable statute which could authorize an award of attorneys' fees and (2)

13  provide[s] an estimate as to the time the case will require and opposing counsel's hourly billing rate."

14  *Cayer v. Vons Companies*, 216CV02387GMNNJK, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017).

15          Here, Red Robin mentions Plaintiff's attorney fee request in only the briefest way, and fails

16  to provide the required estimate. *See* Notice of Removal ¶ 22 (claiming only that attorney fees

17  contribute to the amount in controversy).  Regardless, given the amount in controversy discussed

18  above, any award of attorney's fees to Plaintiff would likely not exceed CAFA's $5 million threshold.

19  Therefore, Plaintiff's mere inclusion of a request for attorney's fees in the Complaint, without more,

20  is insufficient for Red Robin to meet its burden of establishing that federal jurisdiction is appropriate.

21          **C.      Red Robin Provides No Basis to Assign a Value for Punitive Damages**

22          While "it is well established that punitive damages are part of the amount in controversy in a

23  civil action," Red Robin similarly fails to provide anything more than mere speculation relative to the

24  amount of punitive damages at issue in this case.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945

25  (9th Cir. 2001). Indeed, because the amount of punitive damages that may be awarded is unclear,

26  Defendants bear the burden of "providing the facts to support jurisdiction." *Gaus v. Miles, Inc.*, 980

27  F.2d 564, 567 (9th Cir. 1992). To include punitive damages, Defendants "must present evidence

28  indicating that the amount plaintiff seeks will, more likely than not, exceed the amount needed to

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

increase the amount in controversy . . . ." *Flores v. Standard Ins. Co.*, No. 3:09-cv-00501-LRH-RAM, 2010 WL 185949, at *5 (D. Nev. Jan. 14, 2010). To meet this burden, Defendants "may introduce evidence of jury verdicts in cases involving similar facts." *Cayer v. Vons Companies*, 2016CV02387GMNNJK, 2017 WL 3115294, at *3 (D. Nev. July 21, 2017). Mere allusion, in the absence of supplementary evidence, is insufficient for the Court to determine a probable punitive damages amount. *Id.*

Here, Red Robin does not identify punitive damages in its notice of removal, but does mention it as an item in its Statement of Removal. ECF No. 10, page 3 ("Plaintiff also seeks punitive damages and to recover his attorneys' fees, which also increases the alleged amount in controversy."). Even if the Court were to recognize the Statement of Removal as the proper pleading in which this assertion can be raised, Red Robin still has not met its burden to assign a value to punitive damages for purposes of determining amount in controversy.

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand to the District Court of the State of Nevada for the County of Clark should be granted, or secondarily, the Court should permit Plaintiff an opportunity to conduct discovery on the issue of the propriety of removal and grant leave to file a renewed motion to remand after conducting discovery and for any other relief the Court deems just. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (observing that "it may be

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

appropriate to allow discovery relevant to jurisdictional amount prior to remanding") (quoting *Gibson*

*v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001).

DATED this 9ᵗʰ day of June, 2020

ZIMMERMAN LAW OFFICES, P.C.

By: /s/Thomas A. Zimmerman, Jr.
    THOMAS A. ZIMMERMAN, JR.
    (admitted *pro hac vice*)
    tom@attorneyzim.com
    77 West Washington Street, Suite 1220
    Chicago, Illinois 60602
    (312) 440-0020 telephone
    (312) 440-4180 facsimile
    www.attorneyzim.com

    BAILEY ❖ KENNEDY
    DENNIS L. KENNEDY
    PAUL C. WILLIAMS

    *Attorneys for Plaintiff Christopher Bruun and the*
    *Putative Class*

## CERTIFICATE OF SERVICE

I certify that I am an employee of Zimmerman Law Offices, P.C. and that on the 9ᵗʰ day of

June, 2020, service of the foregoing was made by mandatory electronic service through the United

States District Court's electronic filing system and/or by depositing a true and correct copy in the U.S.

Mail, first class postage prepaid, and addressed to the following at their last known address:

BRADLEY T. WIBICKI        Email:  bwibicki@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
7785 W. Sahara Avenue, Suite 200   *Attorneys for Defendants Red Robin*
Las Vegas, Nevada 89117        *Gourmet Burgers, Inc., and Red*
                     *Robin International, Inc.*

        /s/ Jacalyn Zaleski-Soline
    Employee of Zimmerman Law Offices, P.C.

BAILEY ❖ KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820